IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Leslie Controls, Inc., | Case No. 10-12199 (CSS) |
| Debtor.[1] | |
| | Related Docket Nos. 16, 64 and 142 |

**ORDER (I) APPROVING THE ADEQUACY OF THE DISCLOSURE STATEMENT; (II) APPROVING THE PROCEDURES TO SOLICIT ACCEPTANCES OF THE PROPOSED PLAN; (III) SCHEDULING A CONFIRMATION HEARING AND (IV) ESTABLISHING NOTICE AND OBJECTION PROCEDURES FOR CONFIRMATION OF THE PROPOSED PLAN**

Upon the motion (the "Motion")[2] of the above-captioned debtor and debtor-in-possession (the "Debtor") pursuant to sections 502, 1125, 1126, and 1128 of the Bankruptcy Code, Bankruptcy Rules 2002, 3016, 3017, 3018, and 3020, and Local Rule 3017-1 for the entry of an order approving: (i) the Disclosure Statement, (ii) the solicitation and voting procedures, (iii) a hearing date to consider confirmation of the Plan, and (iv) the form and manner of notice of the Confirmation Hearing and procedures for filing objections to the Plan.; and it appearing that the relief requested is in the best interests of the Debtor's estates, its creditors and other parties-in-interest; and notice of the Motion having been adequate and appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

---

[1] The last four digits of the Debtor's federal tax identification number are 3780.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2.  The Disclosure Statement contains adequate information about the Debtor's Plan within the meaning of section 1125 of the Bankruptcy Code and is APPROVED. The Debtor is authorized to make non-substantive changes to the Disclosure Statement and the Plan, and any exhibits or schedules thereto, without further order of the Court prior to mailing them to parties in interest.

3.  The Debtor provided adequate notice of the Disclosure Statement Hearing.

4.  The form and substance of the Solicitation Notice, substantially in the form attached hereto as <u>Exhibit 1</u>, is hereby approved in its entirety. The Debtor shall publish the Solicitation Notice in the *Wall Street Journal (National Edition)*; *USA Today (National Edition)* within five business days of the entry of this Order. In addition, the Debtor shall publish the Solicitation Notice in *Mealey's Litigation Report: Asbestos* and *Mealey's Litigation Report: Asbestos Bankruptcy* and any other publication the Debtor deems appropriate prior to the Voting Deadline.

5.  The Attorney Solicitation Package shall include:

    (a)  the Disclosure Statement (to which the Plan is annexed as an exhibit);

    (b)  a master ballot (the "Master Ballot");

    (c)  a preaddressed return envelope;

    (d)  a letter from counsel to the Future Claimants' Representative and the Asbestos Claimants Committee urging claimants to vote to accept the Plan (the "Recommendation Letter", substantially in the form attached hereto as <u>Exhibit 2</u>);

    (e)  a cover letter describing the contents of the Attorney Solicitation Package (the "Cover Letter"); and

    (f)  a slip sheet listing all of the claimants represented by each applicable Lead Law Firm (as defined below).

6.  The Individual Solicitation Package will include:

(a) the Disclosure Statement (to which the Plan is annexed as an exhibit);

(b) an individual ballot for voting a Class 4 Asbestos PI Claim (the "Individual Ballot");

(c) a preaddressed return envelope;

(d) a Recommendation Letter; and

(e) a Cover Letter.

7. The form and substance of the Attorney Solicitation Package and Individual Solicitation Package described in paragraphs 5 and 6 above is approved.

8. The form and substance of the Master Ballot and Individual Ballot, substantially in the form attached hereto as Exhibit 3, are sufficiently consistent with Official Form No. 14, adequately address the particular needs of this Chapter 11 Case, and are hereby approved.

9. The form and substance of the Notice of Non-Voting Status, substantially in the form attached hereto in Exhibit 4, is approved. The Debtor shall send a Notice of Non-Voting Status to holders of claims or equity interests in the Unimpaired Classes. The Debtor is not required to mail a copy of the Plan or Disclosure Statement to holders of claims or equity interests in the Unimpaired Classes, unless a specific written request is made to counsel to the Debtor.

10. The Voting and Solicitation Procedures, including the Voting Record Date and Voting Deadline, to be utilized by the Debtor for distribution of the Attorney Solicitation Packages and Individual Solicitation Packages in soliciting acceptances and rejections of the Plan satisfy the requirements of the Bankruptcy Code and the Bankruptcy Rules and are hereby approved.

11. Within five (5) business days of the entry of this Order, the Balloting Agent shall mail (i) the Attorney Solicitation Package to each lead law firm of record for the holders of Class 4 Asbestos PI Claims listed on the Debtor's schedules of assets and liabilities and statement of financial affairs (the "Schedules") or otherwise known to the Debtor by the Voting Record Date on behalf of all the claimants represented by such lead law firm (each a "Lead Law Firm"); and (ii) the Attorney Solicitation Package, without a Master Ballot, to each law firm serving as co-counsel to the Lead Law Firm (each "Co-Counsel") for the holders of Class 4 Asbestos PI Claims listed on the Debtor's schedules of assets and liabilities and statement of financial affairs (the "Schedules") or otherwise known to the Debtor by the Voting Record Date on behalf of all the claimants represented by such Co-Counsel. The slip sheet mailed to each Co-Counsel shall list the claimants represented by Co-Counsel and indicate that the respective Lead Law Firm received a Master Ballot. The attorney will be required to certify, under penalty of perjury, that he/she is authorized under applicable bankruptcy or non-bankruptcy law to vote on behalf of each holder of a Class 4 Asbestos PI Claim as to whom he or she casts a vote.

12. Within seven (7) business days of receipt of an Attorney Solicitation Package, such counsel shall submit a list to the Balloting Agent that contains the names, addresses and social security number of those individual holders of Class 4 Asbestos PI Claims who have not authorized such counsel to vote on the Plan on their behalf.

13. The Balloting Agent shall mail the Individual Solicitation Package to those Class 4 Creditors who have not granted their counsel permission to vote on the Plan on their behalf or those individual claimants who contacted the Debtor or the Balloting Agent directly for solicitation materials.

46392/0001-6949296v2

14. Each Master Ballot or Individual Ballot shall indicate whether the disease category upon which the Asbestos PI Claim against Leslie is based is *Mesothelioma* (Disease Level VII), *Lung Cancer 1* (Disease Level VI), *Lung Cancer 2* (Disease Level V), *Other Cancers* (Disease Level IV), *Severe Asbestosis* (Disease Level III), *Asbestosis/Pleural Disease* (Disease Level II), *Asbestos/Pleural Disease* (Disease Level I). Solely for the purpose of tabulating the votes cast by holders of Class 4 Asbestos PI Claims, the Balloting Agent shall assign each Asbestos PI Claim a value equal to the Average Value contained in the Asbestos PI Trust Distribution Procedures for the particular disease identified. The designation of a disease category on such holders' Ballot or Master Ballot shall be used for voting purposes only and shall not be binding on Leslie, Reorganized Leslie, the Asbestos PI Trust, or any other party except for voting purposes.

15. Ballots received by the Balloting Agent that list disease levels that do not exactly correspond to the disease levels set forth in the Asbestos PI Trust Procedures shall be assigned the lowest disease level corresponding to their disease.

16. If the holder of a Class 4 Asbestos PI Claim has not formally asserted a Leslie Asbestos PI Claim, a Derivative Liability Asbestos PI Claim or an Indirect Asbestos PI Claim in state or federal court by the Voting Record Date then any Master Ballot or Individual Ballot submitted must contain both medical and exposure evidence sufficient, in the discretion of the Debtor and the Asbestos Claimants Committee, to provide <u>prima facie</u> evidence of the merits of such claim; <u>provided, however</u>, that the Debtor and the Asbestos Claimants Committee reserve their respective rights to request additional medical and/or exposure evidence in their sole discretion after a Master Ballot or Individual Ballot is submitted.

17. Ballots shall not be used for any purpose other than to determine whether the voting requirements of sections 524(g) and 1126(c) of the Bankruptcy Code have been satisfied. The aggregate amount of Asbestos PI Claims voting on the Plan (a) shall be used for voting purposes only, and neither establishes, nor is evidence of, Leslie's aggregate liability for Asbestos PI Claims, and (b) shall not be used by Leslie, Reorganized Leslie or the Asbestos PI Trust in any judicial or non-judicial proceeding for any purpose other than with respect to voting to accept or reject the Plan. The information contained in the Master Ballot or Individual Ballot shall have no bearing upon, and shall be inadmissible in, any proceeding to determine the merits of such Asbestos PI Claim.

18. If any creditor seeks to challenge the allowance of its claim for voting purposes in accordance with the above procedures, such creditor shall serve on the counsel to the Debtor, counsel to the Asbestos Claimants Committee, counsel to the Future Claimants' Representative, and the U.S. Trustee and file with the Court a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such claim in a different amount for purposes of voting to accept or reject the Plan on or before the twentieth (20th) day after the later of (i) service of notice of the Confirmation Hearing and (ii) the Debtor's service of notice of an objection or request for estimation, if any, as to such claim. For any creditor filing such a motion pursuant to Bankruptcy Rule 3018(a), such creditor's Ballot shall not be counted unless temporarily allowed by an order entered by the Court prior to the Voting Deadline.

19. August 19, 2010 shall be the Voting Record Date for purposes of determining which holders of Class 4 Asbestos PI Claims are entitled to vote to accept or reject the Plan. Any claim transfer notices received by the Debtor or Epiq shall not be recognized for determining the holders record unless (i) all actions necessary to effectuate the transfer of the

46392/0001-6949296v2

6

claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Voting Record Date or (ii) the transferee files by the Voting Record Date (a) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer and (b) a sworn statement of the transferor supporting the validity of the transfer.

20. September 27, 2010 at 5 p.m. prevailing Eastern time shall be the Voting Deadline. All Ballots for accepting or rejecting the Plan must be received by the Balloting Agent by the Voting Deadline in order to be counted.

21. The Balloting Agent shall not consider the following ballots for any purpose in determining whether the Plan was accepted or rejected: (i) any ballot that is properly completed, executed and timely returned to Epiq but does not indicate an acceptance or rejection of the Plan, or that indicates both an acceptance and rejection of the Plan; (ii) any ballot that purports to split the claimholder's vote and partially reject and partially accept the Plan; (iii) any ballot received after the Voting Deadline, unless the Debtor grants in writing, prior to the Voting Deadline, an extension of the Voting Deadline with respect to such ballot; (iv) any ballot that is illegible or contained insufficient information to permit the identification of the claimant; (v) any ballot cast by a person or entity that does not hold a Class 4 Asbestos PI Claim; (vi) any unsigned ballot without an original signature; (vii) any ballot transmitted to Epiq by facsimile or other electronic means; (viii) any ballot submitted by any party not entitled to vote pursuant to the solicitation procedures described herein (including any ballot received by Epiq directly from a creditor represented in a Master Ballot); (ix) any ballot submitted by a holder of a Class 4 Asbestos PI Claim that has not formally asserted a Leslie Asbestos PI Claim, a Derivative Liability Asbestos PI Claim or an Indirect Asbestos PI Claim in state or federal court by the Voting Record Date that does not contain both medical and exposure evidence sufficient, in the discretion of the

Debtor and any official committee, to provide prima facie evidence of the merits of such claim unless the Debtor receives sufficient information, in the discretion of the Debtor and any official committee, after the ballot is received to support evidence of such claim.

22. If a designation is requested under section 1126(e) of the Bankruptcy Code, any vote to accept or reject the Plan cast with respect to such claim shall not be counted for purposes of determining whether the Plan has been accepted or rejected, unless the Court orders otherwise.

23. The Voting Procedures used for tabulations of votes to accept or reject the Plan as set forth in the Motion and as provided by the Ballots are approved.

24. The Confirmation Hearing is scheduled for October 12, 2010 at 11:00 a.m. prevailing Eastern time. The Confirmation Hearing may be continued from time to time by the Court or the Debtor without further notice to parties in interest other than such adjournment announced in open court and/or a notice of adjournment filed with the Court and served on the 2002 List and other parties entitled to notice.

25. The form and substance of the Confirmation Hearing Notice, substantially in the form attached hereto as Exhibit 5, is hereby approved in its entirety. Within five (5) business days of the entry of this Order, the Confirmation Hearing Notice shall be served by first-class mail upon the Debtor's creditor matrix, the equity interest holder of record, the Office of the United States Trustee, counsel to CIRCOR, counsel to any official committee, counsel to the Future Claimants' Representative, the United States Securities and Exchange Commission, the Internal Revenue Service, the Office of the United States Attorney for the District of Delaware, the insurance carriers providing asbestos insurance coverage to the Debtor and any party that filed an entry of appearance.

26. The form and substance of the Publication Notice, substantially in the form attached hereto as Exhibit 6, is hereby approved in its entirety. The Debtor shall publish the Publication Notice in the *Wall Street Journal (National Edition); USA Today (National Edition); Mealey's Litigation Report: Asbestos* and *Mealey's Litigation Report: Asbestos Bankruptcy* and any other publication the Debtor deems appropriate on a date no later than seven (7) days prior to the Plan Objection Deadline.

27. Objections to the Plan must both be (a) filed so as to be **actually received** by the Clerk of the Bankruptcy Court by September 27, 2010 at 4:00 p:m. prevailing Eastern time (the "Plan Objection Deadline"), and (b) served on the following parties so as to be **actually received** by the Plan Objection Deadline: (i) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, Delaware 19801, Attn: David Klauder, Esq. (ii) counsel to the Debtor, Cole, Schotz, Meisel, Forman & Leonard, P.A., 500 Delaware Avenue, Suite 1410, Wilmington, DE 19801; Attn: Norman L. Pernick and Marion M. Quirk; (iii) counsel to the Asbestos Claimants Committee, Montgomery, McCracken, Walker & Rhoads LLP, 1105 North Market Street, 15th Floor, Wilmington, DE 19801, Attn: Natalie Ramsey; (iv) counsel to the Future Claimants' Representative, Young Conaway Stargatt & Taylor, LLP, The Brandywine Building, 1000 West Street, 17th Floor, Wilmington, DE 19801, Attn: Edwin J. Harron; and (v) counsel to CIRCOR, Goodwin Procter LLP, 901 New York Avenue, NW, Washington, DC 20001, Attn; William R. Hanlon and Richard M. Wyner.

28. Objections to confirmation of the Plan must: (i) be in writing; (ii) comply with the Federal Rules and the Local Rules; (iii) state the name and address of the objecting party and the amount and nature of the claim or equity interest beneficially owned by such entity; and (iv) state

with particularity the legal and factual basis for such objections, and, if applicable, a proposed modification to the Plan that would resolve such objection.

29. The Plan Objection Deadline complies with the requirements of Bankruptcy Rule 2002(b) and 3020(b).

30. Replies to objections received by the Plan Objection Deadline, if any, shall be (i) filed so as to be **actually received** by the Clerk of the Bankruptcy Court on or before 4:00 p.m. prevailing Eastern time by October 7, 2010 (the "Reply Deadline") and (ii) served so as to be **actually received** by the respective objectors.

31. Objections not timely filed and served in the manner set forth in this Order shall not be considered and shall be overruled.

32. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

33. The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

34. The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Order.

Dated: __8/19__, 2010
Wilmington, Delaware

Christopher S. Sontchi
United States Bankruptcy Judge