# EXHIBIT 1 TO SOLICITATION PROCEDURES ORDER

## SOLICITATION NOTICE

Please be advised that Leslie Controls, Inc. (the "Debtor") is soliciting votes on a proposed plan of reorganization (the "Plan") from persons asserting personal injury and wrongful death claims allegedly arising from exposure to asbestos distributed by the Debtor ("Asbestos PI Claims"). Capitalized terms not defined in this Notice shall have the meanings ascribed to them in the Plan.

## PERSONS ENTITLED TO VOTE ON THE PLAN

A person may vote on the Plan if such person is the holder of a Class 4 Asbestos PI Claim against the Debtor.

## VOTING DEADLINE

To count, a vote must be received by Epic Bankruptcy Solutions, LLC (the "Voting Agent") by 5:00 p.m., prevailing Eastern time, on [____ ____, 2010]. **VOTES NOT RECEIVED BY THIS DEADLINE WILL NOT COUNT.** Ballots will not be accepted by telecopy, facsimile or other electronic means, including email. Ballots must be signed, dated and returned to the Voting Agent as follows:

Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5015
New York, NY 10150-5014
Attn: Leslie Control Ballot Processing Center

## ASBESTOS PI CHANNELING INJUNCTION

The Plan contemplates the establishment of a trust under section 524(g) of the Bankruptcy Code (the "Asbestos PI Trust") and an injunction (the "Asbestos PI Channeling Injunction") that will channel all current asbestos-related Claims and future asbestos-related Demands to the Asbestos PI Trust. The Asbestos PI Channeling Injunction will cover all asbestos-related personal injury and wrongful death claims and demands based in whole or in part on the alleged conduct or products of Leslie (the "Leslie Asbestos Claims"). The Asbestos PI Channeling Injunction will also channel all current asbestos-related Claims and future asbestos-related Demands based in whole or in part upon Leslie Asbestos Claims against certain parties related to Leslie, including, but not limited to, past and present affiliates of Leslie, past and present officers and directors of Leslie, predecessors in interest to Leslie, and any entity that owned a financial interest in Leslie or its affiliates or predecessors.

## TO OBTAIN A COPY OF THE PLAN, THE DISCLOSURE STATEMENT OR SOLICITATION PACKAGE

Copies of the Solicitation Package may be obtained for free by contacting the Voting Agent at the number listed below. Copies of the Plan and Disclosure Statement may be obtained for free by visiting the following website http://chapter11.epiqsystems.com/Leslie.

## QUESTIONS AND BALLOTS

For questions regarding this notice or to obtain a Solicitation Package for voting on the Plan, please contact the Voting Agent as follows:
Telephone: (646) 282-2400
Email: processing@epiqsystems.com

# EXHIBIT 2 TO SOLICITATION PROCEDURES ORDER

## RECOMMENDATION LETTER

August ___, 2010

To: All Class 4 Creditors

Re:   In re Leslie Controls, Inc.
      Case No. 10-12199 (CSS)

Dear Holders of Asbestos PI Claims:

Montgomery, McCracken, Walker & Rhoads, LLP serves as counsel to the Official Committee of Unsecured Creditors of Leslie Controls, Inc. (the "Committee"). The Committee was formed by the Office of the United States Trustee to represent the interests of the unsecured creditors of Leslie Controls, Inc., the Debtor in this Chapter 11 bankruptcy case.

Young Conaway Stargatt & Taylor, LLP serves as counsel to the Future Claimants Representative, James L. Patton, Jr. (the "FCR"). The FCR was appointed by the United States Bankruptcy Court for the District of Delaware by Order dated August 11, 2010. The FCR is appointed to represent the interests of persons who are presently unaware of their asbestos-related injuries, or who will develop asbestos-related injuries in the future, as a result of exposure to the Debtor's asbestos or asbestos-related products.

This case was filed as a pre-negotiated case, following extensive negotiation between a pre-petition Ad Hoc Committee of asbestos plaintiffs' law firms, the pre-petition future claimants' representative and the Debtor. The Committee and the FCR believe that the Plan offers the best possible recovery to creditors when compared to all reasonably available alternatives, and that acceptance of the Plan is in the best interest of the holders of Asbestos PI Claims. Consequently, the Committee strongly recommends that you vote to accept the Plan.

The voting deadline is currently _____, 2010. Please return your ballot promptly, and ensure that you follow all of the instructions on the ballot when you submit your vote.

Sincerely yours,                         Sincerely yours,


Natalie D. Ramsey                        Edwin J. Harron
MONTGOMERY, MCCRACKEN,                   YOUNG, CONAWAY,
    WALKER & RHOADS, LLP                  STARGATT & TAYLOR, LLP
1105 North Market St., Suite 1500        The Brandywine Building
Wilmington, DE 19801-1201                1000 West Street, 17th Floor
Telephone: (302) 504-7830                Wilmington, DE 19801
                                         Telephone: (302) 571-6703


Counsel to the Official Committee of     Counsel to the Future Claimants'
  Unsecured Creditors                      Representative

# EXHIBIT 3 TO SOLICITATION PROCEDURES ORDER

## FORM OF BALLOTS

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------------x
                                                    :
In re:                                              :   Chapter 11
                                                    :
LESLIE CONTROLS, INC.,                              :   Case No. 10-12199 (CSS)
                                                    :
                         Debtor.[1]                 :
                                                    :
                                                    :
-------------------------------------------------------------x

## MASTER BALLOT FOR VOTING TO ACCEPT OR REJECT PLAN OF REORGANIZATION OF LESLIE CONTROLS, INC., FOR HOLDERS OF CLASS 4 ASBESTOS PI CLAIMS

Leslie Controls, Inc. ("Leslie") is soliciting votes with respect to the Plan of Reorganization of Leslie Controls, Inc., dated [_____] (the "Plan" or "Plan"), through its Disclosure Statement with Respect to the Plan of Reorganization of Leslie Controls, Inc., dated [_____] (the "Disclosure Statement").[2]

The Plan is attached as "Exhibit A" to the Disclosure Statement. Both the Disclosure Statement and the Plan are included in the packet you received with the Master Ballot (collectively, the "Attorney Solicitation Package"). The Plan provides for an "Asbestos PI Channeling Injunction" pursuant to section 524(g) of the Bankruptcy Code. For a description of the causes of action to be enjoined and the parties that would be subject to the injunction, see Section VIII.E of the Disclosure Statement and Article XI of the Plan. You should carefully and thoroughly review the Disclosure Statement and Plan prior to voting.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding if it is accepted by the holders of at least two-thirds in dollar amount and more than one-half in number of Claims in each Class voting on the Plan. Further, in order for the Asbestos PI Channeling Injunction to become effective, at least 75% of the holders of Class 4 Asbestos PI Claims actually voting on the Plan must vote to accept the Plan.

THIS MASTER BALLOT IS TO BE USED ONLY FOR TABULATING VOTES SOLICITED FROM INDIVIDUAL HOLDERS OF CLASS 4 ASBESTOS PI CLAIMS as of ___ ___, 2010 (the "Voting Record Date"). In order for the votes to be counted, this Master Ballot must be properly completed, signed and returned so that it is actually received by Epiq Bankruptcy Solutions, LLC (the "Balloting Agent" or "Epiq") no later than [____] (the "Voting Deadline"), unless such time is extended by Leslie. If confirmed, the Plan will be binding on you whether or not you vote.

With respect to any holder of a Class 4 Asbestos PI Claim you represent, if you: (i) are unable to certify that you have the authority to vote on the Plan on behalf of such holder, or (ii) wish such holder to cast his or her own ballot on the Plan, within seven (7) business days of receipt of the Attorney Solicitation Package, you must submit to the Balloting Agent a list that contains the names and addresses of such holders. You may request that the Balloting Agent include a letter from your law firm recommending to such holders whether to vote to accept or reject the Plan. If you do so, you must furnish any such letter to the Balloting Agent by [   ].

You may request that the Balloting Agent send an informational mailing to the holders of Class 4 Asbestos PI Claims that you represent and for whom you intend to vote on this Master Ballot, containing: (i) the Plan and Disclosure Statement, and (ii) a letter from your law firm explaining your vote on their behalf. If you do so, you must furnish the name and address of any such holder and any such letter to the Balloting Agent by [_____].

If the holder of a Class 4 Asbestos PI Claim had not formally asserted a Leslie Asbestos PI Claim, a Derivative Liability Asbestos PI Claim or an Indirect Asbestos PI Claim in state or federal court by the Voting Record Date then any Master Ballot submitted must contain both medical and exposure evidence sufficient, in the discretion of the Debtor and any official committee, to provide _prima facie_ evidence of the merits of such claim; _provided_, _however_, that the Debtor and any official committee reserve their respective rights to request additional medical and/or exposure evidence in their sole discretion after a Master Ballot is submitted.

---

[1] The last four digits of the Debtor's federal tax identification number are 3780.

[2] Capitalized terms used in this Master Ballot which are not defined have the meanings set forth in the Plan.

If you have any questions concerning this Master Ballot, or if you did not receive a copy of the Disclosure Statement or the Plan, or if you need additional copies of this Master Ballot or other enclosed materials, please contact the Balloting Agent at:  Epiq Bankruptcy Solutions, LLC, 757 Third Avenue, 3rd Floor, New York, NY 10017; Telephone: (646) 282-2400.

**PLEASE READ AND CAREFULLY FOLLOW THE ENCLOSED VOTING INSTRUCTIONS BEFORE COMPLETING THIS MASTER BALLOT.  THIS MASTER BALLOT MUST BE RECEIVED BY EPIQ BANKRUPTCY SOLUTIONS BY 5 P.M. (EASTERN TIME), ON [_____].**

**Item 1.  Summary of Holders of Asbestos PI Claims Represented by Counsel.**

Please prepare a summary sheet to be attached to this Master Ballot as an exhibit, in substantially the same form as the table attached hereto (the "Exhibit"), listing each holder of an Asbestos PI Claim that you represent.

Please submit an electronic version of the Exhibit on a CD, if possible, preferably in Microsoft Excel format; an electronic template is available from the Balloting Agent upon request.  Alternatively, you may submit a paper version of the Exhibit.

Please note that if the holders of Class 4 Asbestos PI Claims represented by you all vote to accept the Plan, or all vote to reject the Plan, you need not include the last column indicating whether each holder of a Class 4 Asbestos PI Claim accepts or rejects the Plan.  Please note further that the only disease types to be listed under the heading "Disease Type: are *Mesothelioma* (Disease Level VII), *Lung Cancer 1* (Disease Level VI), *Lung Cancer 2* (Disease Level V), *Other Cancers* (Disease Level IV), *Severe Asbestosis* (Disease Level III), *Asbestosis/Pleural Disease* (Disease Level II), *Asbestos/Pleural Disease* (Disease Level I).  As described in the Asbestos PI Trust Distribution Procedures, the disease categories are assigned Disease Levels of Level VII to Level I, consecutively.

**Item 2.  Tabulation of Votes with Respect to the Plan.**  Please note that with respect to each Class 4 Asbestos PI Claim you list on the Master Ballot, you must vote the entire claim to accept or reject the Plan and may not split such vote.  Accordingly, with respect to any holder of a Class 4 Asbestos PI Claim for whom you attempt partially to reject and partially to accept the Plan, such holder's vote will not be counted either as a vote to accept or reject the Plan.  With respect to each holder of a Class 4 Asbestos PI Claim that has authorized by you to vote its Class 4 Asbestos PI Claim on the Master Ballot, you must clearly designate either acceptance or rejection of the Plan.  If this Master Ballot is signed and timely received by the Balloting Agent, but does not designate either acceptance or rejection of the Plan for any particular claim, or indicates both an acceptance and rejection of the Plan, the Master Ballot will not be counted either as a vote to accept or reject the Plan solely with respect to that claim.

Further, if you cast more than one Master Ballot and vote more than once on account of the same individual Class 4 Asbestos PI Claim, the latest-dated Master Ballot received before the Voting Deadline will be deemed to reflect the claim holder's intent and thus to supersede any prior Master Ballots with respect to such individual Class 4 Asbestos PI Claim.

The Ballot Agent will not count or consider any ballot submitted by a holder of a Class 4 Asbestos PI Claim that has not formally asserted a Leslie Asbestos PI Claim, a Derivative Liability Asbestos PI Claim or an Indirect Asbestos PI Claim in state or federal court by the Voting Record Date that does not contain both medical and exposure evidence sufficient, in the discretion of the Debtor and any official committee, to provide <u>prima facie</u> evidence of the merits of such claim unless the Debtor receives sufficient information, in the discretion of the Debtor and any official committee, after the ballot is received to support evidence of such claim.

The Balloting Agent is authorized, in its sole and absolute discretion, to contact you to cure any defects in the Master Ballot; *provided, however,* that the Balloting Agent has no obligation to contact you regarding any such defects.  Only those Master Ballots *actually received* by the Voting Deadline will be tabulated.

**A.  Please mark <u>one</u> of the boxes below:**

☐ All claimants listed on the Exhibit to this Ballot **ACCEPT** the Plan.

☐ All claimants listed on the Exhibit to this Ballot **REJECT** the Plan.

☐ All claimants listed on the Exhibit to this Ballot **ACCEPT** the Plan, *except* as marked on such exhibit.

☐ All claimants listed on the Exhibit to this Ballot **REJECT** the Plan, *except* as marked on such exhibit.

**B.** Please complete the following summary of votes on the Plan for each disease category of claimants for whom you are voting (see instructions following the Master Ballot for explanation of disease categories).

For each disease category represented on the Exhibit accompanying this Master Ballot, the following are the number of claimants voting to **ACCEPT** the Plan and the number of claimants voting to **REJECT** the plan:

| Disease Category | Accept | Reject |
|---|---|---|
| *Mesothelioma* (Disease Level VII) | | |
| *Lung Cancer 1* (Disease Level VI) | | |
| *Lung Cancer 2* (Disease Level V) | | |
| *Other Cancer* (Disease Level IV) | | |
| *Severe Asbestosis* (Disease Level III) | | |
| *Asbestosis/Pleural Disease* (Disease Level II) | | |
| *Asbestos/Pleural Disease* (Disease Level I) | | |
| *TOTAL* | | |

**Item 3. Releases Pursuant to Plan.** The undersigned hereby understands that a vote to accept the Plan constitutes an agreement by the claimant to provide the release set forth in Article 11.6 of the Plan as follows:

As of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, each holder of a Claim or Demand against, or Equity Interest in, Leslie, who receives a Distribution pursuant to the Plan shall be deemed to forever release, waive, and discharge all claims, obligations, suits, judgments, remedies, damages, Demands, debts, rights, Causes of Action and liabilities whatsoever against the Released Parties whether known or unknown, liquidated or unliquidated, fixed or contingent, foreseen or unforeseen, matured or unmatured, existing or hereinafter arising, in law, equity or otherwise, based in whole or in part upon any act or omission, transaction, or occurrence taking place on or prior to the Effective Date in any way relating to the Debtor, the Estate, the conduct of the Debtor's business, the Chapter 11 Case, this Plan or Reorganized Leslie (other than the rights under this Plan, the Plan Documents, and the contracts, instruments, releases and other agreements or documents delivered or to be delivered hereunder), including, for the avoidance of doubt, any and all Causes of Action that the holder of an Asbestos PI Claim, the Asbestos PI Trust or the Future Claimants Representative did commence or could have commenced against any officer or director of Leslie (serving in such capacity) that is based upon or arising from any acts or omissions of such officer or director occurring prior to the Effective Date on account of such Asbestos PI Claim, to the fullest extent permitted under section 524(e) of the Bankruptcy Code and applicable law (as now in effect or subsequently extended); provided, however, that nothing contained herein is intended to operate as a release of (a) any potential claims based upon gross negligence or willful misconduct or (b) any claim by any federal, state or local authority under the Internal Revenue Code or other tax regulation or any applicable environmental or criminal laws.

**Item 4. Certifications.** By signing and returning this Master Ballot, the undersigned certifies under penalty of perjury pursuant to 29 U.S.C. § 1746 as follows:

- I have been provided with a copy of the Disclosure Statement and the exhibits thereto.

- I acknowledge that Leslie's solicitation of votes is subject to all the terms and conditions set forth in the Disclosure Statement.

- I have prepared and attached the Exhibit to this Master Ballot and/or included an electronic copy of the Exhibit.

- Each of the claimants identified on the Exhibit to this Master Ballot holds a Class 4 Asbestos PI Claim against Leslie based on the disease identified in such Exhibit.

- The disease category identified with respect to each claimant on the Exhibit to this Master Ballot is correct.

- I have the full power and authority under applicable bankruptcy and/or non-bankruptcy law to vote to accept or reject the Plan on behalf of each of the holders of Class 4 Asbestos PI Claims listed on the Exhibit to this Master Ballot.

- I acknowledge that I am obligated to furnish to the Balloting Agent the names and addresses of all holders of Class 4 Asbestos PI Claims for whom I do not have the authority to vote to accept or reject the Plan by (i) [DATE] if in

46392/0001-6261383v4

3 of 7

electronic format or there are fewer than twenty (20) such holders, or (ii) [DATE] if there are more than twenty (20) such holders and I am submitting a hard copy.

- If enclosed, I acknowledge that the medical and exposure evidence submitted for each holder of a Class 4 Asbestos PI Claim that had not formally asserted a Leslie Asbestos PI Claim, a Derivative Liability Asbestos PI Claim or an Indirect Asbestos PI Claim in state or federal court by the Voting Record Date is accurate.

Print or Type Name of Attorney: _____

Name of Law Firm: _____

Signature: _____

Street Address: _____

Telephone Number: _____

Date Completed: _____

*Penalty for knowingly and fraudulently making a false certification:* Fine of up to $500,000 or imprisonment for up to 5 years, or both, 18 U.S.C. §§ 152 and 3571.

**PLEASE COMPLETE, SIGN AND DATE THIS BALLOT AND RETURN IT TO BALLOTING AGENT BY [_____]. BALLOTS SHOULD BE SUBMITTED AS FOLLOWS:**

| *By Hand Delivery or overnight courier to:* | *If by first class mail:* |
|---|---|
| Epiq Bankruptcy Solutions, LLC | Epiq Bankruptcy Solutions, LLC |
| 757 Third Avenue, 3rd Floor | FDR Station, P.O. Box 5015 |
| New York, NY 10017 | New York, NY 10150-5014 |
| Telephone: (646) 282-2400 | Telephone: (646) 282-2400 |
| Attn: Leslie Control Ballot Processing Center | Attn: Leslie Control Ballot Processing Center |

# INSTRUCTIONS FOR COMPLETING THIS MASTER BALLOT

1.  The Master Ballot is to be used by counsel of record for holders of Class 4 Asbestos PI Claims who are authorized to vote on behalf of those clients to accept or reject the Plan. You may be required to provide evidence of authorization to vote to accept or reject the Plan on behalf of the holders of Class 4 Asbestos PI Claims. The Master Ballot may not be used for any purpose other than to transmit the votes to accept or reject the Plan.

2.  In order for the votes reflected on the Master Ballot to count, the Master Ballot must be completed, signed, and returned so that it is *actually received* by the Balloting Agent, Epiq Bankruptcy Solutions, LLC, by the Voting Deadline, which is **[TIME AND DATE]**, unless such time is extended by Debtor, with the consent of the Asbestos Claimants Group and the Future Claimants' Representative, in writing. Your completed Master Ballot should be sent to:

| *By Hand Delivery or overnight courier to:* | *If by first class mail:* |
|---|---|
| Epiq Bankruptcy Solutions, LLC<br>757 Third Avenue, 3rd Floor<br>New York, NY 10017<br>Telephone: (646) 282-2400<br>Attn: Leslie Control Ballot Processing Center | Epiq Bankruptcy Solutions, LLC<br>FDR Station, PO Box 5015<br>New York, NY 10150-5014<br>Telephone: (646) 282-2400<br>Attn: Leslie Control Ballot Processing Center |

3.  Master Ballots will not be accepted by telecopy, facsimile or other electronic means, including email, Master Ballots delivered to the Bankruptcy Court, Debtor or any person other than the Balloting Agent will not be counted.

4.  Multiple Master Ballots may be completed and delivered to the Balloting Agent. Votes reflected by multiple Master Ballots will be counted except to the extent they are duplicative of votes reflected by other Master Ballots. If two or more Master Ballots are inconsistent, the votes reflected on the last Master Ballot *actually received* prior to the Voting Deadline will, to the extent of such inconsistency, govern. If more than on Master Ballot is submitted in order to supplement rather than duplicate earlier Master Ballot(s), please designate the subsequent Master Ballot(s) as a "Supplement" and clearly mark which of the votes reflected therein are additional votes.

5.  Please note that with respect to each Class 4 Asbestos PI Claim you list on the Master Ballot, you must vote the entire claim to accept or reject the Plan and may not split such vote. Accordingly, with respect to any holder of a Class 4 Asbestos PI Claim for whom you attempt partially to reject and partially to accept the Plan, such holder's vote will not be counted as a vote to accept or reject the Plan. With respect to each holder of a Class 4 Asbestos PI Claim that has authorized you to vote its Class 4 Asbestos PI Claim on the Master Ballot, you must clearly designate either acceptance or rejection of the Plan. If this Master Ballot is signed and timely received by the Balloting Agent, but does not designate either acceptance or rejection of the Plan for any particular claim, or indicates both an acceptance and rejection of the Plan, it will not be counted as a vote to accept or reject the Plan. The Balloting Agent is authorized, in its sole and absolute discretion, to contact you to cure any defects in the Master Ballot; *provided, however*, that the Balloting Agent has no obligation to contact you regarding any such defects. Only those Master Ballots *actually received* by the Voting Deadline will be tabulated.

6.  To properly complete the Master Ballot, you must follow the procedures described below:

    (a)     Item 1 of the Master Ballot requires that you prepare a summary sheet, listing each holder of a Class 4 Asbestos PI Claim that you represent, which shall become an exhibit to the Master Ballot (the "Exhibit"). The Exhibit, the form of which is attached hereto, must clearly identify your law firm on each page and list in separate columns the following information for each holder of a Class 4 Asbestos PI Claim on whose behalf you are voting: (i) name (with first name, last name, middle initial and suffix listed in separate columns); (ii) social security number; (iii) date of birth; (iv) date of death, if applicable; (v) disease type (as set forth in the Class 4 Asbestos PI Trust Distribution Procedures); and (vi) whether the listed individual holder of a Class 4 Asbestos PI Claim accepts or rejects the Plan (if applicable). If the holders of a Class 4 Asbestos PI Claims represented by you all vote or accept the Plan, or all vote to reject the Plan, you need not specify individual acceptances or rejections of the Plan. In addition, you must state the total number of acceptances and total number of rejections by the holders of Class 4 Asbestos PI Claims that you represent, as reflected in the Exhibit.

    (b)     Item 2 of the Master Ballot asks you to indicate which of your clients, as the holders of Class 4 Asbestos PI Claims listed in the Exhibit (the "Voting Clients"), accept the Plan and which of the Voting Clients reject the Plan. If all Voting Clients have authorized you to either accept or reject the Plan, you may so indicate in the applicable box without additional explanation. If some of the Voting Clients have authorized you to accept the Plan, while others have authorized you to reject the Plan, please check the appropriate box and be certain to specify on the Exhibit which of the Voting Clients have accepted the Plan and which of the Voting Clients have rejected the Plan. Item 2 also requires you to complete the summary of votes by disease category set forth therein.

(c)     Item 4 requires that you make certifications as a prerequisite to the submission of a vote on behalf of one or more Voting Clients. Such certifications are made under the penalty of perjury pursuant to 29 U.S.C. § 1746. Please ensure that you have read and understood the certifications prior to signing the Master Ballot. **If you are unable to make the certification as to your authority to vote on behalf of any holder of a Class 4 Asbestos PI Claim, you must furnish the Balloting Agent with the name and address of each such holder, to whom the Balloting Agent will send a solicitation package.**

(d)     Sign and date your Master Ballot.

(e)     Provide your name, mailing address and telephone number.

(f)     Contact the Balloting Agent if you need any additional information.

(g)     Return the completed, executed Master Ballot, including the Exhibit in electronic and/or written form, so as to be *actually received* by the Balloting Agent before the Voting Deadline of [TBD].

7.     The Plan will be found to have been accepted by Class 4 if it is accepted by the holders of at least two-thirds (2/3) in amount and more than one-half (1/2) in number of Class 4 Asbestos PI Claims in Class 4 voting on the Plan. Further, in order for the Class 4 Asbestos PI Channeling Injunction to become effective, at least 75% of the holders of Class 4 Asbestos PI Claims in Class 4 actually voting on the Plan must vote to accept the Plan. If an order confirming the Plan is issued by the Bankruptcy Court and affirmed by the District Court, or issued by the District Court, all holders Claims against the Debtor (including those who reject the Plan, abstain from voting on the Plan, or are not entitled to vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated thereby.

**NO BALLOT OR MASTER BALLOT SHALL CONSTITUTE OR BE DEEMED A PROOF OF CLAIM OR EQUITY INTEREST OR AN ASSERTION OF A CLAIM OR EQUITY INTEREST.**

**Nothing contained herein or in the enclosed documents shall constitute authority for you or any other person to act as the agent of Debtor or the Balloting Agent, or authorize you or any other person to use any document or make any statements on behalf of Debtor or the Balloting Agent with respect to the Plan, except for the statements contained in the enclosed documents.**

# EXHIBIT FOR CLASS 4 (ASBESTOS PI CLAIMS) MASTER BALLOT

All holders of Asbestos PI Claims represented by _____

| Last Name | First Name | M.I. | Suffix | Social Sec. No. | Date of Birth | Date of Death (if applicable) | Disease Type | Accept or Reject (if applicable) |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | ☐ Accept, or ☐ Reject |
| | | | | | | | | ☐ Accept, or ☐ Reject |
| | | | | | | | | ☐ Accept, or ☐ Reject |
| | | | | | | | | ☐ Accept, or ☐ Reject |
| | | | | | | | | ☐ Accept, or ☐ Reject |
| | | | | | | | | ☐ Accept, or ☐ Reject |
| | | | | | | | | ☐ Accept, or ☐ Reject |
| | | | | | | | | ☐ Accept, or ☐ Reject |
| | | | | | | | | ☐ Accept, or ☐ Reject |
| | | | | | | | | ☐ Accept, or ☐ Reject |
| | | | | | | | | ☐ Accept, or ☐ Reject |
| | | | | | | | | ☐ Accept, or ☐ Reject |
| | | | | | | | | ☐ Accept, or ☐ Reject |
| | | | | | | | | ☐ Accept, or ☐ Reject |
| | | | | | | | | ☐ Accept, or ☐ Reject |
| **TOTAL ACCEPTANCES** | | | | | | | | |
| **TOTAL REJECTIONS** | | | | | | | | |

463920001-626138314v4

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------ x

In re:                       :   Chapter 11

LESLIE CONTROLS, INC.,        :   Case No. 10-12199 (CSS)

             : 

        Debtor.[1]       : 

             : 

------------------------------------------------------------------ x

## BALLOT FOR ACCEPTING OR REJECTING PLAN OR REORGANIZATION OF LESLIE CONTROLS, INC., FOR INDIVIDUAL HOLDERS OF CLASS 4 ASBESTOS PI CLAIMS

> [An individual sticker will be placed on each Ballot
> setting forth the name and address of the claim holder.]

Leslie Controls, Inc. ("Leslie") is soliciting votes with respect to the Plan of Reorganization of Leslie Controls, Inc., dated [_____] (the "Plan"), through its Disclosure Statement with Respect to the Joint Plan of Reorganization of Leslie Controls, Inc., dated [_____] (the "Disclosure Statement").[2]

**The Plan is attached as "Exhibit A" to the Disclosure Statement. Both the Disclosure Statement and the Plan are included in the packet you received with the Ballot (collectively, the "Solicitation Package"). The Plan provides for an "Asbestos PI Channeling Injunction" pursuant to section 524(g) of the Bankruptcy Code. For a description of the causes of action to be enjoined and the parties that would be subject to the injunction, see Section VIII. E of the Disclosure Statement and Article XI of the Plan. You should carefully and thoroughly review the Disclosure Statement and Plan prior to voting.**

The Plan can be confirmed by the Bankruptcy Court and thereby made binding if it is accepted by the holders of at least two-thirds in dollar amount and more than one-half in number of Claims in each Class voting on the Plan. Further, in order for the Asbestos PI Channeling Injunction to become effective, at least 75% of the holders of Class 4 Asbestos PI Claims actually voting on the Plan must vote to accept the Plan.

**THIS BALLOT IS TO BE USED FOR VOTING BY** *INDIVIDUAL* **HOLDERS OF CLASS 4 ASBESTOS PI CLAIMS as of _____ ___, 2010 (the "Voting Record Date").** In order for your vote to be counted, this Ballot must be properly completed, signed and returned so that it is *actually received* by Epiq Bankruptcy Solutions, LLC (the "Balloting Agent"), no later than [ ] (the "Voting Deadline"), unless such time is extended by Leslie. If confirmed, the Plan will be binding on you whether or not you vote.

If you had not formally asserted a Leslie Asbestos PI Claim, a Derivative Liability Asbestos PI Claim or an Indirect Asbestos PI Claim in state or federal court by the Voting Record Date then any Ballot submitted must contain both medical and exposure evidence sufficient, in the discretion of the Debtor and any official committee, to provide <u>prima facie</u> evidence of the merits of such claim; <u>provided</u>, <u>however</u>, that the Debtor and any official committee reserve their respective rights to request additional medical and/or exposure evidence in their sole discretion after a Ballot is submitted.

**IF YOU ARE AN INDIVIDUAL AND INTEND FOR YOUR ATTORNEY TO VOTE YOUR CLAIM ON A MASTER BALLOT, THEN PLEASE RETURN THE COMPLETED BALLOT <u>TO YOUR ATTORNEY</u> OR ARRANGE WITH YOUR ATTORNEY TO VOTE ON YOUR BEHALF WELL IN ADVANCE OF THE VOTING DEADLINE SO THAT YOUR VOTE MAY BE INCLUDED ON A MASTER BALLOT BEFORE THE VOTING DEADLINE.**

**IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT, OR IF YOU DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT OR PLAN, OR IF YOU NEED ADDITIONAL COPIES OF THIS BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE BALLOTING AGENT AT: EPIQ BANKRUPTCY SOLUTIONS, LLC, 757 THIRD AVENUE, 3rd FLOOR, NEW YORK, NY 10017; TELEPHONE: (646) 282-2400.**

**PLEASE READ AND CAREFULLY FOLLOW THE ENCLOSED VOTING INSTRUCTIONS BEFORE COMPLETING THIS BALLOT. THIS BALLOT MUST BE RECEIVED BY EPIQ BANKRUPTCY SOLUTIONS BY 5 P.M. (EASTERN TIME), ON [_____].**

---

[1] The last four digits of the Debtor's federal tax identification number are 3780.

[2] Capitalized terms used in this Ballot which are not defined have the meanings set forth in the Plan.

This Ballot is *not* a letter of transmittal and may *not* be used for any purpose other than to cast votes to accept or reject the Plan.

**PLEASE COMPLETE THE FOLLOWING:**

Item 1.    BASIS OF CLAIM.  For purposes of voting to accept or reject the Plan, indicate whether the undersigned holds a Class 4 Asbestos PI Claim against Leslie Controls, Inc. that is based on one of the following diseases, as each is defined in the Asbestos PI Trust Distribution Procedures annexed to the Plan as Exhibit C. Each disease's corresponding level is explained in detail in the Asbestos PI Trust Distribution Procedures.  Please check the appropriate basis for your claim.
**Check one box only.**

□    The basis for the claim is **MESOTHELIOMA** (Disease Level VII).

□    The basis for the claim is **LUNG CANCER 1** (Disease Level VI).

□    The basis for the claim is **LUNG CANCER 2** (Disease Level V).

□    The basis for the claim is **OTHER CANCER** (Disease Level IV).

□    The basis for the claim is **SEVERE ASBESTOSIS** (Disease Level III)

□    The basis for the claim is **ASBESTOSIS/PLEURAL DISEASE** (Disease Level II).

□    The basis for the claim is **ASBESTOS/PLEURAL DISEASE** (Disease Level I)

Item 2.    **VOTE ON THE PLAN.  Check one box only.**

The undersigned holder of a Class 4 Asbestos PI Claim hereby votes to:

□    **ACCEPT** the Plan

□    **REJECT** the Plan

Item 3.    **RELEASES PURSUANT TO PLAN.**  The undersigned hereby understands that a vote to accept the Plan constitutes an agreement to provide the release set forth in 11.6 of the Plan as follows:

**As of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, each holder of a Claim or Demand against, or Equity Interest in, Leslie, who receives a Distribution pursuant to the Plan shall be deemed to forever release, waive, and discharge all claims, obligations, suits, judgments, remedies, damages, Demands, debts, rights, Causes of Action and liabilities whatsoever against the Released Parties whether known or unknown, liquidated or unliquidated, fixed or contingent, foreseen or unforeseen, matured or unmatured, existing or hereinafter arising, in law, equity or otherwise, based in whole or in part upon any act or omission, transaction, or occurrence taking place on or prior to the Effective Date in any way relating to the Debtor, the Estate, the conduct of the Debtor's business, the Chapter 11 Case, this Plan or Reorganized Leslie (other than the rights under this Plan, the Plan Documents, and the contracts, instruments, releases and other agreements or documents delivered or to be delivered hereunder), including, for the avoidance of doubt, any and all Causes of Action that the holder of an Asbestos PI Claim, the Asbestos PI Trust or the Future Claimants Representative did commence or could have commenced against any officer or director of Leslie (serving in such capacity) that is based upon or arising from any acts or omissions of such officer or director occurring prior to the Effective Date on account of such Asbestos PI Claim, to the fullest extent permitted under section 524(e) of the Bankruptcy Code and applicable law (as now in effect or subsequently extended); provided, however, that nothing contained herein is intended to operate as a release of (a) any potential claims based upon gross negligence or willful misconduct or (b) any claim by any federal, state or local authority under the Internal Revenue Code or other tax regulation or any applicable environmental or criminal laws.**

Item 4.    **ACKNOWLEDGMENTS AND CERTIFICATION.**  By signing and returning this Ballot, the undersigned acknowledges that the undersigned has been provided with a copy of the Disclosure Statement, including all exhibits thereto.  The undersigned certifies under penalty of perjury pursuant to 29 U.S.C. § 1746 that: (a) she or he holds an Asbestos PI Claim against Leslie Controls, Inc. based on the disease identified in this Ballot, (b) she or he has correctly identified in Item 1 above the disease category of her or his Asbestos PI Claim, (c) this Ballot is the only Ballot submitted for her or his Asbestos PI Claim, (d) she or he has full power and authority under applicable bankruptcy and/or non-bankruptcy law to vote to accept or reject the Plan with respect to her or his Asbestos PI

Claim identified in Item 1 above and (e) if enclosed, the medical and exposure evidence submitted to support my Leslie Asbestos PI Claim, Derivative Liability Asbestos PI Claim or Indirect Asbestos PI Claim that had not been formally asserted in state or federal court by the Voting Record Date is accurate. The undersigned further acknowledges that Leslie Control, Inc.'s solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement.

Print or Type Name of Claimant: _____

Last 4 Digits of Social Security or Federal Tax I.D. No. of Claimant: _____

Signature: _____

Name of Signatory (if different than claimant) _____

If by Authorized Agent, Title of Agent: _____

Street Address: _____

City, State, and Zip Code: _____

Telephone Number: _____

Date Completed: _____

*Penalty for knowingly and fraudulently making a false certification:* Fine of up to $500,000 or imprisonment for up to 5 years, or both, 18 U.S.C. §§ 152 and 3571.

**PLEASE COMPLETE, SIGN AND DATE THIS BALLOT AND RETURN IT TO BALLOTING AGENT BY [_____].
BALLOTS SHOULD BE SUBMITTED AS FOLLOWS:**

| *By Hand Delivery or overnight courier to:* | *If by first class mail:* |
|---|---|
| Epiq Bankruptcy Solutions, LLC | Epiq Bankruptcy Solutions, LLC |
| 757 Third Avenue, 3rd Floor | FDR Station, P.O. Box 5015 |
| New York, NY 10017 | New York, NY 10150-5014 |
| Telephone: (646) 282-2400 | Telephone: (646) 282-2400 |
| Attn: Leslie Control Ballot Processing Center | Attn: Leslie Control Ballot Processing Center |

46392/0001-6266754v3

# INSTRUCTIONS FOR COMPLETING THIS BALLOT

1. **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THE BALLOT. You may wish to seek legal advice concerning the Plan and the classification and treatment of your claim under the Plan.**

2. REVIEW AND COMPLETE ITEM 1. Indicate in Item 1 whether your Class 4 Asbestos PI Claim is based on *Mesothelioma* (Disease Level VII), *Lung Cancer 1* (Disease Level VI), *Lung Cancer 2* (Disease Level V), *Other Cancers* (Disease Level IV), *Severe Asbestosis* (Disease Level III), *Asbestosis/Pleural Disease* (Disease Level II), *Asbestos/Pleural Disease* (Disease Level I).

3. CAST ONE VOTE TO ACCEPT OR REJECT THE PLAN BY CHECKING THE APPROPRIATE BOX IN ITEM 2.

4. REVIEW THE CERTIFICATIONS CONTAINED IN ITEM 4 AND COMPLETE ITEM 4. Please be advised that Item 4 requires that you make certifications as a prerequisite to the submission of your vote. Such certifications are made under penalty of perjury pursuant to 29 U.S.C. § 1746. Please ensure that you have read and understood the certifications prior to signing the Ballot.

   If you are completing the Ballot on behalf of another person or entity, indicate your relationship to such person or entity and the capacity in which you are signing, and submit satisfactory evidence of your authority to so act (*e.g.*, a power of attorney or a certified copy of board resolutions authorizing you to so act).

5. **SIGN AND DATE THE BALLOT.**

6. RETURN ALL PAGES OF THE BALLOT IN THE PRE-ADDRESSED POSTAGE-PAID ENVELOPE. **Ballots will not be accepted by telecopy, facsimile or other electronic means, including email. Ballots delivered to the Bankruptcy Court, Leslie Controls, Inc. or any other person other than the Balloting Agent will not be counted.**

7. To have your vote counted, you must complete, sign and return the Ballot so that it is *actually received* by the Balloting Agent by the Voting Deadline, which is **no later than 5:00 p.m. Eastern Standard Time on [_____], 2010.** Your completed Ballot should be sent to:

   | *By Hand Delivery or overnight courier to:* | *If by first class mail:* |
   |---|---|
   | Epiq Bankruptcy Solutions, LLC | Epiq Bankruptcy Solutions, LLC |
   | 757 Third Avenue, 3rd Floor | FDR Station, P.O. Box 5015 |
   | New York, NY 10017 | New York, NY 10150-5014 |
   | Telephone: (646) 282-2400 | Telephone: (646) 282-2400 |
   | Attn: Leslie Control Ballot Processing Center | Attn: Leslie Control Ballot Processing Center |

8. **If you are an individual and intend for your attorney to vote your claim, you must return the completed Ballot to your attorney or arrange with your attorney to vote on your behalf well in advance of the Voting Deadline of 5:00 p.m. Eastern Standard Time on [_____], 2010, so that your vote may be included on a Master Ballot before the Voting Deadline.**

9. YOU MUST VOTE THE FULL AMOUNT OF YOUR CLASS 4 ASBESTOS PI CLAIM *EITHER* TO ACCEPT OR TO REJECT THE PLAN AND MAY NOT SPLIT YOUR VOTE.

10. ANY EXECUTED BALLOT RECEIVED THAT DOES NOT INDICATE EITHER AND ACCEPTANCE OR A REJECTION OF THE PLAN, OR THAT INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE PLAN, WILL NOT BE COUNTED EITHER AS A VOTE TO ACCEPT OR TO REJECT THE PLAN.

11. If you submit more than one Ballot voting the same Asbestos PI Claim prior to the Voting Deadline, then only the last timely filed Ballot shall be counted.

12. The Balloting Agent is authorized, in its sole and absolute discretion, to contact you to cure any defects in the Ballot: *provided, however,* that the Balloting Agent has no obligation to contact you regarding any such defects.

13. The Ballot Agent will not count or consider any ballot submitted by a holder of a Class 4 Asbestos PI Claim that has not formally asserted a Leslie Asbestos PI Claim, a Derivative Liability Asbestos PI Claim or an Indirect Asbestos PI Claim in state or federal court by the Voting Record Date that does not contain both medical and exposure evidence sufficient, in the discretion of the Debtor and any official committee, to provide *prima facie* evidence of the merits of such claim unless the Debtor receives sufficient information, in the discretion of the Debtor and any official committee, after the ballot is received to support evidence of such claim.

14. If you believe that you have received the wrong Ballot, please contact the Balloting Agent immediately.

15. The Plan will be found to have been accepted by Class 4 if it is accepted by the holders of at least two-thirds (2/3) in amount and more than one-half (1/2) in number of Asbestos PI Claims in Class 4 voting on the Plan. Further, in order for the Asbestos PI Channeling Injunction to become effective, at least 75% of the holders of Asbestos PI Claims in Class 4 actually voting on the Plan must vote to accept the Plan. If an order confirming the Plan is issued by the Bankruptcy Court and affirmed by the District Court, or issued by the District Court, all holders of Claims against the Debtor (including those who reject the Plan, abstain from voting on the Plan, or are not entitled to vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated thereby.

46392/0001-6266754v3

**EXHIBIT 4 TO SOLICITATION PROCEDURES ORDER**

**NOTICE OF NON-VOTING STATUS**

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| LESLIE CONTROLS, INC., | : | Case No. 10-12199 (CSS) |
|  | : |  |
| Debtor.[1] | : |  |
|  | : |  |

## NOTICE OF NON-VOTING STATUS TO UNIMPAIRED CLASSES[2]

**PLEASE TAKE NOTICE THAT** the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order, dated [_____ __, 2010] (the "Disclosure Statement Order"), approving the Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code with Respect to Plan of Reorganization of Leslie Controls, Inc. Under Chapter 11 of the Bankruptcy Code, dated [_____ __, 2010] (as it may be amended, the "Disclosure Statement") filed in the above-referenced Chapter 11 case.

**PLEASE TAKE FURTHER NOTICE THAT** the Disclosure Statement Order also authorizes the Debtor to solicit votes to accept or reject the Plan of Reorganization of Leslie Controls, Inc. Under Chapter 11 of the Bankruptcy Code, dated [_____ __, 2010] (as it may be further amended, the "Plan"), a copy of which is annexed as Exhibit A to the Disclosure Statement.

**PLEASE TAKE FURTHER NOTICE THAT** the Plan contains a provision regarding releases by holders of claims and equity interests as follows:

**Release by Holders of Claims and Equity Interests. As of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, each holder of a Claim or Demand against, or Equity Interest in, Leslie, who receives a Distribution pursuant to the Plan shall be deemed to forever release, waive, and discharge all claims, obligations, suits, judgments, remedies, damages, Demands, debts, rights, Causes of Action and liabilities whatsoever against the Released Parties whether known or unknown, liquidated or unliquidated, fixed or contingent, foreseen or unforeseen, matured or unmatured, existing or hereinafter arising, in law, equity or otherwise, based in whole or in part upon any act or omission, transaction, or occurrence taking place on or prior to the Effective Date in any way relating to the Debtor, the Estate, the conduct of the Debtor's business, the Chapter 11 Case, this Plan or Reorganized Leslie (other than the rights under this Plan, the Plan Documents, and the contracts, instruments, releases and other agreements or documents delivered or to be delivered hereunder), including, for the**

---

[1] The last four digits of the Debtor's federal tax identification number are 3780.

[2] Unimpaired Classes under the Plan include the following: Class 1 (Priority), Class 2 (Secured Claims), Class 3 (General Unsecured Claims), Class 5 (Intercompany Claims) and Class 6 (Equity Interests in Leslie).

avoidance of doubt, any and all Causes of Action that the holder of an Asbestos PI Claim, the Asbestos PI Trust or the Future Claimants Representative did commence or could have commenced against any officer or director of Leslie (serving in such capacity) that is based upon or arising from any acts or omissions of such officer or director occurring prior to the Effective Date on account of such Asbestos PI Claim, to the fullest extent permitted under section 524(e) of the Bankruptcy Code and applicable law (as now in effect or subsequently extended); provided, however, that nothing contained herein is intended to operate as a release of (a) any potential claims based upon gross negligence or willful misconduct or (b) any claim by any federal, state or local authority under the Internal Revenue Code or other tax regulation or any applicable environmental or criminal laws.

PLEASE TAKE FURTHER NOTICE THAT UNDER THE TERMS OF THE PLAN, YOUR CLAIM(S) AGAINST OR INTEREST(S) IN THE DEBTOR IS/ARE NOT IMPAIRED, AND THEREFORE, PURSUANT TO SECTION 1126(f) OF TITLE 11 OF THE UNITED STATES CODE, YOU ARE (I) DEEMED TO HAVE ACCEPTED THE PLAN AND (ii) NOT ENTITLED TO VOTE ON THE PLAN. IF YOU HAVE ANY QUESTIONS ABOUT THE STATUS OF YOUR CLAIM(S) OR INTEREST(S), OR WANT TO REQUEST A COPY OF THE PLAN AND DISCLOSURE STATEMENT, YOU SHOULD CONTACT THE DEBTOR'S CLAIMS AND BALLOTING AGENT, EPIQ BANKRUPTCY SOLUTIONS, LLC. at (646) 282-2400.

Dated: _____ _____, 2010
Wilmington, Delaware

COLE, SCHOTZ, MEISEL
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
Marion M. Quirk (No. 4136)
Sanjay Bhatnagar (No. 4829)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

-and-

G. David Dean
300 East Lombard Street, Suite 2000
Baltimore, MD 21202
Telephone: (410) 230-0660
Facsimile: (410) 230-0667

Counsel for the Debtor and Debtor in Possession

2

**EXHIBIT 5 TO SOLICITATION PROCEDURES ORDER**

**CONFIRMATION HEARING NOTICE**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| LESLIE CONTROLS, INC., | : | Case No. 10-12199 (CSS) |
|  | : |  |
| Debtor.[1] | : |  |
|  | : |  |

## NOTICE OF APPROVAL OF (I) THE DEBTOR'S DISCLOSURE STATEMENT, (II) THE SOLICITATION AND VOTING PROCEDURES, (III) A CONFIRMATION HEARING DATE AND (IV) PROCEDURES AND DEADLINES FOR OBJECTING TO THE PLAN

**NOTICE IS HEREBY GIVEN AS FOLLOWS:**

**Approval of Disclosure Statement.** By order, dated [_____], 2010 (the "Disclosure Statement Order"), the United States Bankruptcy Court for the District of Delaware (the "Court") approved the Debtor's Disclosure Statement (as it may be amended, the "Disclosure Statement") for the Debtor's Plan of Reorganization, dated [_____] (as it may be amended or modified, the "Plan") pursuant to Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").[2] The Disclosure Statement Order also authorizes the Debtor to solicit votes to accept the Debtor's Plan pursuant to Chapter 11 of the Bankruptcy Code.

**Confirmation Hearing.** The Court will hold a hearing (the "Confirmation Hearing") to consider the confirmation of the Plan on [_____], 2010 at __:__ _.m. (prevailing Eastern Time), before the Honorable Christopher S. Sontchi, United States Bankruptcy Judge, 5th Floor, Courtroom 6 of the United States Bankruptcy Court for the District of Delaware, 824 N. Market Street, Wilmington, Delaware 19801. The Confirmation Hearing may be continued from time to time without further notice other than the announcement by the Debtor in open court of the adjourned date(s) at the Confirmation Hearing or any continued hearing. The Debtor may modify the Plan, if necessary, prior to, during, or as a result of the Confirmation Hearing in accordance with the terms of the Plan without further notice.

**Voting and Solicitation Procedures.** Only Holders of Class 4 Asbestos PI Claims as of [_____] (the "Record Date") are entitled to vote. Each attorney of record for the Holders of Class 4 Asbestos PI Claims listed on the Debtor's Schedules of Assets and Liabilities and Statement of Financial Affairs or otherwise known to the Debtor by the Voting Record Date will receive a single Attorney Solicitation Package that includes: (a) the Disclosure Statement, attached to which is the Plan, (b) a Master Ballot, (c) a preaddressed return envelope, (d) a letter

---

[1] The last four digits of the Debtor's federal tax identification number are 3780.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Plan.

from Leslie, with a recommendation from Leslie, the Future Claimants' Representative and the Asbestos Claimants' Committee urging claimants to vote to accept the Plan (the "Recommendation Letter") and (e) a cover letter describing the contents of the Attorney Solicitation Package and instructions for obtaining (free of charge) hard copies of the materials provided in electronic format (the "Cover Letter").

Individual holders of Asbestos PI Claims who have not granted counsel permission to vote on the Plan on their behalf will receive an Individual Solicitation Package that includes: (a) the Disclosure Statement, attached to which is the Plan, (b) an Individual Ballot, (c) a preaddressed return envelope, (d) a Recommendation Letter and (e) a Cover Letter.

If the holder of a Class 4 Asbestos PI Claim had not formally asserted a Leslie Asbestos PI Claim, a Derivative Liability Asbestos PI Claim or an Indirect Asbestos PI Claim in state or federal court by the Voting Record Date then any Master Ballot or Individual Ballot submitted must contain both medical and exposure evidence sufficient, in the discretion of the Debtor and any official committee, to provide prima facie evidence of the merits of such claim; provided, however, that the Debtor and any official committee reserve their respective rights to request additional medical and/or exposure evidence in their sole discretion after a Master Ballot or Individual Ballot is submitted.

Please review the Master Ballot or Individual Ballot, as applicable, of specific instructions as to how to vote. Failure to follow the voting instructions may disqualify your vote.

**Voting Deadline.** The deadline to vote on the Plan is [_____], 2010 at 5:00 p.m. prevailing Eastern time (the "Voting Deadline"). The Debtor's solicitation agent, Epiq Bankruptcy Solutions, LLC, must receive your ballot by the Voting Deadline otherwise your vote will not be counted.

**Parties in Interest Not Entitled to Vote.** Holders of Unimpaired claims against or interests in the Debtor's estate are not entitled to vote. If you hold such a claim or interest, you will receive a notice of your non-voting status.

**Objections to Confirmation.** Objections or responses to confirmation of the Plan, if any, must (a) be in writing; (b) conform to the Bankruptcy Rules, the Local Rules for the United States Bankruptcy Court for the District of Delaware and any orders of the Bankruptcy Court; (c) state the name and address of the objecting party, and (d) state with particularity the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection.

All objections and responses to the confirmation of the Plan must be filed with the Court no later than [_____], 2010 at ___:___ __.m. (prevailing Eastern Time) (the "Objection Deadline") and served upon the following parties so as to be actually received by the Objection Deadline: (a) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, Delaware 19801, Attn: David Klauder, Esq.; (ii) counsel to the Debtor, Cole, Schotz, Meisel, Forman & Leonard, P.A., 500 Delaware Avenue, Suite 1410, Wilmington, DE 19801; Attn: Norman L. Pernick, Esq. and Marion M. Quirk, Esq. (iii) counsel to the Asbestos Claimants Committee, [TBD] ; (iv) counsel to the Future Claimants'

Representative, Young Conaway Stargatt & Taylor, LLP, The Brandywine Building, 1000 West Street, 17th Floor, Wilmington, DE 19801, Attn: Edwin J. Harron, Esq. and (v) counsel to CIRCOR, Goodwin Procter LLP, 901 New York Avenue, NW, Washington, DC 20001, Attn: William R. Hanlon, Esq. and Richard M. Wyner, Esq.

**Summary of Certain Provisions of the Plan.** Please be advised that the Plan contains certain provisions regarding releases and injunction as follows:

1. **Injunction. Except as specifically provided for in Sections 4.1, 4.2, 4.3 and 11.10 of the Plan, all persons or Entities who have held, hold or may hold Claims or Demands are permanently enjoined, from and after the Effective Date, from: (a) commencing or continuing in any manner any action or other proceeding of any kind against Reorganized Leslie with respect to such Claim or Demand; (b) enforcing, attaching, collecting, or recovering by any manner or means of any judgment, award, decree, or order against Reorganized Leslie with respect to such Claim or Demand; (c) creating, perfecting, or enforcing any Encumbrance of any kind against Reorganized Leslie or against the property or interests in property of Reorganized Leslie with respect to such Claim or Demand; (d) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due to Reorganized Leslie or against the property or interests in property of Reorganized Leslie, with respect to such Claim or Demand; and (e) pursuing any Claim or Demand released pursuant to this Article XI of the Plan.**

2. **Release by Holders of Claims and Equity Interests. As of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, each holder of a Claim or Demand against, or Equity Interest in, Leslie, who receives a Distribution pursuant to the Plan shall be deemed to forever release, waive, and discharge all claims, obligations, suits, judgments, remedies, damages, Demands, debts, rights, Causes of Action and liabilities whatsoever against the Released Parties whether known or unknown, liquidated or unliquidated, fixed or contingent, foreseen or unforeseen, matured or unmatured, existing or hereinafter arising, in law, equity or otherwise, based in whole or in part upon any act or omission, transaction, or occurrence taking place on or prior to the Effective Date in any way relating to the Debtor, the Estate, the conduct of the Debtor's business, the Chapter 11 Case, this Plan or Reorganized Leslie (other than the rights under this Plan, the Plan Documents, and the contracts, instruments, releases and other agreements or documents delivered or to be delivered hereunder), including, for the avoidance of doubt, any and all Causes of Action that the holder of an Asbestos PI Claim, the Asbestos PI Trust or the Future Claimants Representative did commence or could have commenced against any officer or director of Leslie (serving in such capacity) that is based upon or arising from any acts or omissions of such officer or director occurring prior to the Effective Date on account of such Asbestos PI Claim, to the fullest extent permitted under section 524(e) of the Bankruptcy Code and applicable law (as now in effect or subsequently extended); provided, however, that nothing contained herein is intended to operate as a release of (a) any potential claims based upon gross negligence or willful misconduct or (b) any claim by any federal, state or local authority under the Internal Revenue Code or other tax regulation or any applicable environmental or criminal laws.**

46392/0001-6855613v2

3. **Asbestos PI Channeling Injunction.** Pursuant to the Confirmation Order and section 524(g) of the Bankruptcy Code, and subject to Section 11.8 of the Plan, the sole recourse of any holder of an Asbestos PI Claim on account of such Asbestos PI Claim shall be against the Asbestos PI Trust. Each such holder shall be and is enjoined from taking legal action directed against Leslie, Reorganized Leslie, any of the CIRCOR Related Parties or Watts Related Parties, or any other Asbestos Protected Party, or their respective property, for the purpose of directly or indirectly collecting, recovering or receiving payment or recovery relating to such Asbestos PI Claim.

4. **Asbestos Insurance Entity Injunction.** Notwithstanding anything to the contrary elsewhere in the Plan, all Entities except the Asbestos PI Trust, Leslie, or Reorganized Leslie that have held or asserted, that hold or assert, or that may in the future hold or assert any Cause of Action, including but not limited to any Insurer Contribution Claim, against any Settling Insurer, based on, relating to, arising out of, or in any way connected with any Asbestos PI Claim, Asbestos Insurance Right, Asbestos PI Insurance Contract, or Insurance Settlement Agreement whenever or wherever arisen or asserted (including all Claims in the nature of or sounding in tort, or under contract, warranty, or any other theory of law, equity, or admiralty) shall be stayed, restrained, and enjoined from taking any action for the purpose of directly or indirectly collecting, recovering, or receiving payments, satisfaction, or recovery with respect to any such Claim, Demand, or Cause of Action, including: (a) commencing, conducting, or continuing, in any manner, directly or indirectly, any suit, action, or other proceeding of any kind (including a judicial, arbitration, administrative, or other proceeding) in any forum with respect to any such Claim, Demand, or Cause of Action against any Settling Insurer, or against the property of any Asbestos Insurance Entity, with respect to any such Cause of Action; (b) enforcing, levying, attaching, collecting, or otherwise recovering, by any means or in any manner, whether directly or indirectly, any judgment, award, decree, or other order against any Settling Insurer, or against the property of any Asbestos Insurance Entity, with respect to any such Claim, Demand, or Cause of Action; (c) creating, perfecting, or enforcing, in any manner, directly or indirectly, any Encumbrance against any Asbestos Insurance Entity, or the property of any Asbestos Insurance Entity, with respect to any such Claim, Demand, or Cause of Action; and (d) asserting or accomplishing any setoff, right of subrogation, indemnity, contribution, or recoupment of any kind, directly or indirectly, against any obligation of any Settling Insurer, or against the property of any Asbestos Insurance Entity, with respect to any such Claim, Demand, or Cause of Action. The Asbestos PI Trust shall have the sole and exclusive authority at any time to terminate, reduce, or limit the scope of, the Asbestos Insurance Entity Injunction. The Asbestos Insurance Entity Injunction is issued solely for the benefit of the Asbestos PI Trust and is not issued for the benefit of any Asbestos Insurance Entity, and no Asbestos Insurance Entity is a third-party beneficiary of the Asbestos Insurance Entity Injunction.

**Additional Information:** For more information about the solicitation procedures or to obtain an Attorney Solicitation Package or Individual Solicitation Package, please contact Epiq Bankruptcy Solutions, LLC, the Debtor's Balloting Agent, at (646) 282-2400. Copies of the Disclosure Statement Order, the Disclosure Statement, and the Plan may be obtained free of charge (i) by request to the Debtor's proposed counsel (a) via e-mail at svandyk@coleschotz.com; (b) via mail at 500 Delaware Avenue, Suite 1410, Wilmington, DE

46392/0001-6855613v2

19801; (c) via telephone at (302) 652-3131; or (d) via facsimile at (302) 652-3117 or (ii) by request to Epiq (a) via e-mail at processing@epiqsystems.com; or (b) via telephone at (646) 282-2400. In addition, copies of the Disclosure Statement Order, the Disclosure Statement, and the Plan may be viewed and downloaded, free of charge, at the following website: http://dm.epiq11.com/lesliecontrols. To access documents on the Court's website (http://www/deb.uscourts.gov), you will need a PACER password and login, which can be obtained at http://www.pacer.psc.uscourts.gov.

Dated: _____ ___, 2010
      Wilmington, Delaware

**BY ORDER OF THE COURT**

**COLE, SCHOTZ, MEISEL,**
**FORMAN & LEONARD, P.A.**
Norman L. Pernick (No. 2290)
Marion M. Quirk (No. 4136)
Sanjay Bhatnagar (No. 4829)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Tel: (302) 652-3131
Fax: (302) 652-3117

-and-

G. David Dean
300 East Lombard Street, Suite 2000
Baltimore, MD 21202
Telephone: (410) 230-0660
Facsimile: (410) 230-0667

Counsel for the Debtor
and Debtor in Possession

46392/0001-6855613v2

# EXHIBIT 6 TO SOLICITATION PROCEDURES ORDER

## PUBLICATION NOTICE

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| LESLIE CONTROLS, INC., | : | Case No. 10-12199 (CSS) |
|  | : |  |
| Debtor.[1] | : |  |
|  | : |  |

## NOTICE OF (I) HEARING TO CONSIDER CONFIRMATION OF PLAN, AND (II) OBJECTION DEADLINES AND PROCEDURES

**NOTICE IS HEREBY GIVEN** as follows:

By order, dated [_____], 2010 (the "Disclosure Statement Order"), the United States Bankruptcy Court for the District of Delaware (the "Court") approved the Debtor's Disclosure Statement (as it may be amended, the "Disclosure Statement") for the Debtor's Plan of Reorganization, dated [_____] (as it may be amended or modified, the "Plan") pursuant to Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").[2] The Disclosure Statement Order also authorizes the Debtor to solicit votes to accept the Debtor's Plan pursuant to Chapter 11 of the Bankruptcy Code.

Copies of the Disclosure Statement Order, the Disclosure Statement, and the Plan may be obtained free of charge (i) by request to the Debtor's proposed counsel (a) via e-mail at svandyk@coleschotz.com; (b) via mail at 500 Delaware Avenue, Suite 1410, Wilmington, DE 19801; (c) via telephone at (302) 652-3131; or (d) via facsimile at (302) 652-3117 or (ii) by request to Epiq (a) via e-mail at processing@epiqsystems.com; or (b) via telephone at (646) 282-2400. In addition, copies of the Disclosure Statement Order, the Disclosure Statement, and the Plan may be viewed and downloaded, free of charge, at the following website: http://dm.epiq11.com/lesliecontrols. To access documents on the Court's website http://www/deb.uscourts.gov, you will need a PACER password and login, which can be obtained at http://www.pacer.psc.uscourts.gov.

**The Plan contemplates the establishment of a trust under section 524(g) of the Bankruptcy Code (the "Asbestos PI Trust") and an injunction (the "Asbestos PI Channeling Injunction") that will channel all current asbestos-related Claims and future asbestos-related Demands to the Asbestos PI Trust. The Asbestos PI Channeling Injunction will cover all asbestos-related personal injury and wrongful death claims and demands based in whole or in part on the alleged conduct or products of Leslie (the "Leslie Asbestos Claims"). The Asbestos PI Channeling Injunction will also channel all current**

---

[1] The last four digits of the Debtor's federal tax identification number are 3780.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Plan.

asbestos-related Claims and future asbestos-related Demands based in whole or in part upon Leslie Asbestos Claims against certain parties related to Leslie, including, but not limited to, past and present affiliates of Leslie, past and present officers and directors of Leslie, predecessors in interest to Leslie, and any entity that owned a financial interest in Leslie or its affiliates or predecessors.

**Summary of Certain Provisions of the Plan.** Please be advised that the Plan contains certain provisions regarding releases and injunction as follows:

1.  **Injunction. Except as specifically provided for in Sections 4.1, 4.2, 4.3 and 11.10 of the Plan**, all persons or Entities who have held, hold or may hold Claims or Demands are permanently enjoined, from and after the Effective Date, from: (a) commencing or continuing in any manner any action or other proceeding of any kind against Reorganized Leslie with respect to such Claim or Demand; (b) enforcing, attaching, collecting, or recovering by any manner or means of any judgment, award, decree, or order against Reorganized Leslie with respect to such Claim or Demand; (c) creating, perfecting, or enforcing any Encumbrance of any kind against Reorganized Leslie or against the property or interests in property of Reorganized Leslie with respect to such Claim or Demand; (d) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due to Reorganized Leslie or against the property or interests in property of Reorganized Leslie, with respect to such Claim or Demand; and (e) pursuing any Claim or Demand released pursuant to this Article XI of the Plan.

2.  **Release by Holders of Claims and Equity Interests. As of the Effective Date**, for good and valuable consideration, the adequacy of which is hereby confirmed, each holder of a Claim or Demand against, or Equity Interest in, Leslie, who receives a Distribution pursuant to the Plan shall be deemed to forever release, waive, and discharge all claims, obligations, suits, judgments, remedies, damages, Demands, debts, rights, Causes of Action and liabilities whatsoever against the Released Parties whether known or unknown, liquidated or unliquidated, fixed or contingent, foreseen or unforeseen, matured or unmatured, existing or hereinafter arising, in law, equity or otherwise, based in whole or in part upon any act or omission, transaction, or occurrence taking place on or prior to the Effective Date in any way relating to the Debtor, the Estate, the conduct of the Debtor's business, the Chapter 11 Case, this Plan or Reorganized Leslie (other than the rights under this Plan, the Plan Documents, and the contracts, instruments, releases and other agreements or documents delivered or to be delivered hereunder), including, for the avoidance of doubt, any and all Causes of Action that the holder of an Asbestos PI Claim, the Asbestos PI Trust or the Future Claimants Representative did commence or could have commenced against any officer or director of Leslie (serving in such capacity) that is based upon or arising from any acts or omissions of such officer or director occurring prior to the Effective Date on account of such Asbestos PI Claim, to the fullest extent permitted under section 524(e) of the Bankruptcy Code and applicable law (as now in effect or subsequently extended); provided, however, that nothing contained herein is intended to operate as a release of (a) any potential claims based upon gross negligence or willful misconduct or (b) any claim by any federal, state or local authority under the Internal Revenue Code or other tax regulation or any applicable environmental or criminal laws.

2

3.      **Asbestos PI Channeling Injunction.** Pursuant to the Confirmation Order and section 524(g) of the Bankruptcy Code, and subject to Section 11.8 of the Plan, the sole recourse of any holder of an Asbestos PI Claim on account of such Asbestos PI Claim shall be against the Asbestos PI Trust. Each such holder shall be and is enjoined from taking legal action directed against Leslie, Reorganized Leslie, any of the CIRCOR Related Parties or Watts Related Parties, or any other Asbestos Protected Party, or their respective property, for the purpose of directly or indirectly collecting, recovering or receiving payment or recovery relating to such Asbestos PI Claim.

4.      **Asbestos Insurance Entity Injunction.** Notwithstanding anything to the contrary elsewhere in the Plan, all Entities except the Asbestos PI Trust, Leslie, or Reorganized Leslie that have held or asserted, that hold or assert, or that may in the future hold or assert any Cause of Action, including but not limited to any Insurer Contribution Claim, against any Settling Insurer, based on, relating to, arising out of, or in any way connected with any Asbestos PI Claim, Asbestos Insurance Right, Asbestos PI Insurance Contract, or Insurance Settlement Agreement whenever or wherever arisen or asserted (including all Claims in the nature of or sounding in tort, or under contract, warranty, or any other theory of law, equity, or admiralty) shall be stayed, restrained, and enjoined from taking any action for the purpose of directly or indirectly collecting, recovering, or receiving payments, satisfaction, or recovery with respect to any such Claim, Demand, or Cause of Action, including: (a) commencing, conducting, or continuing, in any manner, directly or indirectly, any suit, action, or other proceeding of any kind (including a judicial, arbitration, administrative, or other proceeding) in any forum with respect to any such Claim, Demand, or Cause of Action against any Settling Insurer, or against the property of any Asbestos Insurance Entity, with respect to any such Cause of Action; (b) enforcing, levying, attaching, collecting, or otherwise recovering, by any means or in any manner, whether directly or indirectly, any judgment, award, decree, or other order against any Settling Insurer, or against the property of any Asbestos Insurance Entity, with respect to any such Claim, Demand, or Cause of Action; (c) creating, perfecting, or enforcing, in any manner, directly or indirectly, any Encumbrance against any Asbestos Insurance Entity, or the property of any Asbestos Insurance Entity, with respect to any such Claim, Demand, or Cause of Action; and (d) asserting or accomplishing any setoff, right of subrogation, indemnity, contribution, or recoupment of any kind, directly or indirectly, against any obligation of any Settling Insurer, or against the property of any Asbestos Insurance Entity, with respect to any such Claim, Demand, or Cause of Action. The Asbestos PI Trust shall have the sole and exclusive authority at any time to terminate, reduce, or limit the scope of, the Asbestos Insurance Entity Injunction. The Asbestos Insurance Entity Injunction is issued solely for the benefit of the Asbestos PI Trust and is not issued for the benefit of any Asbestos Insurance Entity, and no Asbestos Insurance Entity is a third-party beneficiary of the Asbestos Insurance Entity Injunction.

## THE HEARING TO CONSIDER CONFIRMATION OF THE PLAN

The hearing (the "Confirmation Hearing") to consider the confirmation of the Plan, and any objections thereto, will be held before the Honorable Chris Sontchi, United States Bankruptcy Judge, in Courtroom 6, 5th Floor of the United States Bankruptcy Court, 824 North Market Street, Wilmington, Delaware, 19801, on [_____, ___], 2010 at [_____] ___.m.

(prevailing Eastern time). The Confirmation Hearing may be adjourned from time to time by announcement in open court at the Confirmation Hearing or in the agenda for the Confirmation Hearing available on the electronic case filing docket.

## DEADLINES AND PROCEDURES FOR FILING OBJECTIONS TO CONFIRMATION OF PLAN

The Bankruptcy Court has established [_____], 2010 at 4:00 p.m. (prevailing Eastern Time) (the "Objection Deadline) as the last date and time for filing and serving objections to the confirmation of the Plan.

Objections or responses to confirmation of the Plan, if any, must (a) be in writing; (b) conform to the Bankruptcy Rules, the Local Rules for the United States Bankruptcy Court for the District of Delaware and any orders of the Bankruptcy Court; (c) state the name and address of the objecting party, and (d) state with particularity the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection.

All objections and responses to the confirmation of the Plan must be filed with the Court no later than [_____], 2010 at ___:__ __.m. (prevailing Eastern Time) (the "Objection Deadline") and served upon the following parties so as to be actually received by the Objection Deadline: (a) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, Delaware 19801, Attn: David Klauder, Esq.; (ii) counsel to the Debtor, Cole, Schotz, Meisel, Forman & Leonard, P.A., 500 Delaware Avenue, Suite 1410, Wilmington, DE 19801; Attn: Norman L. Pernick, Esq. and Marion M. Quirk, Esq. (iii) counsel to the Asbestos Claimants Committee, [TBD] ; (iv) counsel to the Proposed Future Claimants Representative, Young Conaway Stargatt & Taylor, LLP, The Brandywine Building, 1000 West Street, 17th Floor, Wilmington, DE 19801, Attn: Edwin J. Harron, Esq. and (v) counsel to CIRCOR, Goodwin Procter LLP, 901 New York Avenue, NW, Washington, DC 20001, Attn: William R. Hanlon, Esq. and Richard M. Wyner, Esq.

**UNLESS AN OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE, IT MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT. YOU ARE ADVISED TO REVIEW AND CONSIDER THE DISCLOSURE STATEMENT AND PLAN CAREFULLY, AS YOUR RIGHTS MIGHT BE AFFECTED.**

Dated:_____ ___, 2010
       Wilmington, Delaware

**BY ORDER OF THE COURT**

**COLE, SCHOTZ, MEISEL,**
**FORMAN & LEONARD, P.A.**
Norman L. Pernick (No. 2290)
Marion M. Quirk (No. 4136)
Sanjay Bhatnagar (No. 4829)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Tel: (302) 652-3131
Fax: (302) 652-3117

-and-

G. David Dean
300 East Lombard Street, Suite 2000
Baltimore, MD 21202
Telephone: (410) 230-0660
Facsimile: (410) 230-0667


Counsel for the Debtor
and Debtor in Possession

46392/0001-6855613v2