# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LESLIE CONTROLS, INC., | ) | Case No. 10-12199 (CSS) |
| | ) | |
| Debtor. | ) | **Related to Dkt. Nos. 130 and 132** |
| | ) | |

## CENTURY INDEMNITY COMPANY'S STATEMENT OF ISSUES ON APPEAL (APPOINTMENT OF FUTURE CLAIMS REPRESENTATIVE AND THE FCR'S CLAIMS EVALUATION CONSULTANTS)

Appellant Century Indemnity Company ("Century"), pursuant to Bankruptcy Rule 8006, hereby submits its statement of issues to be presented on its appeal from the Bankruptcy Court's August 11, 2010 "Order Appointing a Legal Representative for Future Asbestos Personal Injury Claimants" (Dkt. No. 130) and its August 11, 2010 "Order Authorizing the Future Claimants' Representative to Retain and Employ Analysis, Research, and Planning Corporation as Claims Evaluation Consultants" (Dkt. No. 132):

1. Did the Bankruptcy Court err in appointing James L. Patton, Jr. as the Future Claimants' Representative (the "FCR") and overruling Century's objection to that appointment? (Suggested answer: Yes).

2. Did the Bankruptcy Court err in appointing Mr. Patton as the FCR and overruling Century's objection to that appointment, given the circumstances pertaining to Mr. Patton's pre-petition retention by Leslie Controls, Inc. ("Leslie") and Leslie's nomination of him to serve as the FCR? (Suggested answer: Yes).

      3.      Did the Bankruptcy Court err in finding that the "disinterestedness" standard set forth in § 327(a) and § 101(14) of the Bankruptcy Code is the correct standard in judging whether Debtor's nominee, Mr. Patton, was sufficiently independent of Debtor and current claimants to be appointed as the FCR?  (Suggested answer:  Yes)

      4.      Under the circumstances presented, did Mr. Patton meet the standards of independence from Debtor and current claimants required of an FCR?  (Suggested answer:  No)

      5.      Did the Bankruptcy Court err in appointing Mr. Patton as the FCR and overruling Century's objection to that appointment on the grounds that Mr. Patton was sufficiently "disinterested" in Debtor's bankruptcy case?  (Suggested answer:  Yes).

      6.      Did the Bankruptcy Court err in approving the employment of Analysis, Research, and Planning Corporation as the FCR's claims evaluation consultant given that the Bankruptcy Court erred in appointing Mr. Patton as the FCR?  (Suggested answer:  Yes)

Century reserves the right to modify, restate, and/or supplement the foregoing issues to the fullest extent permitted by the Bankruptcy Code and Rules.

DATED:    August 19, 2010            Respectfully submitted,

                                                            /s/ Brian L. Kasprzak
                                        Brian L. Kasprzak  (No. 3846)
                                        Michael F. Duggan  (No. 3269)
                                        MARKS, O'NEILL, O'BRIEN AND COURTNEY, P.C.
                                        913 North Market Street, Suite 800
                                        Wilmington, Delaware 19801
                                        Telephone: (302) 658-6538
                                        Facsimile: (302) 658-6537

                                        Mark D. Plevin
                                        Leslie A. Davis
                                        Tacie H. Yoon
                                        Stacie B. Lieberman
                                        CROWELL & MORING LLP
                                        1001 Pennsylvania Avenue, N.W.
                                        Washington, D.C. 20004-2595

Telephone: (202) 624-2500
Facsimile: (202) 628-5116

Attorneys for Century Indemnity Company

SF902133715