# EXHIBIT A
## ASBESTOS PI TRUST AGREEMENT

**LESLIE CONTROLS, INC.**
**ASBESTOS PERSONAL INJURY TRUST AGREEMENT**

dated as of

_____, 2010

by and among

Leslie Controls, Inc.

and

the entities and persons listed on the signature pages attached hereto

# TABLE OF CONTENTS

Page

Article I Agreement of Trust ...................................................................... 2
    1.1    Creation and Name ................................................................ 2
    1.2    Purpose ................................................................................ 2
    1.3    Transfer of Assets ................................................................ 2
    1.4    Assumption of Liabilities and Certain Obligations .................. 3
    1.5    Counsel and Asbestos Records .............................................. 3

Article II Powers and Trust Administration ................................................ 3
    2.1    Powers ................................................................................. 3
    2.2    General Administration .......................................................... 6
    2.3    Claims Administration ........................................................... 9

Article III Qualified Settlement Fund ......................................................... 9
    3.1    Tax Treatment ...................................................................... 9
    3.2    No Right to Reversion with Respect to Asbestos PI Trust Assets .......... 9
    3.3    Obligations of the Asbestos PI Trustee ................................... 9
    3.4    Obligations of the Company and CIRCOR ............................... 9
    3.5    No Contravention of Requirements ........................................ 10

Article IV Accounts, Investments and Payments ........................................ 10
    4.1    Accounts ............................................................................. 10
    4.2    Investments ......................................................................... 10
    4.3    Source of Payments .............................................................. 12

Article V Asbestos PI Trustee; Delaware Trustee ...................................... 12
    5.1    Initial Asbestos PI Trustee ..................................................... 12
    5.2    Term of Service .................................................................... 12
    5.3    Successor Asbestos PI Trustee ............................................... 13
    5.4    Liability of Asbestos PI Trustee, Delaware Trustee and Others .......... 13
    5.5    Compensation and Expenses of Asbestos PI Trustee and Delaware Trustee ........ 13
    5.6    Indemnification of Asbestos PI Trustee, the Delaware Trustee and Additional Indemnitees .......... 14
    5.7    Asbestos PI Trustee's Lien ..................................................... 15
    5.8    Asbestos PI Trustee's Employment of Experts; Delaware Trustee's Employment of Counsel .......... 15
    5.9    Asbestos PI Trustee's Independence ....................................... 15
    5.10   Bond .................................................................................. 15
    5.11   Delaware Trustee ................................................................. 15

Article VI Trust Advisory Committee ........................................................ 16
    6.1    Initial Members of the Asbestos PI Trust Advisory Committee .......... 16
    6.2    Duties ................................................................................. 17
    6.3    Term of Office ..................................................................... 17

6.4    Successor Members of the Asbestos PI Trust Advisory Committee ...................17
6.5    TAC's Employment of Professionals ...............................................................18
6.6    Compensation and Expenses of the Asbestos PI Trust Advisory
       Committee.........................................................................................................19
6.7    Procedures for Consultation with and Obtaining the Consent of the
       Asbestos PI Trust Advisory Committee ...........................................................19

**Article VII The Future Claimants' Representative...........................................................21**
7.1    Appointment of Initial Future Claimants' Representative.................................21
7.2    Duties .................................................................................................................21
7.3    Term of Office ...................................................................................................21
7.4    Appointment of Successor ................................................................................21
7.5    Future Claimants' Representative's Employment of Professionals....................21
7.6    Compensation and Expenses of the Future Claimants' Representative.............22
7.7    Procedures for Consultation with and Obtaining the Consent of the Future
       Claimants' Representative ................................................................................23

**Article VIII General Provisions........................................................................................24**
8.1    Irrevocability......................................................................................................24
8.2    Term and Termination .......................................................................................24
8.3    Amendments ......................................................................................................25
8.4    Severability ........................................................................................................26
8.5    Notices ...............................................................................................................26
8.6    Successors and Assigns......................................................................................29
8.7    Limitation on Claim Interests for Securities Laws Purposes.............................29
8.8    Entire Agreement; No Waiver ...........................................................................29
8.9    Headings .............................................................................................................29
8.10   Governing Law ..................................................................................................30
8.11   Settlors Representative and Cooperation ...........................................................30
8.12   Dispute Resolution.............................................................................................30
8.13   Enforcement and Administration.......................................................................30
8.14   Effectiveness ......................................................................................................31
8.15   Counterpart Signatures.......................................................................................31
8.16   Meetings.............................................................................................................31

# LESLIE CONTROLS, INC.
## ASBESTOS PERSONAL INJURY TRUST AGREEMENT

This ASBESTOS PERSONAL INJURY TRUST AGREEMENT (this "Agreement"), dated as of _____, 2010, is made by and among Leslie Controls, Inc. ("Leslie" or the "Company"), a Delaware corporation and a debtor in possession in Case No. _____ (_____) in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), and CIRCOR International, Inc., a Delaware corporation ("CIRCOR"), as the settlors of the trust established pursuant to this Agreement (the "Asbestos PI Trust") in accordance with the Plan of Reorganization of Leslie Controls, Inc. Under Chapter 11 of the Bankruptcy Code, filed pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and confirmed by an order of the Bankruptcy Court entered on _____, 2010, which confirmation was affirmed by an order of the United States District Court for the District of Delaware entered on _____, 2010 (the "Plan"), the trustee of the Asbestos PI Trust appointed as contemplated by Section 5.1 below (the "Asbestos PI Trustee"), Wilmington Trust Company (the initial "Delaware Trustee" (as defined in Section 5.11)), the members of the Asbestos PI Trust Advisory Committee established pursuant to this Agreement and the Plan appointed as contemplated by Section 6.1 below, and the legal representative for the holders of future Asbestos PI Claims appointed as contemplated by Section 7.1 below (the "Future Claimants' Representative").

All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan. All terms used but not defined herein or in the Plan but defined in the Bankruptcy Code or Bankruptcy Rules shall have the meanings ascribed to them in the Bankruptcy Code or Bankruptcy Rules, as the case may be. For purposes of this Agreement and the Asbestos PI Trust Distribution Procedures, "Asbestos PI Claims" shall not include Asbestos PI Trust Expenses.

WHEREAS, the Company has reorganized under the provisions of chapter 11 of the Bankruptcy Code in a case pending in the Bankruptcy Court known as In re Leslie Controls, Inc., Debtor, Case No. _____ (_____); and

WHEREAS, the Plan has been confirmed by the Bankruptcy Court; and

WHEREAS, the Plan provides, *inter alia*, for the creation of the Asbestos PI Trust in accordance with this Agreement; and

WHEREAS, pursuant to the Plan, the Asbestos PI Trust is to use its assets and income to satisfy all Asbestos PI Claims; and

WHEREAS, it is the intent of each of the Company, the Asbestos PI Trustee, the Asbestos PI Trust Advisory Committee and the Future Claimants' Representative that the Asbestos PI Trust be administered, maintained and operated at all times through mechanisms that provide reasonable assurance that the Asbestos PI Trust will satisfy all Asbestos PI Claims paid in accordance with the Asbestos PI Trust Distribution Procedures in substantially the same manner and in strict compliance with this Agreement; and

WHEREAS, pursuant to the Plan, the Asbestos PI Trust is intended to qualify as a "qualified settlement fund" within the meaning of section 1.468B-1 et seq. of the Treasury Regulations promulgated under section 468B of the United States Internal Revenue Code (the "IRC"); and

WHEREAS, the Bankruptcy Court has determined that the Asbestos PI Trust and the Plan satisfy all the prerequisites for an injunction pursuant to section 524(g) of the Bankruptcy Code, and the Asbestos PI Channeling Injunction has been entered in connection with the Confirmation Order;

NOW, THEREFORE, it is hereby agreed as follows:

Article I
Agreement of Trust

1.1     Creation and Name.  The Company and CIRCOR, as the settlors of the Asbestos PI Trust, hereby create a trust known as the "Leslie Controls, Inc. Asbestos Personal Injury Trust," which is the Asbestos PI Trust provided for and referred to in the Plan. The Asbestos PI Trustee may transact the business and affairs of the Asbestos PI Trust in the name of the Asbestos PI Trust.  It is the intention of the parties hereto that the trust created hereby constitute a statutory trust under the Delaware Statutory Trust Act, Chapter 38 of title 12 of the Delaware Code, 12 Del. C. § 3801 et seq. (the "Act") and that this document, together with the bylaws described in Section 2.2, constitute the governing instruments of the Asbestos PI Trust.  The Asbestos PI Trustee and the Delaware Trustee are hereby authorized and directed to execute and file a Certificate of Trust with the Delaware Secretary of State in the form attached hereto as Exhibit A.

1.2     Purpose.  The purpose of the Asbestos PI Trust is to (a) assume all liabilities and responsibility for Asbestos PI Claims (whether existing as of the Effective Date or arising at any time thereafter), (b) direct the processing, liquidation and payment of all Asbestos PI Claims in accordance with the Asbestos PI Trust Distribution Procedures, (c) preserve, hold, manage and maximize the Asbestos PI Trust Assets for use in paying and otherwise satisfying Asbestos PI Claims and paying Asbestos PI Trust Expenses, and (d) otherwise comply in all respects with the requirements of a trust set forth in section 524(g)(2)(B) of the Bankruptcy Code, all in accordance with the Plan and this Agreement.

1.3     Transfer of Assets.  Pursuant to the Plan, Leslie's parent company, CIRCOR, has made a cash contribution of $74 million to the Asbestos PI Trust on behalf of itself, the other CIRCOR Related Parties, and the Watts Related Parties.  Also pursuant to the Plan, (i) Leslie has contributed the Leslie Promissory Note in the principal amount of $1,000,000 with simple interest payable at the rate of 5% per annum in equal quarterly payments in favor of the Asbestos PI Trust, and (ii) CIRCOR has entered into the Pledge Agreement granting the Asbestos PI Trust a security interest in 100% of the voting equity interests in Leslie to secure payment of the Promissory Note.  In furtherance of the purpose of the Asbestos PI Trust, the Asbestos PI Trust hereby expressly accepts these assets. For purposes of this Agreement, "Asbestos PI Trust Assets" shall mean the assets described in this section, all of which have been transferred or granted to the Asbestos PI Trust free and clear of any liens, security interests and other claims or

- 2 -

causes of action, and any other assets which may from time to time be held by the Asbestos PI Trust.

    1.4    <u>Assumption of Liabilities and Certain Obligations</u>.

    (a)    In furtherance of the purpose of the Asbestos PI Trust, the Asbestos PI Trust hereby expressly assumes all liability and responsibility for (i) all Asbestos PI Claims and (ii) Asbestos PI Trust Expenses.

    (b)    Except as otherwise provided in this Agreement, the Plan, and the Asbestos PI Trust Distribution Procedures, the Asbestos PI Trust shall have all defenses, cross-claims, offsets and recoupments, as well as rights of indemnification, contribution, subrogation and similar rights, regarding Asbestos PI Claims that the Company has or would have under applicable law.  Regardless of the foregoing, however, except as otherwise provided in Section 5.1(a)(2) of the Asbestos PI Trust Distribution Procedures, a claimant must meet otherwise applicable federal, state and foreign statutes of limitations and repose.

    (c)    Pursuant to the Plan, the Asbestos PI Trust has entered into, and agreed to provide the indemnification relating to Asbestos PI Claims provided for in, the Asbestos PI Trust Indemnification Agreement in the form attached hereto as Exhibit B.

    (d)    Nothing in this Agreement shall be construed in any way to limit the scope, enforceability or effectiveness of the Asbestos PI Channeling Injunction issued in connection with the Plan or the Asbestos PI Trust's assumption of all liability for Asbestos PI Claims, subject to the provisions of Section 1.4(b) above.

    1.5    <u>Counsel and Asbestos Records</u>.  Leslie and CIRCOR shall not withhold consent to the Asbestos PI Trust's retention of the professional services of the counsel retained by Leslie and/or CIRCOR in connection with matters pertaining to Asbestos PI Claims.  The Asbestos PI Trust and the Asbestos Records Parties have entered into the Asbestos Records Cooperation Agreement in the form attached hereto as Exhibit C.

Article II<br><u>Powers and Trust Administration</u>

    2.1    <u>Powers</u>.

    (a)    The Asbestos PI Trustee is, and shall act as, the fiduciary to the Asbestos PI Trust in accordance with the provisions of this Agreement, the Asbestos PI Trust Distribution Procedures, the Plan and the Act.  The Asbestos PI Trustee shall at all times administer the Asbestos PI Trust and the Asbestos PI Trust Assets in accordance with the purpose set forth in Section 1.2 above.  Subject to the Plan and this Agreement, the Asbestos PI Trustee shall have the power to take any and all actions that he or she may consider necessary, appropriate or desirable to fulfill the purpose of the Asbestos PI Trust, including without limitation each power expressly granted in this Section 2.1, any power reasonably incidental thereto and any statutory trust power now or hereafter permitted under the laws of the State of Delaware.

- 3 -

(b)      Except as required by applicable law, the Plan or this Agreement, the Asbestos PI Trustee need not obtain the order or approval of any court in the exercise of any power or discretion conferred hereunder.

(c)      Subject to and without limiting the generality of Section 2.1(a) above, and subject to the terms of the Plan, and except as limited below, the Asbestos PI Trustee shall have the power to:

(i)      receive and hold the Asbestos PI Trust Assets and exercise all rights and powers with respect thereto, including, without limitation, rights under the Promissory Note and the Pledge Agreement and rights to vote and dispose of any securities that are from time to time included in the Asbestos PI Trust Assets;

(ii)      invest the monies held from time to time by the Asbestos PI Trust;

(iii)      sell, transfer or exchange any or all of the Asbestos PI Trust Assets at such prices and upon such terms as the Asbestos PI Trustee may consider necessary, appropriate or desirable in fulfilling the purpose of the Asbestos PI Trust;

(iv)      enter into such leasing and financing agreements with third parties as the Asbestos PI Trustee may consider necessary, appropriate or desirable in fulfilling the purpose of the Asbestos PI Trust;

(v)      pay liabilities and expenses of the Asbestos PI Trust, including without limitation Asbestos PI Trust Expenses;

(vi)      establish such funds, reserves and accounts within the Asbestos PI Trust estate as the Asbestos PI Trustee may consider necessary, appropriate or desirable in fulfilling the purpose of the Asbestos PI Trust;

(vii)      sue and be sued and participate, as a party or otherwise, in any judicial, administrative, arbitrative or other proceeding;

(viii)      establish, supervise and administer the Asbestos PI Trust in accordance with this Agreement and the Asbestos PI Trust Distribution Procedures;

(ix)      appoint such officers and hire such employees and engage such legal, financial, accounting, investment, auditing and forecasting and other advisors, consultants, independent contractors and agents and, to the extent permitted by the fiduciary duties of the Asbestos PI Trustee, delegate to such persons such powers and authorities, in each case as the Asbestos PI Trustee may consider necessary, appropriate or desirable in fulfilling the purpose of the Asbestos PI Trust;

(x)      pay reasonable compensation to any officers, employees, legal, financial, accounting, investment, auditing and forecasting and other advisors, consultants, independent contractors and agents engaged by the Asbestos PI Trust, including without limitation those engaged by the Asbestos PI Trust in connection with its alternative dispute resolution activities;

- 4 -

(xi)    compensate the Asbestos PI Trustee, the Delaware Trustee, the members of the Asbestos PI Trust Advisory Committee, the Future Claimants' Representative and their respective officers, employees, legal, financial, accounting, investment, auditing, forecasting and other advisors, consultants, independent contractors and agents, and reimburse the Asbestos PI Trustee, the Delaware Trustee, the members of the Asbestos PI Trust Advisory Committee and the Future Claimants' Representative any reasonable out-of-pocket fees and expenses incurred by or on behalf of it, him or her in connection with the performance of its, his or her duties hereunder, all as provided below;

(xii)    execute and deliver such instruments as the Asbestos PI Trustee may consider necessary, appropriate or desirable in administering the Asbestos PI Trust;

(xiii)    enter into such other arrangements with third parties as the Asbestos PI Trustee may consider necessary, appropriate or desirable in fulfilling the purpose of the Asbestos PI Trust, provided such arrangements do not conflict with any other provision of this Agreement;

(xiv)    in accordance with Section 5.6 below, defend, indemnify and hold harmless (and purchase insurance indemnifying) (A) the Asbestos PI Trustee and the Delaware Trustee, (B) the members of the Asbestos PI Trust Advisory Committee and the Future Claimants' Representative, and (C) the officers and employees of the Asbestos PI Trust and any advisors, attorneys, consultants and agents of the Asbestos PI Trust, the Asbestos PI Trustee, the Asbestos PI Trust Advisory Committee or the Future Claimants' Representative (collectively, the "Additional Indemnitees"), to the fullest extent that a statutory trust organized under the laws of the State of Delaware is from time to time entitled to indemnify and/or insure its directors, Trustee, officers, employees, advisors, attorneys, consultants and agents;

(xv)    delegate any or all of the authority herein conferred with respect to the investment of all or any portion of the Asbestos PI Trust Assets to any one or more reputable individuals or recognized institutional investment advisors or investment managers without liability for any action taken or omission made because of any such delegation, except as provided in Section 5.4 below; and

(xvi)    consult with the Company, the Asbestos PI Trust Advisory Committee or the Future Claimants' Representative at such times and with respect to such issues relating to the conduct of the Asbestos PI Trust as the Asbestos PI Trustee may consider necessary, appropriate or desirable.

(xvii)    make, pursue (by litigation or otherwise), collect, compromise or settle, in the name of the Asbestos PI Trust or of Leslie as the case may be, any claim, right, action, or cause of action included in the Asbestos PI Trust Assets, including, but not limited to, insurance recoveries, before any court of competent jurisdiction.

(d)    Notwithstanding anything to the contrary contained herein, the Asbestos PI Trustee shall not have the power to guarantee any debt of other persons.

(e)    The Asbestos PI Trustee shall give the Asbestos PI Trust Advisory Committee and the Future Claimants' Representative prompt notice of any act performed or

- 5 -

taken pursuant to Section 2.1(c)(i), (iii), (vii) or (xv) above and any act proposed to be performed or taken of the type described in Section 2.2(e) below.

    2.2   <u>General Administration.</u>

    (a)   The Asbestos PI Trustee shall act in accordance with this Agreement. The Asbestos PI Trustee shall adopt and act in accordance with written bylaws (the "<u>Trust Bylaws</u>"). To the extent not inconsistent with this Agreement, the Trust Bylaws shall govern the affairs of the Asbestos PI Trust. In the event of an inconsistency between the Trust Bylaws and this Agreement, this Agreement shall govern.

    (b)   The Asbestos PI Trustee shall timely account to the Bankruptcy Court as follows:

    (i)   The Asbestos PI Trustee shall cause to be prepared and filed with the Bankruptcy Court, as soon as available and in any event within one hundred twenty (120) days following the end of each fiscal year of the Asbestos PI Trust, an annual report (the "Annual Report") containing financial statements of the Asbestos PI Trust (including without limitation a balance sheet of the Asbestos PI Trust as of the end of such fiscal year and a statement of operations for such fiscal year) audited by a firm of independent certified public accountants selected by the Asbestos PI Trustee and accompanied by an opinion of such firm as to the fairness of the financial statements' presentation of the cash and investments available for the payment of Asbestos PI Claims and as to the conformity of the financial statements with generally accepted accounting principles. The Asbestos PI Trustee shall provide a copy of the Annual Report to the Asbestos PI Trust Advisory Committee and the Future Claimants' Representative when such reports are filed with the Bankruptcy Court.

    (ii)   Simultaneously with the filing of the Annual Report, the Asbestos PI Trustee shall cause to be prepared and filed with the Bankruptcy Court a report containing a summary regarding the number and type of Asbestos PI Claims disposed of during the period covered by the financial statements. The Asbestos PI Trustee shall provide a copy of such report to the Asbestos PI Trust Advisory Committee and the Future Claimants' Representatives when such report is filed.

    (iii)   All materials required to be filed with the Bankruptcy Court by this Section 2.2(b) shall be available for inspection by the public in accordance with procedures established by the Office of the United States Trustee for the District of Delaware.

    (iv)   Bankruptcy Court and shall be submitted to the US Trustee.

    (c)   The Asbestos PI Trustee shall cause to be prepared as soon as practicable prior to the commencement of each fiscal year of the Asbestos PI Trust a budget and cash flow projections covering such fiscal year and the succeeding four fiscal years. The budget and cash flow projections shall include a "Maximum Annual Payment" pursuant to Section 2.4 of the Asbestos PI Trust Distribution Procedures and the "Claims Payment Ratio" pursuant to Section 2.5 of the Asbestos PI Trust Distribution Procedures. The Asbestos PI Trustee shall provide a copy of the budget and cash flow projections to the Asbestos PI Trust Advisory Committee and the Future Claimants' Representative.

- 6 -

(d)    The Asbestos PI Trustee shall consult with both the Asbestos PI Trust Advisory Committee and the Future Claimants' Representative (i) on the general implementation and administration of the Asbestos PI Trust, (ii) on the general implementation and administration of the Asbestos PI Trust Distribution Procedures, and (iii) on such other matters as may be required under this Agreement or the Asbestos PI Trust Distribution Procedures.

(e)    The Asbestos PI Trustee shall be required to obtain the consent of both the Asbestos PI Trust Advisory Committee and the Future Claimants' Representative pursuant to the consent process set forth in Section 6.7(b) and 7.7(b) below, as the case may be, in addition to any other instances elsewhere enumerated herein, in order:

(i)    to change the "Claims Payment Ratio" described in Section 2.5 of the Asbestos PI Trust Distribution Procedures in the event that the requirements for such a change set forth in such provision have been met;

(ii)    to change the "Disease Levels," "Scheduled Values" and/or "Medical/Exposure Criteria" set forth in Section 5.3(a)(3) of the Asbestos PI Trust Distribution Procedures and/or the "Average Values" and/or "Maximum Values" set forth in Section 5.3(b)(3) and/or the extraordinary maximum value set forth in Section 5.4 of the Asbestos PI Trust Distribution Procedures;

(iii)    to change the "Payment Percentage" or the "Initial Payment Percentage" described in Section 2.3 of the Asbestos PI Trust Distribution Procedures as provided in Section 4.2 of the Asbestos PI Trust Distribution Procedures;

(iv)    to establish and/or to change the "Claims Materials" to be provided holders of Asbestos PI Claims under Section 6.1 of the Asbestos PI Trust Distribution Procedures;

(v)    to require that claimants provide additional kinds of medical and/or exposure evidence pursuant to Section 5.6 of the Asbestos PI Trust Distribution Procedures;

(vi)    to change the form of release to be provided pursuant to Section 7.8 of the Asbestos PI Trust Distribution Procedures;

(vii)    to terminate the Asbestos PI Trust pursuant to Section 8.2(b)(i) or (ii) below;

(viii)    to enter into an agreement settling or otherwise resolving the liability of any insurer under any insurance policy of legal action related thereto;

(ix)    to change the compensation of the Asbestos PI Trustee, the Delaware Trustee, the members of the Asbestos PI Trust Advisory Committee or the Future Claimants' Representative, other than to reflect reasonable cost-of-living increases or changes approved by the Bankruptcy Court as otherwise provided herein; provided that a change in the compensation of the Delaware Trustee shall also require the consent of the Delaware Trustee;

- 7 -

(x)    to take structural or other actions to minimize any tax on the Asbestos PI Trust Assets;

(xi)    to amend any provision of this Agreement in accordance with the terms hereof (and the consent of the Delaware Trustee solely to the extent any such amendment adversely affects the rights, duties and obligations of the Delaware Trustee hereunder);

(xii)    to amend any provision of the Asbestos PI Trust Distribution Procedures in accordance with the terms thereof;

(xiii)    to adopt the Trust Bylaws in accordance with Section 2.2(a) above or thereafter to amend the Trust Bylaws in accordance with the terms thereof;

(xiv)    to become the holder of equity interests in Leslie by exercise of the Asbestos PI Trust's rights under the Pledge Agreement or otherwise;

(xv)    to merge any asbestos claims resolution organization formed by the Asbestos PI Trust with another asbestos claims resolution organization that is not specifically created by this Agreement or the Asbestos PI Trust Distribution Procedures, acquire an interest in any asbestos claims resolution organization that is not specifically created by this Agreement or the Asbestos PI Trust Distribution Procedures, contract with another asbestos claims resolution organization or any other entity that is not specifically created by this Agreement or the Asbestos PI Trust Distribution Procedures or permit any other party to join in any asbestos claims resolution organization that is formed by the Asbestos PI Trust pursuant to this Agreement or the Asbestos PI Trust Distribution Procedures; provided that any such merger, acquisition, contract or joinder shall not (a) subject the Company to any risk of having any Asbestos PI Claim asserted against it or (b) otherwise jeopardize the validity or enforceability of the Asbestos PI Channeling Injunction; and provided, further, that the terms of any such merger will require the surviving organization to make decisions about the allowability and value of Asbestos PI Claims in accordance with Section V of the Asbestos PI Trust Distribution Procedures; and

(xvi)    to disclose any information, documents or other materials to preserve, litigate, resolve or settle coverage, or to comply with an applicable obligation under an insurance policy or insurance settlement agreement pursuant to Section 6.5 of the TDP.

(f)    For all purposes of this Agreement and the Act, the consent of the Asbestos PI Trust Advisory Committee and the Future Claimants' Representative shall be deemed the consent of the Beneficial Owners.

(g)    The Asbestos PI Trustee shall meet with the Asbestos PI Trust Advisory Committee and the Future Claimants' Representative no less often than quarterly. The Asbestos PI Trustee shall meet with the Asbestos PI Trust Advisory Committee and the Future Claimants' Representative between such quarterly meetings at mutually convenient times and locations when so requested by either the Asbestos PI Trust Advisory Committee or the Future Claimants' Representative. The Delaware Trustee shall not be required or permitted to attend meetings.

- 8 -

(h)    The Asbestos PI Trustee, upon notice from either the Asbestos PI Trust Advisory Committee or the Future Claimants' Representative, if practicable in view of pending business, shall, at their next meeting with the Asbestos PI Trust Advisory Committee or the Future Claimants' Representative, as the case may be, consider issues submitted by either of them.

2.3    Claims Administration. The Asbestos PI Trustee shall promptly proceed to implement the Asbestos PI Trust Distribution Procedures.

Article III
Qualified Settlement Fund

3.1    Tax Treatment. The Asbestos PI Trust is intended to be treated for U.S. federal income tax purposes as a "qualified settlement fund" as described within section 1.468B-1 et seq. of the Treasury Regulations. Accordingly, for all U.S. federal income tax purposes the transfer of assets to the Asbestos PI Trust will be treated as a transfer to a trust satisfying the requirements of section 1.468B-1(c) of the Treasury Regulations by the Company and CIRCOR, as transferors, for distribution to holders of Asbestos PI Claims and in complete settlement of such Asbestos PI Claims. Any income on the assets of the Asbestos PI Trust will be treated as subject to tax on a current basis, and all distributions pursuant to the Plan will be made net of provision for taxes and subject to the withholding and reporting requirements set forth in the Plan and this Agreement.

3.2    No Right to Reversion with Respect to Asbestos PI Trust Assets. After the Trust Distribution Effective Date, the Company and CIRCOR will have no rights to any refunds or reversion with respect to any Asbestos PI Trust Assets or any earnings thereon.

3.3    Obligations of the Asbestos PI Trustee. The Asbestos PI Trustee shall be the "administrator" (as defined in section 1.468B-2(k) of the Treasury Regulations) of the Asbestos PI Trust and shall (a) timely file such income tax and other returns and statements and timely pay all taxes required to be paid from the assets in the Asbestos PI Trust as required by law and in accordance with the provisions of the Plan and this Agreement, (b) comply with all withholding obligations, as required under the applicable provisions of the IRC and of any state law and the regulations promulgated thereunder, (c) meet all other requirements necessary to qualify and maintain qualification of the Asbestos PI Trust as a "qualified settlement fund" within the meaning of section 1.468B-1 et seq. of the Treasury Regulations, and (d) take no action that could cause the Asbestos PI Trust to fail to qualify as a "qualified settlement fund" within the meaning of section 1.468B-1 et seq. of the Treasury Regulations.

3.4    Obligations of the Company and CIRCOR. Following the funding of the Asbestos PI Trust (and in no event later than February 15th of the calendar year following the date of this Agreement), the Company and CIRCOR shall provide, or cause to be provided, to the Asbestos PI Trust "§ 1.468B-3 Statements" in accordance with section 1.468B-3 of the Treasury Regulations. Following any subsequent transfers of cash or other property to the Asbestos PI Trust, the transferor (or the entity treated as the transferor for U.S. federal income tax purposes) shall provide, or cause to be provided, to the Asbestos PI Trustee a "§ 1.468B-3

Statement" on or before February 15th of the calendar year following the date of each such transfer.

3.5    No Contravention of Requirements. No provision in this Agreement or the Asbestos PI Trust Distribution Procedures shall be construed to mandate any distribution on any claim or other action that would contravene the Asbestos PI Trust's compliance with the requirements of a "qualified settlement fund" within the meaning of section 1.468B-1 et seq. of the Treasury Regulations promulgated under section 468B of the IRC.

Article IV
Accounts, Investments and Payments

4.1    Accounts.

(a)    The Asbestos PI Trustee may from time to time create such accounts and reserves within the Asbestos PI Trust as he or she may consider necessary, appropriate or desirable in order to provide for payment, or to make provisions for future payment, of Asbestos PI Claims in accordance with the Asbestos PI Trust Distribution Procedures or to provide for payment, or to make provisions for future payment, of Asbestos PI Trust Expenses in accordance with this Agreement and may, with respect to any such account or reserve, restrict the use of monies therein.

(b)    The Asbestos PI Trustee shall include a reasonably detailed description of the creation of any account or reserve in accordance with this Section 4.1 and, with respect to any such account, the transfers made to such account, the proceeds of or earnings on the assets held in each such account and the payments from each such account in the Annual Report.

4.2    Investments.

(a)    Prior to the Trust Distribution Effective Date, except as otherwise authorized by prior written consent of each of the Asbestos PI Trustee, the Asbestos PI Trust Advisory Committee, the Future Claimants' Representative, and CIRCOR, funds shall be invested in money market funds (a) the managers of which are rated at least Aa3 or AA-, respectively, by Moody's Investor Services and Standard & Poor's, and (b) that invest exclusively in securities that (i) are issued by the United States Treasury or are directly and fully guaranteed or insured by the United States Government or any agency or instrumentality thereof, (ii) have maturities of not more than three (3) years from the date of acquisition, and (iii) are rated Aaa and AAA, respectively, by Moody's Investor Services and Standard & Poor's

(b)    On and after the Trust Distribution Effective Date, investment of monies held in the Asbestos PI Trust shall be administered in the manner consistent with the standards set forth in the Uniform Prudent Investor Act drafted by the National Conference of Commissioners on Uniform State Laws and approved by the American Bar Association on February 14, 1995, subject to the following limitations and provisions:

(i)    The Asbestos PI Trust shall invest in diversified equity portfolios whose benchmark is a broad equity market index such as, but not limited to, the S&P 500 Index, Russell 1000 Index, S&P APR Index or MSCIEAFE Index.

- 10 -

(ii)    The Asbestos PI Trust shall not acquire, directly or indirectly, equity in any entity or business enterprise if, immediately following such acquisition, the Asbestos PI Trust would hold more than 5% of the equity in such entity or business enterprise. The Asbestos PI Trust shall not hold, directly or indirectly, more than 10% of the equity in any entity or business enterprise.

(iii)    The Asbestos PI Trust shall not acquire or hold for longer than ninety (90) days any commercial paper unless such commercial paper is rated "Prime-1" or higher by Moody's or "A-1 " or higher by S&P or has been given an equivalent rating by another nationally recognized statistical rating agency.

(iv)    The Asbestos PI Trust shall not acquire or hold any preferred stock or securities convertible into common stock unless such preferred stock or convertible securities are rated "A " or higher by Moody's or S&P or have been given an equivalent investment grade rating by another nationally recognized statistical rating agency.

(v)    The Asbestos PI Trust shall not hold any debt securities or other debt instruments issued by any entity (other than debt securities or other debt instruments issued or fully guaranteed as to principal and interest by the United States of America or any agency or instrumentality thereof) to the extent that the aggregate market value of all such securities and instruments issued by such entity held by the Asbestos PI Trust would exceed 5% of the then-current aggregate value of the Asbestos PI Trust Assets.

(vi)    The Asbestos PI Trust shall not acquire or hold any certificates of deposit unless all publicly held, long-term debt securities, if any, of the financial institution issuing the certificate of deposit and the holding company, if any, of which such financial institution is a subsidiary, meet the standards set forth in Section 4.2(c) above.

(vii)    The Asbestos PI Trust shall not acquire or hold any repurchase obligations unless, in the opinion of the Asbestos PI Trustee, they are adequately collateralized.

(viii)    The Asbestos PI Trust shall not acquire or hold any rights, warrants, options or similar securities.

(c)    The Asbestos PI Trust may, without regard to the limitations set forth in Subsections (a) - (b) above, acquire and hold (i) the Promissory Note, (ii) the rights under the Pledge Agreement, (iii) the equity interests in Leslie pursuant to the Pledge Agreement and (iv) any securities or instruments obtained by it from any entity or business enterprise as proceeds of litigation or otherwise to resolve disputes.

(d)    Without limiting the foregoing, the Asbestos PI Trust may (in addition to the investments described above) invest in money market mutual funds that are registered with the Securities and Exchange Commission under the Investment Company Act of 1940, as amended, and operated n accordance with Rule 2a-7 and that at the time of such investment are rated Aaa by Moody's or AAAm by S&P. Such permitted investments may include funds for which the Delaware Trustee or an affiliate provides investment advice or other services. The Asbestos PI Trust may hold all or any portion of the Asbestos PI Trust Assets uninvested with

- 11 -

such banks or financial institutions as the Asbestos PI Trustee shall determine in his or her discretion.

4.3     Source of Payments.

(a)     All payments to be made by the Asbestos PI Trust, including without limitation payments in respect of Asbestos PI Claims and Asbestos PI Trust Expenses, shall be payable solely by the Asbestos PI Trust out of the Asbestos PI Trust Assets.  None of any CIRCOR Related Party, any Leslie Related Party, any Watts Related Party, their subsidiaries or the present or former directors, officers, employees, advisors, consultants, agents or Representatives of any of them, nor the Asbestos PI Trustee, the Delaware Trustee, the Asbestos PI Trust Advisory Committee or the Future Claimants' Representative or the present or former officers, employees, advisors, consultants, agents or Representatives of any of them, shall be liable for the payment of any Asbestos PI Claim or any Asbestos PI Trust Expense or other liability of the Asbestos PI Trust.

(b)     The Asbestos PI Trustee shall include a reasonably detailed description of any payments made in accordance with this Section 4.3 in the Annual Report.

Article V
Asbestos PI Trustee; Delaware Trustee

5.1     Initial Asbestos PI Trustee.

In addition to the Delaware Trustee appointed pursuant to Section 5.11 hereof, there shall be one (1) Asbestos PI Trustee.  The initial Asbestos PI Trustee is the person named on the signature pages hereto.

5.2     Term of Service.

(a)     An Asbestos PI Trustee shall serve until the earliest of (i) his or her death, (ii) his or her resignation pursuant to Section 5.2(b) below, (iii) his or her removal pursuant to Section 5.2(c) below, or (iv) the termination of the Asbestos PI Trust pursuant to Section 8.2 below.

(b)     An Asbestos PI Trustee may resign at any time by written notice to the remaining Asbestos PI Trustee, the Asbestos PI Trust Advisory Committee and the Future Claimants' Representative.  Such notice shall specify a date when such resignation shall take effect, which shall not be less than ninety (90) days after the date such notice is given, where practicable.

(c)     The Asbestos PI Trustee may be removed pursuant to an order of the Bankruptcy Court at the recommendation of the other Asbestos PI Trustees Trust Advisory Committee and the Future Claimants' Representative in the event that he or she becomes unable to discharge his or her duties hereunder due to accident or physical or mental deterioration or for other good cause.  Good cause shall be deemed to include, without limitation, any substantial failure to comply with the general administration provisions of Section 2.2 above, a consistent pattern of neglect and failure to perform or participate in performing the duties of the Asbestos

- 12 -

PI Trustee hereunder, or repeated non-attendance at scheduled meetings. Such removal shall require the approval of the Bankruptcy Court and shall take effect at such time as the Bankruptcy Court shall determine.

5.3    .Successor Asbestos PI Trustee.

(a)    Upon the termination of service of the Asbestos PI Trustee, whether as a result of the expiration of his or her term or his or her death, resignation or removal, the Asbestos PI Trust Advisory Committee and the Future Claimants' Representative shall appoint a successor Trustee. In the event that the Asbestos PI Trust Advisory Committee or the Future Claimants' Representative cannot agree on the successor Trustee, the Bankruptcy Court shall make the appointment.

(b)    Immediately upon the appointment of any successor Asbestos PI Trustee, all rights, titles, duties, powers and authority of the predecessor Asbestos PI Trustee hereunder shall be vested in, and undertaken by, the successor Asbestos PI Trustee without any further act. No successor Asbestos PI Trustee shall be liable personally for any act or omission of his or her predecessor Asbestos PI Trustee.

(c)    Each successor Asbestos PI Trustee shall serve until the earliest of (i) his or her death, (ii) his or her resignation pursuant to Section 5.2(b) above, (iii) his or her removal pursuant to Section 5.2(c) above, or (iv) the termination of the Asbestos PI Trust pursuant to Section 8.2 below.

5.4    Liability of Asbestos PI Trustee, Delaware Trustee and Others. The Asbestos PI Trustee, the Asbestos Trust PI Advisory Committee and the Future Claimants' Representative shall not be liable to the Asbestos PI Trust, to any individual holding an asbestos claim, or to any other person, except for such individual's own breach of trust committed in bad faith or willful misappropriation.

5.5    Compensation and Expenses of Asbestos PI Trustee and Delaware Trustee.

(a)    The Asbestos PI Trustee shall receive compensation from the Asbestos PI Trust for his or her services as an Asbestos PI Trustee in the amount of $[_] per annum, payable in a lump sum at the beginning of each year of service. The Asbestos PI Trustee shall also receive compensation at the rate of $[_] per hour for all time expended in meetings, in preparation for meetings, and on other business of the Asbestos PI Trust, with the time computed on a quarter-hour basis. The Asbestos PI Trustee shall maintain hourly time records for such time. The per annum compensation does not function as a retainer and the hourly items are not charged against the per annum compensation. The compensation payable to the Asbestos PI Trustee hereunder shall be reviewed every year and appropriately adjusted with the consent of the Asbestos PI Trust Advisory Committee and the Future Claimants' Representatives. The Delaware Trustee shall be paid such compensation as is agreed pursuant to a separate fee agreement.

(b)    The Asbestos PI Trust shall promptly reimburse the Asbestos PI Trustee and the Delaware Trustee for any reasonable out-of-pocket fees and expenses incurred by it, him

46392/0001-6864597v1

or her in connection with the performance of its, his or her duties as the Asbestos PI Trustee or Delaware Trustee.

(c)     The Asbestos PI Trust shall include a reasonably detailed description of the amounts paid under this Section 5.5 in the Annual Report.

5.6     Indemnification of Asbestos PI Trustee, the Delaware Trustee and Additional Indemnitees.

(a)     The Asbestos PI Trust shall indemnify and defend each Asbestos PI Trustee, the Delaware Trustee and each Additional Indemnitee in the performance of its, his or her duties hereunder to the fullest extent that a statutory trust organized under the laws of the State of Delaware is from time to time entitled to indemnify and defend such Person (as defined in the Act) against any and all liabilities, expenses, claims, damages or losses incurred by or on behalf of it, him or her in the performance of its, his or her duties hereunder or in connection with activities undertaken by them prior to the Effective Date in connection with the formation, establishment, or funding of the Asbestos PI Trust. Notwithstanding the foregoing, no Asbestos PI Trustee, Delaware Trustee or Additional Indemnitee shall be indemnified or defended in any way for any liability, expense, claim, damage or loss for which it, he or she is ultimately liable under Section 5.4 above.

(b)     Any reasonable fees and expenses incurred by or on behalf of the Asbestos PI Trustee, the Delaware Trustee or an Additional Indemnitee in connection with any action, suit or proceeding, whether civil, administrative or arbitrative, from which it, he or she is indemnified by the Asbestos PI Trust pursuant to Section 5.6(a) above, including without limitation out-of-pocket fees and expenses and attorneys' fees and expenses, shall be paid by the Asbestos PI Trust in advance of the final disposition thereof upon receipt of an undertaking, by or on behalf of the Asbestos PI Trustee, Delaware Trustee or Additional Indemnitee, as the case may be, to repay such amount in the event that it shall be determined by a Final Order that such Asbestos PI Trustee, Delaware Trustee or Additional Indemnitee is not entitled to be indemnified by the Asbestos PI Trust.

(c)     The Asbestos PI Trustee (i) may purchase and maintain reasonable amounts and types of insurance on behalf of any Person (as defined in the Act) who is or was an Asbestos PI Trustee, a Delaware Trustee, or an Additional Indemnitee, and, (ii) if requested by the Asbestos PI Trust Advisory Committee or the Future Claimants' Representative, shall purchase and maintain reasonable amounts and types of insurance on behalf of the Asbestos PI Trust Advisory Committee and the Future Claimants' Representative, including, in either case, for liability asserted against or incurred by such Person (as defined in the Act) in that capacity or arising from its, his or her status with regard to the Asbestos PI Trust. To the extent the Asbestos PI Trust Advisory Committee and/or the Future Claimants' Representative requests insurance coverage pursuant to the preceding sentence, such Person (as defined in the Act) shall cooperate with the Asbestos PI Trust and the Asbestos PI Trustee in seeking the requested insurance coverage. The obligation of the Asbestos PI Trustee to provide insurance requested by the Asbestos PI Trust Advisory Committee or the Future Claimants' Representative shall be subject to the cooperation required in the preceding sentence and further subject to the determination of the Asbestos PI Trustee that the requested amounts and types of insurance are reasonable.

- 14 -

Insurance coverage may, with agreement among the Asbestos PI Trustee, the Asbestos PI Trust Advisory Committee and the Future Claimants' Representative, be provided through self-insurance arrangements.

5.7     Asbestos PI Trustee's Lien.  The Asbestos PI Trustee, the Delaware Trustee and the Additional Indemnitees shall have a first priority lien upon the Asbestos PI Trust Assets to secure the payment of any amounts payable to them pursuant to Section 5.6 above.

5.8     Asbestos PI Trustee's Employment of Experts; Delaware Trustee's Employment of Counsel.

(a)     The Asbestos PI Trustee may, but shall not be required to, retain and/or consult with counsel, accountants, appraisers, auditors, forecasters, experts, financial and investment advisors and such other parties deemed by the Asbestos PI Trustee to be qualified as experts ("Trust Professionals") on any matter submitted to them, and, in the absence of gross negligence, the written opinion of or information provided by any such party deemed by the Asbestos PI Trustee to be an expert on the particular matter submitted to him or her by the Asbestos PI Trustee shall be full and complete authorization and protection in respect of any action taken or not taken by the Asbestos PI Trustee hereunder in good faith and in accordance with the written opinion of or information provided by any such party.

(b)     The Delaware Trustee shall only be permitted to retain counsel and only in such circumstances as required in the exercise of its obligations hereunder, and compliance with the advice of such counsel shall be full and complete authorization and protection for actions taken or not taken by the Delaware Trustee in good faith in compliance with such advice.

5.9     Asbestos PI Trustee's Independence.  The Asbestos PI Trustee shall not, during the term of his or her service, (a) hold a financial interest in, or act as attorney or agent or serve as any other professional for any CIRCOR Related Party or any Watts Related Party, or (b) act as an attorney for any Person (as defined in the Act) who holds an Asbestos PI Claim.  For the avoidance of doubt, this Section 5.9 shall not be applicable to the Delaware Trustee.

5.10     Bond.  The Asbestos PI Trustee and the Delaware Trustee shall not be required to post any bond or other form of surety or security unless otherwise ordered by the Bankruptcy Court.

5.11     Delaware Trustee.

(a)     There shall at all times be a Delaware Trustee.  The "Delaware Trustee" shall either be (i) a natural person who is at least 21 years of age and a resident of the State of Delaware or (ii) a legal entity that has its principal place of business in the State of Delaware, otherwise meets the requirements of applicable Delaware law and acts through one or more persons authorized to bind such entity.  The initial Delaware Trustee shall be Wilmington Trust Company.  If at any time the Delaware Trustee shall cease to be eligible in accordance with the provisions of this Section 5.11, it shall resign immediately in the manner and with the effect hereinafter specified in Section 5.11(c) below.  For the avoidance of doubt, the Delaware Trustee will only have such rights and obligations as expressly provided by reference to the Delaware Trustee hereunder.

- 15 -

(b)     The Delaware Trustee shall not be entitled to exercise any powers, nor shall the Delaware Trustee have any of the duties and responsibilities, of the Asbestos PI Trustee set forth herein. The Delaware Trustee shall be one of the trustees of the Trust for the sole and limited purpose of fulfilling the requirements of Section 3807 of the Act and for taking such actions as are required to be taken by a trustee satisfying the requirements of Section 3807 of the Act. The duties (including fiduciary duties), liabilities and obligations of the Delaware Trustee shall be limited to (i) accepting legal process served on the Asbestos PI Trust in the State of Delaware and (ii) the execution of any certificates required to be filed with the Secretary of State of the State of Delaware that the Delaware Trustee is required to execute under Section 3811 of the Act and there shall be no other duties (including fiduciary duties) or obligations, express or implied, at law or in equity, of the Delaware Trustee.

(c)     The Delaware Trustee shall serve until such time as the Asbestos PI Trustee removes the Delaware Trustee or the Delaware Trustee resigns and a successor Delaware Trustee is appointed by the Asbestos PI Trustee in accordance with the terms of Section 5.11(d) below. The Delaware Trustee may resign at any time upon the giving of at least 60 days' advance written notice to the Asbestos PI Trustee; provided, that such resignation shall not become effective unless and until a successor Delaware Trustee shall have been appointed by the Asbestos PI Trustee in accordance with Section 5.11(d) below. If the Asbestos PI Trustee does not act within such 60-day period, the Delaware Trustee may apply to the Court of Chancery of the State of Delaware for the appointment of a successor Delaware Trustee.

(d)     Upon the resignation or removal of the Delaware Trustee, the Asbestos PI Trustee shall appoint a successor Delaware Trustee by delivering a written instrument to the outgoing Delaware Trustee. Any successor Delaware Trustee must satisfy the requirements of Section 3807 of the Act. Any resignation or removal of the Delaware Trustee and appointment of a successor Delaware Trustee shall not become effective until a written acceptance of appointment is delivered by the successor Delaware Trustee to the outgoing Delaware Trustee and the Asbestos PI Trustee and any fees and expenses due to the outgoing Delaware Trustee are paid. Following compliance with the preceding sentence, the successor Delaware Trustee shall become fully vested with all of the rights, powers, duties and obligations of the outgoing Delaware Trustee under this Agreement, with like effect as if originally named as Delaware Trustee, and the outgoing Delaware Trustee shall be discharged of its duties and obligations under this Agreement.

Article VI<br>Trust Advisory Committee

6.1     <u>Initial Members of the Asbestos PI Trust Advisory Committee.</u>

(a)     The Asbestos PI Trust Advisory Committee shall consist of five (5) members, who shall initially be the persons named on the signature pages hereof.

(b)     Each initial member of the Asbestos PI Trust Advisory Committee shall serve until the earliest of (i) the end of his or her term pursuant to Section 6.3(a) below, (ii) his or her death, (iii) his or her resignation pursuant to Section 6.3(b) below, (iv) his or her removal

- 16 -

pursuant to Section 6.3(c) below, or (v) the termination of the Asbestos PI Trust pursuant to Section 8.2 below.

6.2     Duties.  The members of the Asbestos PI Trust Advisory Committee shall serve in a fiduciary capacity, representing all of the holders of present Asbestos PI Claims for the purpose of protecting the rights of such persons.  The Asbestos PI Trustee must consult with the Asbestos PI Trust Advisory Committee on matters identified in Section 2.2(d) above and in other provisions herein and must obtain the consent of the Asbestos PI Trust Advisory Committee on matters identified in Section 2.2(e) above.  Where provided in the Asbestos PI Trust Distribution Procedures, certain other actions of the Asbestos PI Trustee are also subject to the consent of the Asbestos PI Trust Advisory Committee.

6.3     Term of Office.

(a)     The initial members of the Asbestos PI Trust Advisory Committee appointed in accordance with Section 6.1(a) above shall serve the staggered three-, four-, or five-year terms shown on the signatures pages hereof.  Thereafter, each term of service shall be five (5) years.  Each member of the Asbestos PI Trust Advisory Committee shall serve until the earliest of (i) the end of his or her first full term of office, (ii) his or her death, (iii) his or her resignation pursuant to Section 6.3(b) below, (iv) his or her removal pursuant to Section 6.3(c) below, or (v) the termination of the Asbestos PI Trust pursuant to Section 8.2 below, in each case as specified in 6.1(b) or 6.4(b), as applicable.

(b)     A member of the Asbestos PI Trust Advisory Committee may resign at any time by written notice to the other members of the Asbestos PI Trust Advisory Committee, the Asbestos PI Trustee and the Future Claimants' Representative.  Such notice shall specify a date when such resignation shall take effect, which shall not be less than ninety (90) days after the date such notice is given, where practicable.

(c)     A member of the Asbestos PI Trust Advisory Committee may be removed in the event that he or she becomes unable to discharge his or her duties hereunder due to accident, physical deterioration, mental incompetence, a consistent pattern of neglect and failure to perform or to participate in performing the duties of such member (such as repeated nonattendance of scheduled meetings) or for other good cause.  Such removal shall be made at the recommendation of the other members of the Asbestos PI Trust Advisory Committee with the approval of the Bankruptcy Court.

6.4     Successor Members of the Asbestos PI Trust Advisory Committee.

(a)     If, prior to the termination of service of a member of the Asbestos PI Trust Advisory Committee other than as a result of removal, he or she has designated in writing an individual to succeed him or her as a member of the Asbestos PI Trust Advisory Committee, such individual shall be his or her successor.  If such member of the Asbestos PI Trust Advisory Committee did not designate an individual to succeed him or her prior to the termination of his or her service as contemplated above, such member's law firm may designate his or her successor.  If (i) a member of the Asbestos PI Trust Advisory Committee did not designate an individual to succeed him or her prior to the termination of his or her service and such member's

- 17 -

law firm does not designate his or her successor as contemplated above or (ii) he or she is removed pursuant to Section 6.3(c) above, his or her successor shall be appointed by a majority of the remaining members of the Asbestos PI Trust Advisory Committee or, if such members cannot agree on a successor, the Bankruptcy Court. Nothing in this Agreement shall prevent the reappointment of an individual serving as a member of the Asbestos PI Trust Advisory Committee for an additional term or terms and there shall be no limit on the number of terms that an Asbestos PI Trust Advisory Committee member may serve.

(b)    Each successor member of the Asbestos PI Trust Advisory Committee shall serve until the earliest of (i) the end of a full term of five (5) years for which he or she was appointed if his or her immediate predecessor member of the Asbestos PI Trust Advisory Committee completed his or her term pursuant to Section 6.3(a) above, (ii) the end of the term of the member of the Asbestos PI Trust Advisory Committee whom he or she replaced if his or her predecessor member did not complete such term, (iii) his or her death, (iv) his or her resignation pursuant to Section 6.3(b) above, (v) his or her removal pursuant to Section 6.3(c) above, or (vi) the termination of the Asbestos PI Trust pursuant to Section 8.2 below.

6.5    **TAC's Employment of Professionals.**

(a)    The Asbestos PI Trust Advisory Committee may, but is not required to, retain and/or consult counsel, accountants, appraisers, auditors, forecasters, experts, financial and investment advisors and such other parties deemed by the Asbestos PI Trust Advisory Committee to be qualified as experts on any matter submitted to the Asbestos PI Trust Advisory Committee (the "Asbestos PI Trust Advisory Committee Professionals"). The Asbestos PI Trust Advisory Committee and the Asbestos PI Trust Advisory Committee Professionals shall at all times have complete access to the Asbestos PI Trust's officers, employees and agents, as well as to any Trust Professionals, and shall also have complete access to all information generated by them or otherwise available to the Asbestos PI Trust or the Asbestos PI Trustee; provided that in no event shall the Asbestos PI Trust Advisory Committee, its members or the Asbestos PI Trust Advisory Committee Professionals have any right to consult with counsel to the Asbestos PI Trust or obtain any information in such a manner as would result in the waiver of attorney-client or other applicable privilege belonging to the Asbestos PI Trust. In the absence of gross negligence the written opinion of or information provided by any Asbestos PI Trust Advisory Committee Professional or Trust Professional deemed by the Asbestos PI Trust Advisory Committee to be qualified as an expert on the particular matter submitted to the Asbestos PI Trust Advisory Committee shall be full and complete authorization and protection in support of any action taken or not taken by the Asbestos PI Trust Advisory Committee in good faith and in accordance with the written opinion of or information provided by such Asbestos PI Trust Advisory Committee Professional or Trust Professional.

(b)    The Asbestos PI Trust shall promptly reimburse, or pay directly if so instructed, the Asbestos PI Trust Advisory Committee for any reasonable fees and expenses associated with the Asbestos PI Trust Advisory Committee's employment of legal counsel pursuant to this provision in connection with the Asbestos PI Trust Advisory Committee's performance of its duties hereunder. The Asbestos PI Trust shall also promptly reimburse, or pay directly if so instructed, the Asbestos PI Trust Advisory Committee for any reasonable fees and expenses associated with the Asbestos PI Trust Advisory Committee's employment of any

- 18 -

other Asbestos PI Trust Advisory Committee Professional pursuant to this provision in connection with the Asbestos PI Trust Advisory Committee's performance of its duties hereunder; provided, however, that (i) the Asbestos PI Trust Advisory Committee has first submitted to the Asbestos PI Trust a written request for such reimbursement setting forth the reasons (A) why the Asbestos PI Trust Advisory Committee desires to employ such Asbestos PI Trust Advisory Committee Professional and (B) why the Asbestos PI Trust Advisory Committee cannot rely on Trust Professionals to meet the needs of the Asbestos PI Trust Advisory Committee for such expertise or advice and (ii) the Asbestos PI Trust has approved the Asbestos PI Trust Advisory Committee's request for reimbursement in writing. If the Asbestos PI Trust agrees to pay for the Asbestos PI Trust Advisory Committee Professional, such reimbursement shall be treated as an Asbestos PI Trust Expense. If the Asbestos PI Trust declines to pay for the Asbestos PI Trust Advisory Committee Professional, it must set forth its reasons in writing. If the Asbestos PI Trust Advisory Committee still desires to employ such Asbestos PI Trust Advisory Committee Professional at the expense of the Asbestos PI Trust, the Asbestos PI Trust Advisory Committee and/or the Asbestos PI Trustee shall resolve their dispute in accordance with Section 8.12 below.

6.6    Compensation and Expenses of the Asbestos PI Trust Advisory Committee. Each member of the Asbestos PI Trust Advisory Committee shall receive compensation from the Asbestos PI Trust for attendance at meetings or other Asbestos PI Trust business performed in the form of a reasonable hourly rate set by the Asbestos PI Trustee. In addition, the Asbestos PI Trust shall promptly reimburse each member of the Asbestos PI Trust Advisory Committee for any reasonable out-of-pocket fees and expenses incurred by him or her in connection with the performance of his or her duties as a member of the Asbestos PI Trust Advisory Committee. Such compensation or reimbursement shall be deemed an Asbestos PI Trust Expense. The Asbestos PI Trust shall include a reasonably detailed description of the amounts paid under this Section 6.6 in the Annual Report.

6.7    Procedures for Consultation with and Obtaining the Consent of the Asbestos PI Trust Advisory Committee.

(a)    Consultation Process.

(i)    In the event the Asbestos PI Trustee is required to consult with the Asbestos PI Trust Advisory Committee pursuant to Section 2.2(d) above or on other matters as provided herein, the Asbestos PI Trustee shall provide the Asbestos PI Trust Advisory Committee with written advance notice of the matter under consideration and with all relevant information concerning the matter as is reasonably practicable under the circumstances. The Asbestos PI Trustee shall also provide the Asbestos PI Trust Advisory Committee with such reasonable access to any counsel, accountants, appraisers, auditors, forecasters, experts or financial or investment advisors retained by the Asbestos PI Trust and its staff (if any) as the Asbestos PI Trust Advisory Committee may reasonably request during the time that the Asbestos PI Trustee is considering such matter and shall also provide the Asbestos PI Trust Advisory Committee the opportunity, at reasonable times and for reasonable periods of time, to discuss and comment on such matter with the Asbestos PI Trustee; provided that in no event shall the Asbestos PI Trust Advisory Committee or its members have any right to consult with counsel to

the Asbestos PI Trust or obtain any information in such a manner as would result in the waiver of attorney-client or other applicable privilege belonging to the Asbestos PI Trust.

(ii)    In determining when to take definitive action on any matter subject to the consultation process set forth in this Section 6.7(a), the Asbestos PI Trustee shall take into consideration the time required for the Asbestos PI Trust Advisory Committee, if its members so wish, to engage and consult with its own independent financial or investment advisors as to such matter. In any event, the Asbestos PI Trustee shall not take definitive action on any such matter until at least thirty (30) days after providing the Asbestos PI Trust Advisory Committee with the initial written notice that such matter is under consideration by the Asbestos PI Trustee, unless such time period is waived by the Asbestos PI Trust Advisory Committee.

(b)    Consent Process.

(i)    In the event the Asbestos PI Trustee are required to obtain the consent of the Asbestos PI Trust Advisory Committee pursuant to Section 2.2(e) above, the Asbestos PI Trustee shall provide the Asbestos PI Trust Advisory Committee with a written notice stating that its consent is being sought pursuant to that provision, describing in detail the nature and scope of the action the Asbestos PI Trustee proposes to take and explaining in detail the reasons why the Asbestos PI Trustee desires to take such action. The Asbestos PI Trustee shall provide the Asbestos PI Trust Advisory Committee as much relevant additional information concerning the proposed action as is reasonably practicable under the circumstances. The Asbestos PI Trustee shall also provide the Asbestos PI Trust Advisory Committee with such reasonable access to any counsel, accountants, appraisers, auditors, forecasters, experts or financial or investment advisors retained by the Asbestos PI Trust and its staff (if any) as the Asbestos PI Trust Advisory Committee may reasonably request during the time that the Asbestos PI Trustee considering such action, and shall also provide the Asbestos PI Trust Advisory Committee the opportunity, at reasonable times and for reasonable periods of time, to discuss and comment on such action with the Asbestos PI Trustee; provided that in no event shall the Asbestos PI Trust Advisory Committee or its members have any right to consult with counsel to the Asbestos PI Trust or obtain any information in such a manner as would result in the waiver of attorney-client or other applicable privilege belonging to the Asbestos PI Trust.

(ii)    The Asbestos PI Trust Advisory Committee must consider in good faith and in a timely fashion any request for its consent by the Asbestos PI Trustee and must in any event advise the Asbestos PI Trustee in writing of its consent or its objection to the proposed action within thirty (30) days of receiving the original request for consent from the Asbestos PI Trustee. The Asbestos PI Trust Advisory Committee may not withhold its consent unreasonably. If the Asbestos PI Trust Advisory Committee decides to withhold its consent, it must explain in detail its objections to the proposed action. If the Asbestos PI Trust Advisory Committee does not advise the Asbestos PI Trustee in writing of its consent or its objections to the action within thirty (30) days of receiving notice regarding such request, the Asbestos PI Trust Advisory Committee's consent to the proposed actions shall be deemed to have been affirmatively granted.

(iii)    If, after following the procedures specified in this Section 6.7(b), the Asbestos PI Trust Advisory Committee continues to object to the proposed action and to withhold its consent to the proposed action, the Asbestos PI Trustee and/or the Asbestos PI Trust

46392/0001-6864597v1

Advisory Committee shall resolve their dispute in accordance with Section 8.12 below. However, the burden of proof with respect to the validity of the Asbestos PI Trust Advisory Committee's objection and withholding of its consent shall be on the Asbestos PI Trust Advisory Committee.

Article VII
The Future Claimants' Representative

7.1    Appointment of Initial Future Claimants' Representative. The initial Future Claimants' Representative shall be the individual named on the signature pages hereto.

7.2    Duties. The Future Claimants' Representative shall serve in a fiduciary capacity, representing the interests of the holders of future Asbestos PI Claims for the purpose of protecting the rights of such persons. The Asbestos PI Trustee must consult with the Future Claimants' Representative on matters identified in Section 2.2(d) above and on certain other matters provided herein and must obtain the consent of the Future Claimants' Representative on matters identified in Section 2.2(e) above. Where provided in the Asbestos PI Trust Distribution Procedures, certain other actions by the Asbestos PI Trustee are also subject to the consent of the Future Claimants' Representative.

7.3    Term of Office.

(a)    Each Future Claimants' Representative shall serve until the earliest of (i) his or her death, (ii) his or her resignation pursuant to Section 7.3(b) below, (iii) his or her removal pursuant to Section 7.3(c) below, or (iv) the termination of the Asbestos PI Trust pursuant to Section 8.2 below.

(b)    The Future Claimants' Representative may resign at any time by written notice to the Asbestos PI Trustee. Such notice shall specify a date when such resignation shall take effect, which shall not be less than ninety (90) days after the date such notice is given, where practicable.

(c)    At the request of the Asbestos PI Trustee or the Asbestos PI Trust Advisory Committee, the Future Claimants' Representative may be removed pursuant to an order of the Bankruptcy Court in the event he or she becomes unable to discharge his or her duties hereunder due to accident, physical deterioration, mental incompetence, a consistent pattern of neglect and failure to perform, or to participate in performing, his or her duties hereunder (such as repeated nonattendance at scheduled meetings) or for other good cause.

7.4    Appointment of Successor. A vacancy caused by death or resignation shall be filled with an individual nominated prior to the effective date of the resignation or the death by the resigning or deceased Future Claimants' Representative, and a vacancy caused by removal of the Future Claimants' Representative shall be filled with an individual nominated by the Asbestos PI Trustee in consultation with the Asbestos PI Trust Advisory Committee, subject, in each case, to the approval of the Bankruptcy Court. .

7.5    Future Claimants' Representative's Employment of Professionals.

- 21 -

(a)     The Future Claimants' Representative may, but is not required to, retain and/or consult counsel, accountants, appraisers, auditors, forecasters, experts, financial and investment advisors and such other parties deemed by the Future Claimants' Representative to be qualified as experts on any matter submitted to the Future Claimants' Representative (the "Future Representative Professionals"). The Future Claimants' Representative and the Future Representative Professionals shall at all times have complete access to the Asbestos PI Trust's officers, employees and agents, as well as to Trust Professionals, and shall also have complete access to all information generated by them or otherwise available to the Asbestos PI Trust or the Asbestos PI Trustee; provided that in no event shall the Future Claimants' Representative or the Future Representative Professionals have any right to consult with counsel to the Asbestos PI Trust or obtain any information in such a manner as would result in the waiver of attorney-client or other applicable privilege belonging to the Asbestos PI Trust. In the absence of gross negligence, the written opinion of or information provided by any Future Representative Professional or Trust Professional deemed by the Future Claimants' Representative to be qualified as an expert on the particular matter submitted to the Future Claimants' Representative shall be full and complete authorization and protection in support of any action taken or not taken by the Future Claimants' Representative in good faith and in accordance with the written opinion of or information provided by such Future Representative Professional or Trust Professional.

(b)     The Asbestos PI Trust shall promptly reimburse, or pay directly if so instructed, the Future Claimants' Representative for any reasonable fees and expenses associated with the Future Claimants' Representative's employment of legal counsel pursuant to this provision in connection with the Future Claimants' Representative's performance of his or her duties hereunder. The Asbestos PI Trust shall also promptly reimburse, or pay directly if so instructed, the Future Claimants' Representative for any reasonable fees and expenses associated with the Future Claimants' Representative's employment of any other Future Representative Professional pursuant to this provision in connection with the Future Claimants' Representative's performance of his or her duties hereunder; provided, however, that (i) the Future Claimants' Representative has first submitted to the Asbestos PI Trust a written request for such reimbursement setting forth the reasons (A) why the Future Claimants' Representative desires to employ such Future Representative Professional and (B) why the Future Claimants' Representative cannot rely on Trust Professionals to meet the needs of the Future Claimants' Representative for such expertise or advice and (ii) the Asbestos PI Trust has approved the Future Claimants' Representative's request for reimbursement in writing. If the Asbestos PI Trust agrees to pay for the Future Representative Professional, such reimbursement shall be treated as an Asbestos PI Trust Expense. If the Asbestos PI Trust declines to pay for the Future Representative Professional, it must set forth its reasons in writing. If the Future Claimants' Representative still desires to employ such Future Representative Professional at the expense of the Asbestos PI Trust, the Future Claimants' Representative and/or the Asbestos PI Trustee shall resolve their dispute pursuant to Section 8.12 below.

7.6     Compensation and Expenses of the Future Claimants' Representative. The Future Claimants' Representative shall receive compensation from the Asbestos PI Trust at the rate of $[__] per hour for attendance at meetings or other Asbestos PI Trust business performed. The compensation payable to the Future Claimants' Representative hereunder shall be reviewed every three (3) years and appropriately adjusted by the Asbestos PI Trustee. In addition, the

- 22 -

Asbestos PI Trust shall promptly reimburse the Future Claimants' Representative for any reasonable out-of-pocket fees and expenses incurred by him or her in connection with the performance of his or her duties as the Future Claimants' Representative. Such compensation or reimbursement shall be deemed an Asbestos PI Trust Expense. The Asbestos PI Trust shall include a reasonably detailed description of the amounts paid under this Section 7.6 in the Annual Report.

      7.7    Procedures for Consultation with and Obtaining the Consent of the Future Claimants' Representative.

        (a)    Consultation Process.

          (i)    In the event the Asbestos PI Trustee are required to consult with the Future Claimants' Representative pursuant to Section 2.2(d) above or on any other matters specified herein, the Asbestos PI Trustee shall provide the Future Claimants' Representative with written advance notice of the matter under consideration and with all relevant information concerning the matter as is reasonably practicable under the circumstances. The Asbestos PI Trustee shall also provide the Future Claimants' Representative with such reasonable access to any counsel, accountants, appraisers, auditors, forecasters, experts or financial or investment advisor retained by the Asbestos PI Trust and its staff (if any) as the Future Claimants' Representative may reasonably request during the time that the Asbestos PI Trustee are considering such matter, and shall also provide the Future Claimants' Representative the opportunity, at reasonable times and for reasonable periods of time, to discuss and comment on such matter with the Asbestos PI Trustee; provided that in no event shall the Future Claimants' Representative have any right to consult with counsel to the Asbestos PI Trust or obtain any information in such a manner as would result in the waiver of attorney-client or other applicable privilege belonging to the Asbestos PI Trust.

          (ii)    In determining when to take definitive action on any matter subject to the consultation process set forth in this Section 7.7(a), the Asbestos PI Trustee shall take into consideration the time required for the Future Claimants' Representative, if he or she so wishes, to engage and consult with his or her own independent financial or investment advisors as to such matter. In any event, the Asbestos PI Trustee shall not take definitive action on any such matter until at least thirty (30) days after providing the Future Claimants' Representative with the initial written notice that such matter is under consideration by the Asbestos PI Trustee, unless such time period is waived by the Future Claimants' Representative.

        (b)    Consent Process.

          (i)    In the event the Asbestos PI Trustee is required to obtain the consent of the Future Claimants' Representative pursuant to Section 2.2(e) above, the Asbestos PI Trustee shall provide the Future Claimants' Representative with a written notice stating that his or her consent is being sought pursuant to that provision, describing in detail the nature and scope of the action the Asbestos PI Trustee proposes to take and explaining in detail the reasons why the Asbestos PI Trustee desire to take such action. The Asbestos PI Trustee shall provide the Future Claimants' Representative as much relevant additional information concerning the proposed action as is reasonably practicable under the circumstances. The Asbestos PI Trustee

46392/0001-6864597v1

shall also provide the Future Claimants' Representative with such reasonable access to any counsel, accountants, appraisers, auditors, forecasters, experts or financial or investment advisors retained by the Asbestos PI Trust and its staff (if any) as the Future Claimants' Representative may reasonably request during the time that the Asbestos PI Trustee is considering such action, and shall also provide the Future Claimants' Representative the opportunity, at reasonable times and for reasonable periods of time, to discuss and comment on such action with the Asbestos PI Trustee; provided that in no event shall the Future Claimants' Representative have any right to consult with counsel to the Asbestos PI Trust or obtain any information in such a manner as would result in the waiver of attorney-client or other applicable privilege belonging to the Asbestos PI Trust.

(ii)     The Future Claimants' Representative must consider in good faith and in a timely fashion any request for his or her consent by the Asbestos PI Trustee and must in any event advise the Asbestos PI Trustee in writing of his or her consent or objection to the proposed action within thirty (30) days of receiving the original request for consent from the Asbestos PI Trustee.  The Future Claimants' Representative may not withhold his or her consent unreasonably.  If the Future Claimants' Representative decides to withhold consent, he or she must explain in detail his or her objections to the proposed action.  If the Future Claimants' Representative does not advise the Asbestos PI Trustee in writing of his or her consent or objections to the proposed action within thirty (30) days of receiving the notice from the Asbestos PI Trustee regarding such consent, the Future Claimants' Representative's consent shall be deemed to have been affirmatively granted.

(iii)     If, after following the procedures specified in this Section 7.7(b), the Future Claimants' Representative continues to object to the proposed action and to withhold his or her consent to the proposed action, the Asbestos PI Trustee and/or the Future Claimants' Representative shall resolve their dispute in accordance with Section 8.12 below.  However, the burden of proof with respect to the validity of the Future Claimants' Representative's objection and withholding of his or her consent shall be on the Future Claimants' Representative.

Article VIII
General Provisions

8.1     Irrevocability.  The Asbestos PI Trust is irrevocable.

8.2     Term and Termination.

(a)     The term for which the Asbestos PI Trust is to exist shall commence on the date of the filing of the Certificate of Trust and shall terminate pursuant to the provisions of Section 8.2 below.

(b)     The Asbestos PI Trust shall automatically dissolve on the date (the "Dissolution Date") ninety (90) days after the first to occur of the following:

(i)     the date on which the Asbestos PI Trustee decides to dissolve the Asbestos PI Trust because (A) the Asbestos PI Trustee deems it unlikely that any new Asbestos PI Claim will be filed against the Asbestos PI Trust, (B) all Asbestos PI Claims duly filed with the Asbestos PI Trust have been liquidated and, to the extent possible based upon the funds

- 24 -

available to the Asbestos PI Trust through the Plan, paid to the extent provided in this Agreement and the Asbestos PI Trust Distribution Procedures or disallowed by a final, non-appealable order, and (C) twelve (12) consecutive months have elapsed during which no new Asbestos PI Claim has been filed with the Asbestos PI Trust;

(ii)    if the Asbestos PI Trustee has procured and has in place irrevocable insurance policies and have established claims handling agreements and other necessary arrangements with suitable third parties adequate to discharge all expected remaining obligations and expenses (including without limitation Asbestos PI Trust Expenses) of the Asbestos PI Trust in a manner consistent with this Agreement and the Asbestos PI Trust Distribution Procedures, the date on which the Bankruptcy Court enters an order approving such insurance and other arrangements and such order becomes a Final Order; or

(iii)    to the extent that any rule against perpetuities shall be deemed applicable to the Asbestos PI Trust, that date which is twenty-one (21) years less ninety-one (91) days after the death of the last survivor of all of the descendants of the late Joseph P. Kennedy, Sr., father of the late President John F. Kennedy, living on the date hereof.

(c)    On the Dissolution Date or as soon as reasonably practicable, after the wind-up of the Asbestos PI Trust's affairs by the Asbestos PI Trustee and payment of all the Asbestos PI Trust's liabilities (including without limitation Asbestos PI Trust Expenses) has been provided for as required by applicable law including Section 3808 of the Act, all assets remaining in the Asbestos PI Trust estate shall be given to such organization(s) exempt from federal income tax under section 501(c)(3) of the IRC, which tax-exempt organization(s) shall be selected by the Asbestos PI Trustee using his or her reasonable discretion; provided, however, that (i) if practicable, the activities of the selected tax-exempt organization(s) shall be related to the treatment of, research on or the relief of suffering of individuals suffering from asbestos-related lung diseases or disorders and (ii) the tax-exempt organization(s) shall not bear any relationship to the Company or CIRCOR within the meaning of section 468B(d)(3) of the IRC. Notwithstanding any contrary provision of the Plan and related documents, this Section 8.2(c) cannot be modified or amended.

(d)    Following the dissolution and distribution of the assets of the Asbestos PI Trust, the Asbestos PI Trust shall terminate and the Asbestos PI Trustee, or any one of them, shall execute and cause a Certificate of Cancellation of the Certificate of Trust of the Asbestos PI Trust to be filed in accordance with the Act. Notwithstanding anything to the contrary contained in this Agreement, the existence of the Asbestos PI Trust as a separate legal entity shall continue until the filing of such Certificate of Cancellation.

8.3    Amendments. The Asbestos PI Trustee may modify or amend this Agreement by a writing signed by each Asbestos PI Trustee; provided, however, that any such amendment shall require the consent of the Asbestos PI Trust Advisory Committee and the Future Claimants' Representative in accordance with Section 2.2(e) above; and provided, further, that no such modification or amendment, unless the modification or amendment is signed by the Delaware Trustee, may adversely affect the rights, duties or obligations of the Delaware Trustee. The Asbestos PI Trustee may modify or amend the Asbestos PI Trust Distribution Procedures by a writing signed by each Asbestos PI Trustee with the consent of the Asbestos PI Trust Advisory

- 25 -

Committee and the Future Claimants' Representative as provided in the Asbestos PI Trust Distribution Procedures; provided, however, that no amendment to such procedures shall be inconsistent with the provisions limiting amendments to such procedures provided therein and, in particular, the provisions limiting amendment of the "Claims Payment Ratio" set forth in Section 2.5 of the Asbestos PI Trust Distribution Procedures and of the "Payment Percentage" set forth in Section 4.2 of the Asbestos PI Trust Distribution Procedures. Notwithstanding anything contained in this Agreement to the contrary, none of this Agreement, the Asbestos PI Trust Distribution Procedures or the Trust Bylaws, or any document annexed to the foregoing, shall be modified or amended in any way that could jeopardize, impair or modify the applicability of section 524(g) of the Bankruptcy Code, the efficacy or enforceability of the Asbestos PI Channeling Injunction or the Asbestos PI Trust's qualified settlement fund status under section 1.468B-1 et seq. of the Treasury Regulations promulgated under section 468B of the IRC.

8.4    Severability. Should any provision in this Agreement be determined to be unenforceable, such determination shall in no way limit or affect the enforceability and operative effect of any and all other provisions of this Agreement.

8.5    Notices.

(a)    Any notices or other communications required or permitted hereunder to any person asserting an Asbestos PI Claim shall be in writing and delivered at the address for such person or, where applicable, such person's legal representative, in each case as provided on such person's claim form submitted to the Asbestos PI Trust with respect to his or her claim, or mailed by first class mail, postage prepaid, addressed to such address.

(b)    Any notices or other communications required or permitted hereunder to any of the following parties shall be in writing and delivered at the address, email address or facsimile number for such party designated below, or in accordance with such other instructions as may hereafter be furnished in writing to each of the other parties listed below in compliance with the terms hereof.

To Leslie:

> Leslie Controls, Inc.
> c/o Tom Warner
> 12501 Telecom Drive
> Tampa, FL 33637-0906

> with a copy (which alone will not constitute notice) to:

> Norman L. Pernick, Esq.
> Marion M. Quirk, Esq.
> Cole, Schotz, Meisel, Forman & Leonard, P.A.
> 500 Delaware Avenue, 1410
> Wilmington, DE 19801

To CIRCOR:

CIRCOR International, Inc.
c/o Alan J. Glass, Esq.
25 Corporate Drive, Suite 130
Burlington, MA 01803

with a copy (which alone will not constitute notice) to:

William R. Hanlon, Esq.
Goodwin Procter LLP
901 New York Avenue, N.W.
Suite 900 East
Washington, DC 20001

To the Asbestos PI Trust through the Asbestos PI Trustee:

_____
_____
_____
Facsimile:_____
Email:_____

_____
_____
_____
Facsimile:_____
Email:_____

with a copy to:

_____
_____
_____
Facsimile:_____
Email:_____

To the Delaware Trustee:

Wilmington Trust Company

_____
_____
_____
Facsimile:_____
Email:_____

To the Asbestos PI Trust Advisory Committee:

- 27 -

_____
_____
_____
_____
Facsimile:_____
Email:_____

_____
_____
_____
Facsimile:_____
Email:_____

_____
_____
_____
Facsimile:_____
Email:_____

_____
_____
_____
Facsimile:_____
Email:_____

_____
_____
_____
Facsimile:_____
Email:_____

with a copy to:

_____
_____
_____
Facsimile:_____
Email:_____

To the Future Claimants' Representative:

- 28 -

_____
_____
_____
Facsimile:_____
Email:_____

with a copy to:

_____
_____
_____
Facsimile:_____
Email:_____

(c)    All notices and communications shall be effective: (i) if mailed, when physically delivered at the designated addresses, or (ii) if electronically mailed, when the communication is received at the designated addresses and confirmed by the recipient by return transmission.

8.6    Successors and Assigns. The provisions of this Agreement shall be binding upon and inure to the benefit of the Company, the Asbestos PI Trust, the Asbestos PI Trustee, the Delaware Trustee, the members of the Asbestos PI Trust Advisory Committee, the Future Claimants' Representative and their respective successors and assigns, except that none of such persons may assign or otherwise transfer any of its rights or obligations under this Agreement except, in the case of the Asbestos PI Trust and the Asbestos PI Trustee, as contemplated by Section 2.1 above.

8.7    Limitation on Claim Interests for Securities Laws Purposes. Asbestos PI Claims and any interests therein (a) shall not be assigned, conveyed, hypothecated, pledged or otherwise transferred, voluntarily or involuntarily, directly or indirectly, except by will or under the laws of descent and distribution, (b) shall not be evidenced by a certificate or other instrument, (c) shall not possess any voting rights, or (d) shall not be entitled to receive any dividends or interest; provided, however, that clause (a) of this Section 8.7 shall not apply to the holder of a claim that is subrogated to an Asbestos PI Claim as a result of its satisfaction of such claim.

8.8    Entire Agreement; No Waiver. The entire agreement of the parties relating to the subject matter of this Agreement is contained herein and in the documents referred to herein, and this Agreement and such documents supersede any prior oral or written agreements concerning the subject matter hereof. No failure to exercise or delay in exercising any right, power or privilege hereunder shall operate as a waiver thereof, nor shall any single or partial exercise of any right, power or privilege hereunder preclude any further exercise thereof or of any other right, power or privilege. The rights and remedies herein provided are cumulative and are not exclusive of rights under law or in equity.

8.9    Headings. The headings used in this Agreement are inserted for convenience only and do not constitute a portion of this Agreement, nor in any manner affect the construction of the provisions of this Agreement.

- 29 -

8.10    Governing Law. This Agreement shall be governed by, and construed in accordance with, the laws of the State of Delaware without regard to Delaware conflict of laws principles; provided, however, that there shall not be applicable to the parties hereunder or this Agreement any provision of the laws (common or statutory) of the state of Delaware pertaining to trusts that relate to or regulate, in a manner inconsistent with the terms hereof, (a) the filing with any court or governmental body or agency of trustee accounts or schedules of trustee fees and charges, (b) affirmative requirements to post bonds for the Trustee, officers, agents or employees of a trust, (c) the necessity for obtaining court or other governmental approval concerning the acquisition, holding or disposition of real or personal property, (d) fees or other sums payable to the Trustee, officers, agents or employees of a trust, (e) the allocation of receipts and expenditures to income or principal, (f) restrictions or limitations on the permissible nature, amount or concentration of trust investments or requirements relating to the titling, storage or other manner of holding or investing trust assets or (g) the establishment of fiduciary or other standards of responsibility or limitations on the acts or powers of the Trustee that are inconsistent with the limitations or authorities and powers of the Asbestos PI Trustee and Delaware Trustee hereunder as set forth or referenced in this Agreement. Section 3540 of title 12 of the Delaware Code shall not apply to the Asbestos PI Trust.

8.11    Settlors Representative and Cooperation. The Company and CIRCOR are hereby irrevocably designated as the settlors of the Asbestos PI Trust, and they are hereby authorized to take any action required as such in connection with this Agreement. The Company and CIRCOR agree to cooperate in implementing the goals and objectives of the Asbestos PI Trust.

8.12    Dispute Resolution. Any disputes that arise under this Agreement or under the Asbestos PI Trust Distribution Procedures shall be resolved by submission of the matter to an alternative dispute resolution ("ADR") process mutually agreeable to the parties involved. Should any party to the ADR process be dissatisfied with the decision of the arbitrator(s), that party may apply to the Bankruptcy Court for a judicial determination of the matter. Any review conducted by the Bankruptcy Court shall be de novo. In any case, if the dispute arose pursuant to the consent provision set forth in Section 6.7(b) above or Section 7.7(b) above, the burden of proof shall be on the party or parties who withheld consent to show that the objection was valid. Should the dispute not be resolved by the ADR process within thirty (30) days after submission, the parties are relieved of the requirement to pursue ADR prior to application to the Bankruptcy Court. If the Asbestos PI Trustee determines that the matter in dispute is exigent and cannot await the completion of the ADR process, the Asbestos PI Trustee shall have the discretion to elect out of the ADR process altogether or at any stage of the process and seek resolution of the dispute in the Bankruptcy Court.

8.13    Enforcement and Administration. The provisions of this Agreement and the Asbestos PI Trust Distribution Procedures attached hereto shall be enforced by the Bankruptcy Court pursuant to the Plan. The parties hereby further acknowledge and agree that the Bankruptcy Court shall have exclusive jurisdiction over the settlement of the accounts of the Asbestos PI Trust and over any disputes hereunder not resolved by ADR in accordance with Section 8.12 above. Notwithstanding anything else herein contained, to the extent any provision of this Agreement is inconsistent with any provision of the Asbestos PI Trust Distribution Procedures or the Plan, the Asbestos PI Trust Distribution Procedures or the Plan, as the case may be, shall control.

- 30 -

8.14    <u>Effectiveness</u>.  This Agreement shall not become effective until it has been executed and delivered by all the parties hereto.

8.15    <u>Counterpart Signatures</u>.  This Agreement may be executed in any number of counterparts, each of which shall constitute an original, but such counterparts shall together constitute but one and the same instrument.

8.16    <u>Meetings</u>.  The Delaware Trustee shall not be required nor permitted to attend meetings related to the Asbestos PI Trust.

- 31 -

IN WITNESS WHEREOF, the parties have executed this Agreement as of the day and year first written above.

**SETTLORS**

LESLIE CONTROLS, INC.

By:_____
Name:_____
Title:_____

CIRCOR INTERNATIONAL, INC.

By:_____
Name:_____
Title:_____

**ASBESTOS PI TRUSTEE**

_____
Name:_____
Expiration Date of Initial Term:_____
anniversary of the date of this Agreement

**DELAWARE TRUSTEE**

**[TRUST CO.]**

By:_____
Name:_____
Title:_____

**MEMBERS OF THE ASBESTOS PI TRUST ADVISORY COMMITTEE**

46392/0001-6864597v1

Name:_____
Expiration Date of Initial Term:_____
anniversary of the date of this Agreement


Name:_____
Expiration Date of Initial Term:_____
anniversary of the date of this Agreement


Name:_____
Expiration Date of Initial Term:_____
anniversary of the date of this Agreement


Name:_____
Expiration Date of Initial Term:_____
anniversary of the date of this Agreement


Name:_____
Expiration Date of Initial Term:_____
anniversary of the date of this Agreement


## FUTURE CLAIMANTS' REPRESENTATIVE


Name:_____
Expiration Date of Initial Term:_____
anniversary of the date of this Agreement

- 33 -

## EXHIBIT A

CERTIFICATE OF TRUST

OF

LESLIE CONTROLS, INC.

ASBESTOS PERSONAL INJURY TRUST

THIS Certificate of Trust of the Leslie Controls, Inc. Asbestos Personal Injury Trust (the "Trust") is being duly executed and filed by the undersigned, as Trustee, to form a statutory trust under the Delaware Statutory Trust Act (12 Del. Code, § 3801 et seq.) (the "Act").

1.      Name.  The name of the statutory trust formed hereby is Leslie Controls, Inc. Asbestos Personal Injury Trust.

2.      Delaware Trustee.  The name and business address of the trustee of the Trust in the State of Delaware are Wilmington Trust Company, _____, Wilmington, Delaware 19890-1625, Attention: _____.

3.      Effective Date.  This Certificate of Trust shall be effective upon filing.

[SIGNATURE PAGE FOLLOWS]

- 34 -

IN WITNESS WHEREOF, the undersigned have duly executed this Certificate of Trust in accordance with Section 3 811(a) of the Act.

**[TRUST CO.],** not in its individual capacity but solely as Delaware Trustee

By:_____

Name:_____

Title:_____



_____

_____, not in his individual capacity but solely as Asbestos PI Trustee

# EXHIBIT B

Asbestos PI Trust Indemnification Agreement

Exhibit B
to Leslie Controls, Inc.
Asbestos Personal Injury Trust Agreement

INDEMNIFICATION AGREEMENT

by and among

Leslie Controls, Inc.,

and

CIRCOR International, Inc.,

and

Leslie Controls, Inc. Asbestos Personal Injury Trust,


Dated as of _____, 2010

# INDEMNIFICATION AGREEMENT

This Indemnification Agreement (this "Agreement") is effective as of _____, 2010, by and among (i) Leslie Controls, Inc. (the "Debtor" or "Leslie"), a debtor and debtor in possession in Case No. ___-_____ (_____) before the United States Bankruptcy Court for the District of Delaware, (ii) CIRCOR International, Inc., a Delaware corporation ("CIRCOR") and (iii) Leslie Controls, Inc. Asbestos Personal Injury Trust (the "Asbestos PI Trust").

## RECITALS

**WHEREAS,** at the time of the entry of the order for relief in the Chapter 11 Case, personal-injury and wrongful-death claims based on the presence of, or exposure to, asbestos or asbestos-containing products had been asserted against the Debtor, CIRCOR, and certain other parties;

**WHEREAS,** the Debtor has reorganized under the provisions of chapter 11 of the Bankruptcy Code in a case known as *In re Leslie Controls, Inc.*, Case No. ___-_____ (_____), pending before the Bankruptcy Court;

**WHEREAS,** the Plan provides for, among other things, the creation of the Asbestos PI Trust;

**WHEREAS,** all Asbestos PI Claims are channeled to the Asbestos PI Trust pursuant to the Asbestos PI Channeling Injunction;

**WHEREAS,** notwithstanding the Asbestos PI Channeling Injunction, to the extent any Asbestos PI Claim is asserted against the Debtor, the Reorganized Debtor, CIRCOR or any other Protected Party, the Asbestos PI Trust will indemnify such Entities pursuant to this Agreement;

**WHEREAS,** the Debtor, CIRCOR, the Trustees, members of the Trust Advisory Committee and the Future Claimants' Representative have entered into the Leslie Controls, Inc. Asbestos Personal Injury Trust Agreement (the "Asbestos PI Trust Agreement");

**WHEREAS,** pursuant to the Plan and the Asbestos PI Trust Agreement, the Asbestos PI Trust is to use its assets and income to pay Asbestos PI Claims;

**WHEREAS,** the Plan provides for, among other things, the resolution of all liabilities and obligations of the Indemnitees with respect to Asbestos PI Claims;

**WHEREAS,** the Plan provides for, among other things, Leslie and CIRCOR to make the Asbestos PI Trust Contributions to the Asbestos PI Trust; and

**WHEREAS,** the Asbestos PI Trust Agreement requires that the Asbestos PI Trust indemnify the Indemnitees for Asbestos PI Claims.

**NOW, THEREFORE**, in consideration of the foregoing and the covenants and agreements set forth below and such other valuable consideration, the Parties hereto agree as follows:

## ARTICLE I

## DEFINITIONS

Section 1.1    (a) <u>Interpretation</u>.  All capitalized terms used herein but not otherwise defined shall have the respective meanings given to such terms in the Plan of Reorganization of Leslie Controls, Inc. Under Chapter 11 of the Bankruptcy Code (the "<u>Plan</u>"), and such definitions are incorporated herein by reference.  All capitalized terms not defined herein or in the Plan, but defined in the Bankruptcy Code or Bankruptcy Rules, shall have the meanings given to them in such code and rules, and such definitions are incorporated herein by reference.  When a reference is made in this Agreement to an Article or a Section, such reference shall be to an article or section of this Agreement unless otherwise indicated.

(b)    <u>Definitions</u>.

"<u>Indemnified Claims</u>" means any claims against any of the Indemnitees arising out of an Asbestos PI Claim.

"<u>Indemnitees</u>" means (i) Leslie and Reorganized Leslie; (ii) CIRCOR and any other CIRCOR Related Party; (iii) Watts and any other Watts Related Party; and (iv) any current or former Representative of any of the above, in their capacities as such.

"<u>Liabilities</u>" means any and all costs, expenses, actions, causes of action, suits, controversies, damages, claims, demands, debts, liabilities or obligations of any nature, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, liquidated or unliquidated, matured or not matured, contingent or direct, whether arising at common law, in equity, or under any statute.

"<u>Party</u>" means each of the signatories hereto.

"<u>Representatives</u>" means, with respect to any specified Entity, all current or former officers, directors, employees, agents, attorneys, accountants, financial advisors, other representatives, or any person who controls any of these within the meaning of the Securities Act of 1933, as amended, or the Securities Exchange Act of 1934, as amended.

## ARTICLE II

## INDEMNIFICATION

Section 2.1    <u>Indemnification by the Asbestos PI Trust</u>.  Except as otherwise provided in this Agreement, the Asbestos PI Trust shall indemnify, defend, pay the reasonable defense costs for, and hold harmless the Indemnitees from and against any and all Liabilities associated with the Indemnified Claims that any third party seeks to impose upon the

2

Indemnitees, or that are imposed upon the Indemnitees, including, without limitation, Indirect Asbestos PI Claims.

In the event that the Asbestos PI Trust makes a payment to any of the Indemnitees hereunder, and any Liabilities on account of which such payment was made are subsequently reduced, either directly or through a third-party recovery, the applicable Indemnitees will promptly repay the Asbestos PI Trust the amount by which the payment made by the Asbestos PI Trust exceeds the associated indemnified Liabilities after taking into account such reduction.

Section 2.2    Procedures for Defense, Settlement, and Indemnification of Trust Claims.

(a)    Notice of Claims.  If an Indemnitee shall receive notice or otherwise learn of the assertion or commencement by an Entity of any Indemnified Claim with respect to which the Asbestos PI Trust may be obligated to provide indemnification to such Indemnitee pursuant to Section 2.1, the Indemnitee shall give the Asbestos PI Trust written notice thereof within thirty (30) days after becoming aware of such Indemnified Claim.  Any such notice shall describe the Indemnified Claim in reasonable detail.  Notwithstanding the foregoing, the delay or failure of any Indemnitee to give notice as provided in this Section 2.2(a) shall not relieve the Asbestos PI Trust of its obligations under this Article II, except to the extent that the Asbestos PI Trust is actually prejudiced by such delay or failure to give notice.

(b)    Defense by Asbestos PI Trust.  The Asbestos PI Trust shall have the sole right to manage the defense of any Indemnified Claim for which the Asbestos PI Trust may be obligated to provide indemnification to an Indemnitee pursuant to Section 2.1.  Within thirty (30) days after the receipt of notice from an Indemnitee in accordance with Section 2.2(a) (or sooner, if the nature of such Indemnified Claim so requires), the Asbestos PI Trust shall notify the Indemnitee that the Asbestos PI Trust will assume responsibility for managing the defense of such Indemnified Claim, which notice shall specify any reservations or exceptions.

(c)    Defense by Indemnitee.  If the Asbestos PI Trust fails to assume responsibility for managing the defense of an Indemnified Claim for which the Asbestos PI Trust may be obligated to provide indemnification to an Indemnitee pursuant to Section 2.1, or fails to notify an Indemnitee that it will assume responsibility as provided in Section 2.2(b), such Indemnitee may manage the defense of such Indemnified Claim; provided, however, that the Asbestos PI Trust shall reimburse all such reasonable costs and expenses in the event it is ultimately determined that the Asbestos PI Trust is obligated to indemnify the Indemnitee with respect to such Indemnified Claim.

(d)    No Consent to Certain Judgments or Settlements Without Consent. Notwithstanding any provision of this Section 2.2, no Party shall consent to entry of any judgment or enter into any settlement of an Indemnified Claim for which the Asbestos PI Trust may be obligated to provide indemnification to an Indemnitee pursuant to Section 2.1 without the consent of the other Party (such consent not to be unreasonably withheld), if the effect of such judgment or settlement is to permit any injunction, declaratory judgment, other order, or other nonmonetary relief to be entered, directly or indirectly, against the other Party.

46392/0001-6864592v1

(e)     Subrogation.  In the event of payment by or on behalf of the Asbestos PI Trust to or on behalf of any Indemnitee in connection with any Indemnified Claim, the Asbestos PI Trust shall be subrogated to and shall stand in the place of such Indemnitee, in whole or in part based upon whether the Asbestos PI Trust has paid all or only part of the Indemnitee's Liability, as to any events or circumstances in respect of which such Indemnitee may have any right, defense, or claim relating to such Indemnified Claim against any claimant or plaintiff asserting such Indemnified Claim or against any other Entity.  Such Indemnitee shall cooperate with the Asbestos PI Trust in a reasonable manner, and at the cost and expense of the Asbestos PI Trust, in prosecuting any subrogated right, defense, or claim.

## ARTICLE III

## MISCELLANEOUS

Section 3.1     Entire Agreement.  Except as provided otherwise in the Plan Documents or the Confirmation Order, this Agreement constitutes the entire agreement among the Parties with respect to the subject matter hereof and shall supersede all prior written and oral and all contemporaneous oral agreements and understandings with respect to the subject matter hereof; provided, however, that, in the event of an inconsistency between this Agreement and the Plan, the Plan shall govern.

Section 3.2     Governing Law.  This Agreement shall be governed by, and construed in accordance with, and all disputes hereunder shall be governed by, the laws of the State of Delaware, without regard to its conflicts of law principles.

Section 3.3     Descriptive Headings.  The headings contained in this Agreement are for reference purposes only and shall not affect in any way the meaning or interpretation of this Agreement.

Section 3.4     Notices.  Any notice, statement, or other report required or permitted by this Agreement must be: (i) in writing and is deemed given when (a) delivered personally to the recipient, (b) sent by facsimile before 5:00 p.m. prevailing Eastern time on a Business Day with a copy of such facsimile sent to the recipient by reputable overnight courier service (charges prepaid) on the same day, (c) five (5) days after deposit in the United States mail, mailed by registered or certified mail, return receipt requested, postage prepaid, or (d) one (1) Business Day after being sent to the recipient by reputable overnight courier service (charges prepaid); and (ii) addressed to the parties to whom such notice, statement or report is directed (and, if required, its counsel) at the addresses set forth below, or at such other address as such party may designate from time to time in writing in accordance with this Section 3.4.

If to the Asbestos PI Trust through the Trustees:

_____

_____

_____

_____

_____

4

With copies to:

_____
_____
_____
_____

If to the Debtor:

    Leslie Controls, Inc.
    c/o President
    12501 Telecom Drive
    Tampa, FL 33637-0906

with a copy (which alone will not constitute notice) to:

    Norman L. Pernick, Esq.
    Marion M. Quirk, Esq.
    Cole, Schotz, Meisel, Forman & Leonard, P.A.
    500 Delaware Avenue, 1410
    Wilmington, DE 19801

If to CIRCOR:

    CIRCOR International, Inc.
    c/o General Counsel
    25 Corporate Drive, Suite 130
    Burlington, MA 01803

with a copy (which alone will not constitute notice) to:

    William R. Hanlon, Esq.
    Richard M. Wyner, Esq.
    Goodwin Procter LLP
    901 New York Avenue, N.W.
    Suite 900 East
    Washington, DC 20001

      Section 3.5    Third-Party Beneficiaries.  This Agreement shall inure to the benefit of the Parties, Watts and any Watts Related Parties, and each of their respective successors and assigns.  Except for the Indemnitees and the Asbestos PI Trust, nothing in this Agreement, express or implied, is intended to confer upon any other Entity any rights or remedies of any nature whatsoever under or by reason of this Agreement.

      Section 3.6    Other Agreements Evidencing Indemnification Obligations.  The Asbestos PI Trust hereby agrees to execute, for the benefit of any Indemnitee, such documents as

5

may be reasonably requested by such Indemnitee, evidencing the Asbestos PI Trust's agreement that the indemnification obligations of the Asbestos PI Trust set forth in this Agreement inure to the benefit of, and are enforceable by, such Indemnitee.

Section 3.7     Counterparts.  This Agreement and the other documents referred to herein may be executed in counterparts, each of which shall be deemed to be an original but all of which shall constitute one and the same agreement.

Section 3.8     Binding Effect; Assignment.  No Party may assign or transfer this Agreement, directly or indirectly, in whole or in part, whether by operation of law or otherwise, without the other Parties' prior written consents, and any attempted assignment, transfer, or delegation without such prior written consents shall be voidable at the sole option of such other Parties.  Notwithstanding the foregoing, each Party (or its permitted successive assignees or transferees hereunder) may assign or transfer this Agreement as a whole without consent to an entity that succeeds to all or substantially all of the business or assets of such Party.  Without limiting the foregoing, this Agreement will be binding upon, and inure to the benefit of, the Parties and their permitted successors and assigns.  This Agreement may be enforced separately by the Asbestos PI Trust and each Indemnitee.

Section 3.9     Severability.  If any term or other provision of this Agreement is determined by a court, administrative agency, or arbitrator to be invalid, illegal, or incapable of being enforced by any rule of law or public policy, all other conditions and provisions of this Agreement will nevertheless remain in full force and effect so long as the economic or legal substance of the transactions contemplated is not affected in any manner materially adverse to any Party.  Upon such determination that any term or other provision is invalid, illegal, or incapable of being enforced, the Parties shall negotiate in good faith to modify this Agreement so as to effect the original intent of the Parties as closely as possible in an acceptable manner to the end that transactions contemplated hereby are fulfilled to the fullest extent possible.

Section 3.10     Failure or Indulgence Not Waiver; Remedies Cumulative.  No failure or delay on the part of any Party hereto in the exercise of any right hereunder shall impair such right or be construed to be a waiver of, or acquiescence in, any breach of any representation, warranty, or agreement herein, nor shall any single or partial exercise of any such right preclude other or further exercise thereof or of any other right.

Section 3.11     Amendment.  No change or amendment will be made to this Agreement except by an instrument in writing signed on behalf of each of the Parties to this Agreement.

6

**IN WITNESS WHEREOF,** each of the Parties has caused this Indemnification to be executed on its behalf by its duly authorized officers thereunto on the day and year first above written.

**Leslie Controls, Inc.**

By:_____
    Name:
    Title:

**CIRCOR International, Inc.:**

By:_____
    Name:
    Title:

**Leslie Controls, Inc. Asbestos Personal Injury Trust:**

By:_____
    Name:
    Title:

# EXHIBIT B
## ASBESTOS PI TRUST BYLAWS

# LESLIE CONTROLS, INC.
## ASBESTOS PERSONAL INJURY TRUST
## BYLAWS

## ARTICLE I

### OFFICES

**SECTION 1: Principal Office:** The initial principal office of the Leslie Controls, Inc. Asbestos Personal Injury Trust[1] (the "Asbestos PI Trust") shall be at [**Trust Co.**] _____, DE ____, or in any other place as the Asbestos PI Trustee shall from time to time select.

**SECTION 2: Other Offices:** The Asbestos PI Trust may have other offices at other places as the Asbestos PI Trustee may from time to time determine to be necessary for the efficient and cost-effective administration of the Asbestos PI Trust.

## ARTICLE II

### ASBESTOS PI TRUSTEE

**SECTION 1: Control of Property, Business and Affairs:** The property, business and affairs of the Asbestos PI Trust shall be managed by or under the direction of the Asbestos PI Trustee, provided that certain decisions of the Asbestos PI Trustee shall require the consent of the Asbestos PI Trust Advisory Committee and the Future Claimants' Representative, as provided in the Asbestos PI Trust Agreement.

**SECTION 2: Number, Resignation and Removal:** The number of Asbestos PI Trustee and the provisions governing the resignation and removal of an Asbestos PI Trustee and the appointment of a successor Asbestos PI Trustee shall be governed by the provisions of Article V of the Asbestos PI Trust Agreement.

**SECTION 3: Delaware Trustee:** To constitute a Delaware statutory trust as required by the Asbestos PI Trust Agreement, the Asbestos PI Trust Agreement designates the [**Trust Co.**] as the Delaware Trustee. The Delaware Trustee shall be a Trustee for the sole and limited purpose of fulfilling the requirements of section 3807 of the Delaware Statutory Trust Act, and shall not be entitled to exercise any prerogatives or powers of, nor have any of the duties and responsibilities of, the Asbestos PI Trustee set forth in the Asbestos PI Trust Agreement, the Plan or these Asbestos PI Trust Bylaws, and the position of Delaware Trustee shall not be counted in the calculation of a quorum or a majority of Asbestos PI Trustee for any purpose.

**SECTION 4: Quorum and Manner of Acting:** A majority of the Asbestos PI Trustee shall constitute a quorum. In the absence of a quorum, the Asbestos PI Trustee present may adjourn

---

[1]   Capitalized terms used herein but not otherwise defined shall have the meaning ascribed to them in the Leslie Controls, Inc. Asbestos Personal Injury Trust Agreement or the Plan of Reorganization of Leslie Controls, Inc. Under Chapter 11 of the Bankruptcy Code (the "Plan"). All capitalized terms not defined therein, but defined in the Bankruptcy Code or Bankruptcy Rules, shall have the meaning ascribed to them by the Bankruptcy Code or Bankruptcy Rules, and such definitions are incorporated herein by reference.

the meeting from time to time until a quorum shall be present. At a meeting at which a quorum is present, the vote of a majority of Asbestos PI Trustee present shall be an act of the Asbestos PI Trustee.

SECTION 5:  **Consultation with Future Claimants' Representative and Asbestos PI Trust Advisory Committee:**  When the Asbestos PI Trustee are required or have the discretion, pursuant to the terms of the Asbestos PI Trust Agreement or these Asbestos PI Trust Bylaws, to consult with the Asbestos PI Trust Advisory Committee or the Future Claimants' Representative, the Asbestos PI Trustee may do so at a regular meeting, special meeting or by written communication, *provided that*: as required by Section 2.2(g) of the Asbestos PI Trust Agreement, the Asbestos PI Trustee shall meet with the Future Claimants' Representative and the Asbestos PI Trust Advisory Committee no less often than quarterly, which shall be at a regular or special meeting of the Asbestos PI Trustee as mutually agreed to by the Asbestos PI Trustee, the Future Claimants' Representative and the Asbestos PI Trust Advisory Committee, to discuss general matters regarding the administration of the Asbestos PI Trust, the review, determination, liquidation, and payment of Asbestos PI Claims, the Asbestos Trust Distribution Procedures, and the condition of the Asbestos PI Trust Assets.

The attendance of at least a majority of the Asbestos PI Trust Advisory Committee at a meeting constitutes the attendance of the Asbestos PI Trust Advisory Committee at that meeting. Each Asbestos PI Trust Advisory Committee member may designate in writing any person to attend and participate on his or her behalf at any meeting at which the attendance of the Asbestos PI Trust Advisory Committee is required or permitted. The Asbestos PI Trustee shall be deemed to have complied with the requirement of Section 2.2(g) of the Asbestos PI Trust Agreement to meet with the Asbestos PI Trust Advisory Committee if each member of the Asbestos PI Trust Advisory Committee has been provided notice of a regular meeting of the Asbestos PI Trustee and the member of the Asbestos PI Trust Advisory Committee does not attend the meeting. The Future Claimants' Representative may designate in writing any person to attend and participate on his or her behalf at any meeting at which the attendance of the Future Claimants' Representative is required or permitted. Electronic transmission (e-mail) to the Asbestos PI Trustee may be used by each Asbestos PI Trust Advisory Committee member and the Future Claimants' Representative for the written designation.

In the event the consent of the Future Claimants' Representative or the Asbestos PI Trust Advisory Committee on any matter is required pursuant to the terms of the Asbestos PI Trust Agreement, the Asbestos PI Trust Distribution Procedures or these Asbestos PI Trust Bylaws, notice of the matter in question shall be provided to the Future Claimants' Representative and the Asbestos PI Trust Advisory Committee and their respective counsel as provided in sections 6.7 and 7.7 of the Asbestos PI Trust Agreement. The consent of a majority of the members of the Asbestos PI Trust Advisory Committee on a matter, whether by actual voting or by the implied consent of a Asbestos PI Trust Advisory Committee member who fails to vote within the time prescribed under the Asbestos PI Trust Agreement, constitutes the consent of the Asbestos PI Trust Advisory Committee on that matter. The Future Claimants' Representative and each Asbestos PI Trust Advisory Committee member may designate in writing any person to vote as his or her proxy on any matter on which the consent of the Asbestos PI Trust Advisory Committee is required or permitted. Electronic transmission (e-mail) to the Asbestos PI Trustee may be used for the written designation.

2

SECTION 6: **Regular Meetings:** Regular meetings of the Asbestos PI Trustee may be held at a time and place as shall from time to time be determined by the Asbestos PI Trustee, provided that the Asbestos PI Trustee shall meet at least once per calendar quarter. For each calendar year, the Asbestos PI Trustee shall schedule the year's regular meetings, and deliver the schedule to those entitled to receive notice, as soon as practicable after the Effective Date or each anniversary of the Effective Date, as the case may be.

Notice of a regular meeting shall be in writing and delivered to the Asbestos PI Trust Advisory Committee and the Future Claimants' Representative as provided by Section 8.5 of the Asbestos PI Trust Agreement. Notice of a regular meeting to any other person entitled to receive notice shall be in writing, addressed to him or her at the place designated by him or her for receipt of notice, or failing a designation, at his or her residence or usual place of business, by (i) U. S. mail, registered or certified, return receipt requested, postage prepaid, at least fifteen days before the date on which the meeting is to be held; (ii) reputable overnight courier, charges prepaid, at least eleven days before the date on which the meeting is to be held; or (iii) hand delivery, facsimile or e-mail transmission by 5:00 p.m. prevailing Eastern time (with a copy of any facsimile or e-mail sent on the same day to the recipient by reputable overnight courier, charges prepaid) at least ten days before the date on which the meeting is to be held. In lieu of the notice to be given as set forth above, a waiver thereof in writing signed by the person entitled to receive the notice, whether signed before or after the meeting, shall be deemed equivalent to adequate notice for purposes of this Section 6. No notice or waiver by any Asbestos PI Trustee, the Future Claimants' Representative, or any member of the Asbestos PI Trust Advisory Committee with respect to any regular meeting shall be required if that person attends the meeting.

SECTION 7: **Special Meetings:** Special meetings of the Asbestos PI Trustee shall be held whenever called by one or more of the Asbestos PI Trustee. Notice of a special meeting shall be in writing and delivered to the Asbestos PI Trust Advisory Committee and the Future Claimants' Representative as provided by Section 8.5 of the Asbestos PI Trust Agreement. Notice of a special meeting to any other person entitled to receive notice shall be in writing, addressed to him or her at the place designated by him or her for receipt of notice, or failing a designation, at his or her residence or usual place of business, by (i) reputable overnight courier, charges prepaid, at least three days before the date on which the meeting is to be held; (ii) hand delivery, facsimile or e-mail transmission by 5:00 p.m. prevailing Eastern time (with a copy of any facsimile or e-mail sent on the same day to the recipient by reputable overnight courier, charges prepaid) at least two days before the day on which the meeting is to be held. The notice shall state the place, date, and hour of the meeting and the purposes for which it is called. In lieu of the notice to be given as set forth above, a waiver thereof in writing signed by the person entitled to receive the notice, whether signed before or after the meeting, shall be deemed equivalent to adequate notice for purposes of this Section 7. No notice or waiver by any Asbestos PI Trustee, the Future Claimants' Representative, or any member of the Asbestos PI Trust Advisory Committee with respect to any special meeting shall be required if that person attends the meeting.

SECTION 8: **Conduct of Business:** To the extent not inconsistent with the terms of the Asbestos PI Trust Agreement, these Asbestos PI Trust Bylaws shall govern the affairs of the Asbestos PI Trust and each Asbestos PI Trustee shall act in accordance with these Asbestos PI

3

Trust Bylaws. In the event of an inconsistency between these Asbestos PI Trust Bylaws and the Asbestos PI Trust Agreement, the Asbestos PI Trust Agreement shall govern.

At meetings of the Asbestos PI Trustee, matters pertaining to the Asbestos PI Trust's purposes shall be considered. At all meetings of the Asbestos PI Trustee, the Managing Trustee (as determined in accordance with Section 1 of Article III of these Bylaws) shall preside as chair, and in the absence of the Managing Trustee, a chair shall be chosen by the Asbestos PI Trustee present. If the Asbestos PI Trustee has appointed a Secretary of the Asbestos PI Trust, the Secretary shall act as secretary of all meetings of the Asbestos PI Trustee. In the absence of a Secretary, the chair may appoint any person to act as secretary of the meeting.

SECTION 9: **Action Without a Meeting:** Any action required or permitted to be taken at any special meeting of the Asbestos PI Trustee may be taken without a meeting if all Asbestos PI Trustee, after notice to the Future Claimants' Representative and the Asbestos PI Trust Advisory Committee where required by the Asbestos PI Trust Agreement, consent thereto in writing, and the writing or writings are filed with the minutes of proceedings of the Asbestos PI Trustee. Electronic transmission (e-mail) may be used by the Asbestos PI Trustee for the notice and consent provided in this Section 9.

SECTION 10: **Participation by Telephone:** The Asbestos PI Trustee at their sole discretion may take any action required or permitted to be taken at any meeting by means of conference by telephone, or similar communication equipment, among all attendees. Any Asbestos PI Trustee, the Future Claimants' Representative and any member of the Asbestos PI Trust Advisory Committee may participate by telephone in any meeting they are required or permitted to attend. Participation in a meeting pursuant to this section shall constitute attendance in person at the meeting.

ARTICLE III

OFFICERS

SECTION 1: **Officers:** The Asbestos PI Trustee shall choose from among themselves a Managing Trustee, who will serve as principal officer of the Asbestos PI Trust. The office of Managing Trustee shall rotate among the three Asbestos PI Trustee, with the Asbestos PI Trustee with the shortest term serving as the initial Managing Trustee, the Asbestos PI Trustee with the second shortest term serving as Managing Trustee upon the expiration of the term of the initial Managing Trustee, and the Asbestos PI Trustee with the longest term serving third. Each Managing Trustee shall serve for a term of one year. Counsel to the Asbestos PI Trust shall serve as Secretary. The Asbestos PI Trust may also appoint other officers as the Asbestos PI Trustee determine in their discretion are advisable or necessary in order to carry out the terms of, or promote the efficient and cost-effective administration of, the Asbestos PI Trust.

SECTION 2: **Election and Term of Office:** Each officer of the Asbestos PI Trust shall hold office until his or her successor shall have been duly chosen and qualified or until the earlier of his or her death, resignation, retirement, or removal.

SECTION 3: **Resignation:** Any Asbestos PI Trust officer may resign from his or her Asbestos PI Trust office at any time by giving written notice to the Asbestos PI Trustee. The resignation

4

of any officer shall take effect upon receipt of notice thereof or at such later time as shall be specified in the notice and unless otherwise specified therein, the acceptance of the resignation shall not be necessary to make it effective.

SECTION 4:  **Powers and Duties:**  The officers of the Asbestos PI Trust shall have the powers and perform the duties as may be conferred upon or assigned to them by the Asbestos PI Trustee.

SECTION 5:  **Managing Trustee:**  Notwithstanding anything contained herein, any person, firm or corporation dealing with the Asbestos PI Trust shall be entitled to rely upon the signature of the Managing Trustee or the Asbestos PI Trustee acting as the Managing Trustee designee, on behalf of the Asbestos PI Trust, to any document or instrument as having been validly authorized by the Asbestos PI Trust.

SECTION 6:  **Agents and Employees:**  In addition to the officers enumerated in Section 1 of this Article III, the Asbestos PI Trust may have other agents and employees as the Asbestos PI Trustee, in their discretion, may deem advisable or necessary to carry out the terms of, or for the efficient and cost-effective administration of, the Asbestos PI Trust, each of whom shall hold his or her position or office for such period, have such authority, and perform such duties as the Asbestos PI Trustee may from time to time determine.  The Asbestos PI Trustee may delegate to any officer the power to appoint and to remove any agents or employees.

ARTICLE IV

AMENDMENTS

SECTION 1:  **Amendments:**  These Asbestos PI Trust Bylaws of the Asbestos PI Trust may be amended by the Asbestos PI Trustee at any meeting of the Asbestos PI Trustee, provided that notice of the proposed amendment is contained in the notice of the meeting, and with notice to and consent of the Asbestos PI Trust Advisory Committee and Future Claimants' Representative.

ARTICLE V

EFFECTIVENESS

SECTION 1:  **Effectiveness:**  These Bylaws shall become effective on the Effective Date of the Plan.

*[Remainder of Page Intentionally Left Blank]*

46392/0001-6864583v1