UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In Re:

LESLIE CONTROLS, INC.                    Case No. 10-1219

    Debtor.
_____/

**THE STATE OF MICHIGAN DEPARTMENT OF TREASURY'S OBJECTION TO FIRST AMENDED PLAN OF REORGANIZATION OF LESLIE CONTROLS, INC. UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

    **NOW COMES** the State of Michigan, Department of Treasury (hereinafter "Treasury") by and through its attorneys, Michael A. Cox, Attorney General and Heather L. Donald, Assistant Attorney General and object to Debtor's First Amended Plan of Reorganization as follows:

    1.    The debtor filed its Petition for Reorganization under Chapter 11 of the Bankruptcy Code on July 12, 2010.

    2.    The business activities of the debtor resulted in liabilities to Treasury for Michigan Business taxes and Michigan Sales taxes pursuant to 2007 PA 36 and 1933 PA 167 respectively.

    3.    On August 11, 2010, Treasury timely filed a priority tax claim against the Debtor in the amount of $10.961.99

    4.    On August 11, 2010, Treasury timely filed a general unsecured tax claim against the Debtor in the amount of $1,900.00.

    5.    To the extent any provision of Article XI of the proposed plan, is an attempt to limit or enjoin the collection of tax debts due Treasury from non-debtors, that provision violates the Tax Injunction Act, 28 USCS 1341, which provides:

> The District Court shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under state law here a plain, speedy and effective remedy may be had in the courts of such state.

Michigan law provides remedies found to be "plain, speedy and efficient." See *Kistner v Milliken*, 432 F. Supp. 1001 (ED Mich 1977).

6. The proposed plan fails to comply with 11 USC 1123(a)(5)(G) which requires that a plan "provide adequate means for the plan's implementation" including "curing or waiving of any defaults;" the plan fails to specify the remedies available to priority and general unsecured tax creditors in the event of a default by the debtor in the payment of such obligations. Treasury suggest the following language:

> "Upon the failure of the Debtor to make any payments due on a priority tax claim that is not cured within 30 days of a written notice of default by the Creditor, such Creditor may exercise all rights and remedies available under non-bankruptcy laws for the collection of its entire claim and /or seek appropriate relief in this Court."

7. The Plan fails to provide for interest to be paid on tax claims. Pursuant to 11 USC 1129(a)(9)(C) interest on priority tax claims must be paid at a rate determined by "the prevailing market rate for a loan of a term equal to the payout period, with due consideration of the quality of the security and the risk of subsequent default." See *In re Camino Real Landscape Maintenance Contractors*, 818 F2d 1503 (9th Cir. 1987). Treasury's current interest rate for bankruptcy tax claims is 4.25%.

**WHEREFORE**, it is prayed that confirmation of the Debtor's First Amended Plan of Reorganization be denied and that the State of Michigan, Department of Treasury, be granted such relief as just and proper.

Respectfully submitted,

Michael A. Cox
Attorney General

*/s/ Heather L. Donald*
Heather L. Donald (P57351)
Assistant Attorney General
3030 W. Grand Blvd
Ste 10-200
Detroit, MI 48202
Telephone: (313) 456-0140

Dated: September 24, 2010