IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

```
------------------------------------X
                                    :
In re:                              :   Chapter 11
                                    :
                                    :   Case No. 10-12199 (CSS)
LESLIE CONTROLS, INC., et al.,      :
                                    :
        Debtors.                    :
                                    :   (Jointly Administered)
                                    :
                                    :   Hearing: 10/12/10 at 11:00 a.m.
                                    :   Objections due: 9/27/10 at 4:00 p.m.
                                    :
                                    :
                                    :
                                    :
------------------------------------X
```

**OBJECTIONS OF THE UNITED STATES DEPARTMENT OF DEFENSE TO THE DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION**

The United States of America, on behalf of its Department of Defense ("DOD"), through undersigned counsel, objects to the First Amended Plan of Reorganization of Leslie Controls, Inc. Under Chapter 11 of the Bankruptcy Code ("Plan"). The objections stated herein are based upon the best information available to date. In support of its objections, DOD avers as follows:

1. On July 12, 2010, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2. On July 12, 2010, the Debtor filed the original Plan of Reorganization. The Plan was filed on August 20, 2010.

3. DOD records indicate that the Debtor is a party to at least two hundred contracts with DOD's Department of Navy ("Navy

contracts"). DOD has not yet determined what claims, if any, it will file in this case.

4. DOD objects to the definitions of "Allowed" and "Allowed Amount" in Article I, Sections 1.6 and 1.7, respectively. In the definition of "Allowed" the Debtor sets up an elaborate scheme that permits the Debtor, without filing a claim objection, to treat claims as disallowed until the expiration of the period fixed for filing objections to the allowance or disallowance of Claims. Article VIII, Section 8.2, provides that the Debtor has at least a year from the Effective Date to object to Claims. Moreover, the "Allowed Amount" of any Claim, excluding Asbestos PI Claims, is defined in pertinent part as the lesser of: (a) the dollar amount of such Claim as Allowed; (b) the estimated amount of such Claim; and (c) the dollar amount agreed to by Leslie. DOD objects to these provisions to the extent the Plan violates 11 U.S.C. Section 502(a).

5. DOD objects to the provisions in Article VI, Section 6.3 and the other interest provisions scattered throughout the Plan which eliminate the requirements that the Debtor pay interest on Claims which are otherwise legally entitled to interest payments.

6. DOD objects to the treatment of Allowed Administrative Expense Claims in Article II, Section 2.1 of the Plan. Section 2.1 provides, in pertinent part, that an Allowed Administrative Expense Claim, except to the extent a claim holder agrees to

different treatment, shall be paid in full and in cash on, or as soon thereafter as is reasonably practicable, on the latest of: (a) the Effective Date; (b) the first Business Day after the date that is thirty (30) calendar days after the date the Administrative Expense becomes an Allowed Administrative Expense Claim; and (c) the date the Allowed Administrative Expense Claim becomes due and payable according to its terms. When read in conjunction with the definition in the Plan of an Allowed Claim, the Debtor could theoretically withhold payment and refuse to pay interest on a perfectly valid administrative expense claim for more than a year. DOD objects to the Plan to the extent any administrative expense claim it may have against the Debtor is not paid in full in cash on the Effective Date.

7. DOD objects to the provisions in Article X, Section 10.5 of the Plan to the extent that the automatic stay injunctions are extended beyond the Confirmation Date in violation of 11 U.S.C. Sections 362 and 1141.

8. DOD objects to any bar date for any DOD claim being set prior to 180 days after the petition date.

9. DOD objects to the notice procedures with respect to executory contracts and unexpired leases set forth in Article VII of the Plan. The procedures do not provide DOD with adequate time to protect its interests in the various Department of Navy contracts.

10. DOD objects to the provisions in Article VII of the Plan.  Article VII, Section 7.1 provides in pertinent part that the Confirmation Order shall constitute an order of the Bankruptcy Court approving such: (a) rejection; (b) assumptions; or (c) assumptions and assignments, as the case may be, pursuant to sections 365 and 1123 of the Bankruptcy Code as of the Effective Date.  DOD objects to the assumption of any of its contracts to the extent the Debtor fails to comply with all applicable federal law.  Additionally, although the Plan does not specifically provide for the assignment of any government contracts, the DOD objects to any assignment of any of its interests.  The Debtor is not entitled to assume and assign any contract with the United States without its consent.  In re West Electronic, Inc., 852 F.2d 79, 83 (3d Cir. 1988); Anti-Assignment Act 41 U.S.C. Section 15.  It is imperative to preserve the Government's ability to determine with whom to contract.  The same is true of the Government's ability to issue licenses and permits.  Federal regulations make it clear that the decision to assign instruments such as licenses and permits to the successful bidder is not one that the Debtor may make.  For example, non-bankruptcy law, 47 U.S.C. § 310(d), requires the FCC's approval of the transfer of licenses under its jurisdiction.  Section 363 of the Bankruptcy Code, 11 U.S.C. § 363, upon which the Sale Motion primarily relies, does not preempt non-bankruptcy law in

this regard. To the contrary, various authorities subject debtors to non-bankruptcy regulation while they continue to operate. See, e.g., 11 U.S.C. § 362(b)(4), 28 U.S.C. § 959(b); see also LaRose v. FCC, 494 F.2d 1145 (D.C. Cir. 1974) (bankruptcy court's approval of license transfer was subject to FCC independently applying separate public interest standards for approvals under the Communications Act).

11. DOD expressly reserves the right to object to any proposed assumption or assignment of any federal interest on any grounds.

12. DOD objects to the discharge provisions set forth in Article XI of the Plan. Pursuant to 11 U.S.C. Section 1141, DOD objects to the discharge of any debt arising after the Confirmation Date. DOD also objects to the injunction against setoff and recoupment in Section 11.2 of the Plan. Confirmation of a plan does not extinguish setoff claims when they are timely asserted. United States v. Continental Airlines (In re Continental Airlines), 134 F.3d 536, 542 (3d Cir. 1998), cert. denied, 525 U.S. 929 (1998). Like other creditors, the United States has the common law right to setoff mutual debts. "The government has the same right which belongs to every creditor, to apply the unappropriated moneys of his debtor, in his hands, in extinguishment of the debts due to him." United States v. Munsey Trust Co. of Washington, D.C., 332 U.S. 234 (1947) (citing

Gratiot v. United States, 40 U.S. (15 Pet) 336, 370, 10 L.Ed. 759 (1841)); see also Amoco Prod. Co. v. Fry, 118 F.3d 812, 817 (D.C. Cir. 1997). This right - "which is inherent in the federal government - is broad and 'exists independent of any statutory grant of authority to the executive branch.'" Marre v. United States, 117 F.3d 297, 302 (5th Cir. 1997) (quoting United States v. Tafoya, 803 F.2d 140 (5th Cir. 1986)). Hence, the United States can setoff mutual prepetition debts and claims as well as postpetition debts and claims. Zions First Nat'l Bank, N.A. v. Christiansen Bros. (In re Davidson Lumber Sales, Inc.), 66 F.3d 1560, 1569 (10th Cir. 1995); Palm Beach County Bd. Of Pub. Instruction (In re Alfar Dairy, Inc.), 458 F.2d 1258, 1262 (5th Cir.), cert. denied, 409 U.S. 1048 (1972); Mohawk Indus., Inc. v. United States (In re Mohawk Indus., Inc.), 82 B.R. 174, 178-79 (Bankr. D. Mass. 1987). The Plan makes no provision for these rights. Such treatment is impermissible, because Section 553 of the Bankruptcy Code preserves the right of setoff in bankruptcy as it exists outside bankruptcy, Citizens Bank of Maryland v. Strumpf, 516 U.S. 16, 18 (1995), neither expanding nor constricting it, United States v. Maxwell, 157 F.3d 1099, 1102 (7th Cir. 1998). "[T]he government of the United States suffers no special handicap under § 553 of the Bankruptcy Code," id. at 1103, that alters this principle. Moreover, because "[s]etoff occupie[s] a favored position in our history of jurisprudence,"

Bohack Corp. v. Borden, Inc., 599 F.2d 1160, 1164 (2d Cir. 1979), courts do not interfere with its exercise absent "the most compelling circumstances." Niagra Mohawk Power Corp. v. Utica Floor Maintenance, Inc. (In re Utica Floor Maintenance, Inc.), 41 B.R. 941, 944 (N.D.N.Y. 1984); see also New Jersey Nat'l Bank v. Gutterman (In re Applied Logic Corp.), 576 F.2d 952 (2d Cir. 1978) ("The rule allowing setoff ... is not one that courts are free to ignore when they think application would be unjust."). Compelling circumstances generally entail criminal conduct or fraud by the creditor. In re Whimsy, Inc., 221 B.R. 69 (S.D.N.Y. 1998). No such compelling circumstances are present here, and accordingly, the Plan must provide for and preserve the government's setoff rights. Failure to do so violates section 1129(a)(1). ("The court shall confirm a plan only if ... the plan complies with the applicable provisions of this title".)

13. DOD objects to the notification procedures set forth in Article XIV, Section 14.3 of the Plan because such procedures are not likely to be consistent with the terms of the Navy contracts.

14. DOD objects to the Plan as infeasible as proposed.

WHEREFORE, the United States requests that the Court deny confirmation of the Plan and grant such other and further relief as the Court deems necessary and just.

Dated: September 27, 2010

        Respectfully submitted,

        David Weiss
        United States Attorney

        /s/ Ellen W. Slights
        ELLEN W. SLIGHTS
        Assistant United States Attorney
        Delaware State Bar No. 2782

        Attorneys for the United States

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| LESLIE CONTROLS, INC., et al., | : | Case No. 10-12199 (CSS) |
| | : | |
| | : | Hearing Date: October 12, 2010, at 11:00 AM |
| Debtors. | : | Objections Due: September 27, 2010 at 4:00 PM |

## AFFIDAVIT OF SERVICE

I, Maureen R. Davis, an employee in the Office of the United States Attorney for the District of Delaware, hereby attest under penalty of perjury that on **September 27, 2010**, a copy of the **OBJECTION OF THE UNITED STATES DEPARTMENT OF DEFENSE TO THE DEBTORS' FIRST AMENDED PLAN OF REORGANIZATION** was served, as indicated, upon:

**Norman L. Pernick, Esq.**
**Marion M. Quirk, Esq.**
Cole, Schotz, Meisel, Forman
 & Leonard, P.A.
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
**via facsimile (302) 652-3117**

**David Klauder, Esq.**
Office of the United States Trustee
844 King Street
Suite 2207
Wilmington, DE 19801
**via facsimile (302) 573-6497**

**Natalie Ramsey, Esq.**
Montgomery, McCracken, Walker
& Rhoads LLP
1105 N. Market Street, 15th Floor
Wilmington, DE 19801
**via facsimile (302) 504-7820**

| | |
|---|---|
| **Edwin J. Harron, Esq.**<br>Young Conaway Stargatt & Taylor, LLP<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, DE 19801<br>**via facsimile (302) 576-3298** | **William R. Hanlon, Esq.**<br>**Richard M. Wyner, Esq.**<br>Goodwin Procter LLP<br>901 New York Avenue, N.W.<br>Washington, DC 20001<br>**via facsimile (202) 346-4444** |

/s/Maureen R. Davis
Legal Assistant