## **<u>EXHIBIT A</u>**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| LESLIE CONTROLS, INC., | Case No. 10-12199 (CSS) |
| Debtor.[1] | |

NOTICE OF (I) ENTRY OF ORDER CONFIRMING FIRST AMENDED PLAN OF REORGANIZATION OF LESLIE CONTROLS, INC. UNDER CHAPTER 11 OF THE BANKRUPTCY CODE, (II) EFFECTIVE DATE OF FIRST AMENDED PLAN AND (III) BAR DATES FOR FILING ADMINISTRATIVE EXPENSE CLAIMS AND CONTRACT REJECTION DAMAGES CLAIMS

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

    1.    **Confirmation of Plan.** On _____, 2010, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order (the "Confirmation Order") confirming the First Amended Plan of Reorganization of Leslie Controls, Inc. Under Chapter 11 of the Bankruptcy Code, dated as of August 20, 2010 (as amended or modified, the "Plan") in the Chapter 11 case of the above-captioned debtor and debtor-in-possession (the "Debtor"). Unless otherwise defined herein, capitalized terms used in this Notice shall have the meanings ascribed to them in the Plan.

    2.    **Effective Date.** On_____, 2010, Plan became effective in accordance with its terms as set forth in Section 12.2 of the Plan (the "Effective Date").

    3.    **Bar Date for Administrative Expense Claims.** All Administrative Expense Requests must be made by application filed with the Bankruptcy Court and served on counsel for the Debtor no later than _____, 201_ which shall be sixty (60) days after the Effective Date. In the event that the Debtor or Reorganized Leslie objects to an Administrative Expense Claim, the Bankruptcy Court shall determine the Allowed amount of such Administrative Expense Claim. Notwithstanding the foregoing, (a) no application seeking payment of an Administrative Expense Claim need be filed with respect to an undisputed post-petition obligation which was paid or is payable by the Debtor in the ordinary course of business; provided, however, that in no event shall a post-petition obligation that is contingent or disputed and subject to liquidation through pending or prospective litigation, including, but not limited to, obligations arising from personal injury, property damage, products liability, consumer complaints, employment law (excluding claims arising under workers' compensation law), secondary payor liability, or any other disputed legal or equitable claim based on tort, statute, contract, equity, or common law, be considered to be an obligation which is payable in the ordinary course of business; and (b) no application seeking payment of an Administrative Expense Claim need be filed with respect to Cure owing under an executory contract or unexpired lease if the amount of Cure is fixed by order of the Bankruptcy Court.

    4.    **Professional Fee Claims.** All entities seeking awards by the Bankruptcy Court of compensation for services rendered or reimbursement of expenses incurred through and including the Effective Date under sections 330 or 503 of the Bankruptcy Code (the "Professional Fee Claims") shall file no later than _____, 201_, which shall be sixty days (60) days after the Effective Date, their respective applications for final allowance of compensation for services rendered and reimbursement of expenses incurred.

    5.    **Cure of Defaults.** Except to the extent that different treatment has been agreed to by the non-Debtor party or parties to any Executory Contract to be assumed (including any Executory Contract to be

---

[1] The last four digits of the Debtor's federal tax identification number are 3780.

assumed and assigned) pursuant to Section 7.1 of the Plan, Reorganized Leslie shall, pursuant to the provisions of sections 1123(a)(5)(G) and 1123(b)(2) of the Bankruptcy Code and consistent with the requirements of section 365 of the Bankruptcy Code, satisfy any monetary amounts by Cure. If there is a dispute regarding (a) the nature or amount of any Cure, (b) the ability of Reorganized Leslie to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the Executory Contract to be assumed, or (c) any other matter pertaining to assumption, Cure shall occur following the entry of a Final Order by the Bankruptcy Court resolving the dispute and approving the assumption or assumption and assignment, as the case may be; provided, however, that the Debtor or Reorganized Leslie, as applicable, shall be authorized to reject any Executory Contract to be deemed effective as of the day before the Effective Date, to the extent the Debtor or Reorganized Leslie, in the exercise of their sound business judgment, conclude that the amount of the Cure obligation as determined by such Final Order, renders the assumption of such Executory Contract unfavorable to the Debtor or Reorganized Leslie.

6. **Bar Date for Contract Rejection Damages Claims.** In the event that the rejection of an Executory Contract by the Debtor pursuant to the Plan results in damages to the non-Debtor party or parties to such Executory Contract, a claim for such damages, if not heretofore evidenced by a filed proof of claim, shall be forever barred and shall not be enforceable against the Debtor, or against Reorganized Leslie after the Effective Date, or its properties or interests in property, unless a Proof of Claim with respect to such damages is filed with the Bankruptcy Court and served upon counsel for the Debtor on or before (i) if such Executory Contract is rejected pursuant to Sections 7.1 and 7.2 of the Plan, the later of: (a) thirty (30) days after entry of this Confirmation Order, and (b) thirty (30) days after the non-Debtor party receives notice of the rejection of such Executory Contract pursuant to Section 7.2 of the Plan; and (ii) if such Executory Contract is rejected pursuant to a Final Order of the Bankruptcy Court granting a motion filed by the Debtor to reject that executory contract, thirty (30) days after entry of such order.

7. **Copies of the Confirmation Order and Plan.** Copies of the Confirmation Order and Plan may be obtained (i) by request to the Debtor's counsel (a) via e-mail at svandyk@coleschotz.com; (b) via mail at 500 Delaware Avenue, Suite 1410, Wilmington, DE 19801; (c) via telephone at (302) 652-3131; or (d) via facsimile at (302) 652-3117 or (ii) by request to the Debtor's claims, noticing, and balloting agent, Epiq Bankruptcy Solutions, LLC (a) via e-mail at processing@epiqsystems.com; or (b) via telephone at (646) 282-2400. In addition, copies of the Confirmation Order and Plan may be viewed and downloaded, free of charge, at the following website: http://dm.epiq11.com/lesliecontrols. To access documents on the Court's website http://www.deb.uscourts.gov, you will need a PACER password and login, which can be obtained at http://www.pacer.psc.uscourts.gov.

Dated: _____ ___, 2010                BY ORDER OF THE COURT

**COLE, SCHOTZ, MEISEL,**
**FORMAN & LEONARD, P.A.**
Norman L. Pernick (No. 2290)
Marion M. Quirk (No. 4136)
Sanjay Bhatnagar (No. 4829)
500 Delaware Avenue
Suite 1410
Wilmington, DE 19801
Telephone: 302-652-3131
Facsimile: 302-652-3117

-and-

G. David Dean
300 East Lombard Street, Suite 2000
Baltimore, MD 21202
Telephone: (410) 230-0660
Facsimile: (410) 230-0667

Counsel for Debtor and
Debtor-in-Possession

2